IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>                      Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>                      Defendants. | Civil Action No. 6:20-cv-00505-ADA<br><br>**JURY TRIAL DEMANDED** |

**APPLE INC.'S OPPOSED MOTION TO STAY PENDING TRANSFER**

Defendant Apple Inc. ("Defendant") respectfully moves for a stay pending decision on the motion to transfer (Dkt. No. 27). A stay will promote judicial economy, allowing the Court to decide all issues of transfer before spending resources on proceedings that may have to be redone in the Northern District of California. And Plaintiff Neonode Smartphone LLC ("Neonode") will suffer no prejudice as it waited years to file this lawsuit. With the *Markman* hearing over five months away, and appellate guidance regarding measures that parties should take to prioritize transfer, this case should be stayed.

**I.     BACKGROUND**

Neonode filed this patent infringement lawsuit on June 8, 2020, alleging Apple infringes two patents-in-suit. Compl., Dkt. No. 1, ¶¶ 2-3. Neonode alleges that Apple makes, uses, sells and/or offers for sale certain versions of the iPhone, iPad, and Apple Watch which support certain allegedly infringing features. *Id*. at ¶¶ 38, 43, 49, 55, 70, 77, and 93. Specifically, Neonode alleges that the Apple Control Bar and Swipe to Open features, as well as Apple and third party swipe keyboard applications (e.g., Quickpath, Gboard, and Swype) infringe the patents. *Id*.

1

Apple answered Neonode's Complaint on September 4, 2020. Dkt. 14. The parties filed their notice of readiness on October 23, 2020 and Court conducted the Case Management Conference on October 23, 2020. Dkt. 21, 22. At that time, the Court set the *Markman* hearing in this case for April 8, 2021, over five months away. Dkt. 23. The parties have not yet entered a proposed schedule in this case, and the deadline to do so is not until November 6, 2020. The parties have not conducted any discovery, nor exchanged any terms for construction.

## II.     THE CASE SHOULD BE STAYED PENDING A DECISION ON TRANSFER

### A.     The Court Has Inherent Authority to Stay this Case

"The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

The Federal Circuit, Fifth Circuit and District Courts have recognized the importance of staying cases during the pendency of transfer motions as a means of upholding 28 U.S.C. § 1404(a)'s intent to "prevent the waste 'of time, energy, and money' and protect litigants, witnesses and the public against unnecessary inconvenience and expense…" *In re Google Inc.*, 2015 WL 5294800 at *1-2 (Fed. Cir. 2015) (nonprecedential) (granting mandamus and directing district court to rule on defendant's motion to transfer within 30 days and to stay all proceedings pending completion of transfer matter); *see also In re Nintendo Co.*, 544 F. App'x 934, 941 (Fed. Cir. 2013) (nonprecedential) (noting "a trial court must first address whether it is a proper and convenient venue before addressing any substantive portion of this case"); *see also Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1291 (5th Cir. 1994) (holding a stay of "merits-related discovery [was appropriate] pending ruling on a motion for change of venue."); *DSS Tech., Mgmt. Inc., v. Apple Inc.*, No. 6:13-cv-919, Dkt. No. 83 (E.D. Tex. Oct. 28, 2014); *see also Klein v. Silversea Cruises, Ltd.*, No. 3:14-cv-2699-G-BN, 2014 WL 7174299 (N.D. Tex. Dec. 16, 2014) (granting motion to stay pending resolution of defendant's motion to transfer venue).

Indeed, the Federal Circuit and Fifth Circuit have instructed District Courts and the parties to prioritize transfer motions before other substantive issues. *See In re Horseshoe Entm't,* 337 F.3d 429, 433 (5th Cir. 2003) ("[I]n our view disposition of that [transfer] motion should have taken a top priority in the handling of this case by the … District Court."); *In re Apple Inc.*, 456 F.App'x 907, 908 (Fed. Cir. 2012) (holding Apple should have employed a "strategy to pressure the district court to act" to have the motion for transfer handled at the outset of litigation); *In re VTech Commc'ns, Inc.*, Misc. No. 909, 2020 WL 46332, at *1 (Fed. Cir. Jan. 6, 2010) (faulting VTech for not "actively and promptly" pursuing its motion to transfer before the District Court invested time on discovery and claim construction). In *In re Fusion-IO,* the Federal Circuit explained that in the context of a venue transfer motion, it "fully expect[ed]" the moving defendant to file "a motion to stay proceedings pending disposition of the transfer motion" and the district court "to act on those motions before proceeding to any motion on the merits of the action." 489 F. App'x 465, 466 (Fed. Cir. 2012) (nonprecedential).

### B. All Relevant Factors Favor a Stay Pending a Decision on Transfer

In this District, courts typically consider three factors in determining whether a stay is warranted: (1) any potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources saved by avoiding duplicative litigation. *YETI Coolers, LLC v. Home Depot U.S.A., Inc.*, 2018 WL 2122868, at *1 (W.D. Tex. Jan. 8, 2018). Here, all three factors favor a stay.

#### 1. Factor One: A Stay Will Not Prejudice Neonode

Plaintiff Neonode will not suffer any prejudice if the case is stayed. First, Defendant is seeking a stay of a limited duration, only until the Court rules on the motion to transfer. Neonode cannot claim prejudice, as it waited six years to file suit on the '879 patent and nearly three years to file suit on the '993 patent. *See NFC Tech. LLC v. HTC Am., Inc.*, 2015 WL 1069111, at *2

(E.D. Tex. Mar. 11, 2015) (explaining inherent delay associated with a stay, standing alone, does not establish undue prejudice); *see also Klein*, Civ. No. 3:14-cv-2699-G-BN, Dkt. 25 at 3 (citing *Enplanar*, 11 F.3d at 1291) (explaining plaintiff could not show it would be prejudiced by a limited stay pending resolution of a motion to transfer because there was little risk of loss of documents or unavailability of witnesses). Second, a patentee that can "be adequately compensated through a damages remedy" cannot show undue prejudice from a stay. *See NFC Tech.*, 2015 WL 1069111, at *5 (citing *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1318 (Fed. Cir. 2014)). And prejudgment interest can be awarded to compensate for any delay in the payment of alleged damages. *See Raytheon Co. v. Samsung Elecs. Co.*, 2016 WL 11639659, at *1 (E.D. Tex. Feb. 22, 2016).

### 2. Factor Two: Defendant will Suffer Hardship Absent a Stay

Moving forward now with invalidity contentions and claim construction in this case risks a waste of judicial and party resources that the Federal Circuit warned against in *In re Google*. *In re Google Inc.*, 2015 WL 5294800 at *1-2. Indeed, if this case is transferred to N.D. Cal., that court has its own local rules and *Markman* procedures that differ from those employed by this Court. In addition, the transferee court may wish to conduct its own analysis and hearing, thus causing additional burden and expense. Conversely, staying the case would eliminate any risk of undue hardship.

### 3. Factor Three: A Stay Will Conserve Judicial Resources

A stay pending a decision on the motions to transfer will conserve judicial resources as it eliminates the risk that *Markman* proceedings will be conducted twice in two different courts with different governing local rules. A stay also will alleviate the burden on this Court to decide transfer issues in the time available before the scheduled *Markman* hearing.

**III.     CONCLUSION**

Allowing this case to proceed through substantive proceedings such as invalidity contentions and claim construction before ruling on Apple's motion to transfer would be contrary to the Federal Circuit and Fifth Circuit's guidance to prioritize motion to transfer.  Conversely, entering a stay will conserve judicial resources and permit the Court more time to evaluate and decide Defendant's motion.  Therefore, this case should be stayed so transfer can be decided before other substantive issues are addressed.

Date:  November 5, 2020

Respectfully submitted,

FISH & RICHARDSON P.C.

By:   */s/ Betty H. Chen*
    Benjamin C. Elacqua
    Texas Bar Number 24055443
    elacqua@fr.com
    Kathryn A. Quisenberry
    Texas Bar Number 24105639
    quisenberry@fr.com
    FISH & RICHARDSON P.C.
    1221 McKinney Street, Suite 2800
    Houston, TX 77010
    Telephone: 713-654-5300
    Facsimile: 713-652-0109

    Betty H. Chen
    Texas Bar Number 24056720
    bchen@fr.com
    FISH & RICHARDSON P.C.
    500 Arguello Street, Suite 500
    Redwood City, CA 94063
    Telephone: 650-839-5070
    Facsimile: 650-839-5071

    **COUNSEL FOR DEFENDANT APPLE INC.**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on November 5, 2020 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(b)(1).

    */s/ Betty H. Chen*
    Betty H. Chen