NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**In re: APPLE INC.,**
*Petitioner*

2021-181

On Petition for Writ of Mandamus to the United States District Court for the Western District of Texas in No. 6:20-cv-00505-ADA, Judge Alan D. Albright.

**ON PETITION**

Before DYK, PROST, and HUGHES, *Circuit Judges.*

PER CURIAM.

**O R D E R**

Apple Inc. petitions for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer its case to the United States District Court for the Northern District of California. Because the district court's refusal to transfer amounted to a clear abuse of discretion, we grant mandamus directing transfer.

I

In June 2020, Neonode Smartphone LLC filed suit in the Waco Division of the Western District of Texas, accusing Apple's iPhone and iPad products of infringing two patents concerning the user interface of a mobile handheld computer.

Apple moved to transfer the case to the Northern District of California pursuant to 28 U.S.C. § 1404(a). According to Apple, that district was a clearly more convenient forum than the Western District of Texas because nearly all of Apple's knowledgeable employees and relevant evidence are located in the Northern District of California, the events giving rise to this action took place there, and two key third parties identified in the complaint—Google LLC and Nuance Communications, Inc.—also reside there. By contrast, Apple emphasized that there are no significant ties between this action and the Western District of Texas. Apple asserted that its Austin-based employees have no unique knowledge about the accused products and do not hold the requisite credentials to access the secure servers hosting some of its relevant evidence. Apple further pointed out that Neonode is a recently-incorporated non-practicing entity headquartered in Wyoming, with no offices or employees in Texas.

After analyzing the set of public and private interest factors that traditionally govern transfer determinations in the Fifth Circuit,[1] the district court denied Apple's transfer

---

[1] The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having disputes regarding activities occurring principally within a particular district decided in that forum; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary

motion, finding that these factors did not favor transfer to the Northern District of California. In particular, the court found that the local interest factor slightly favored transfer. But it decided that the court congestion factor weighed heavily against transfer because the district court could adjudicate the case faster than the Northern District of California. It likewise concluded that the practical problems factor weighed heavily against transfer in light of Neonode's co-pending suit accusing Samsung Electronics Co. Ltd. of infringing the same asserted patents. The court found that the five remaining factors were neutral. On balance, the court concluded that Apple had failed to show that the transferee venue was clearly more convenient.

Apple then filed this petition. We have jurisdiction under 28 U.S.C. §§ 1651 and 1295.

II

Under the well-established standard for obtaining mandamus relief, a petitioner must: (1) demonstrate that it has a clear and indisputable right to issuance, (2) show that it has no other adequate method of attaining the desired relief, and (3) convince the court that the writ is "appropriate under the circumstances." *Cheney v. U.S. Dist. Ct.*, 542 U.S. 367, 380–81 (2004). "In the § 1404(a) transfer

---

problems of conflict of laws or in the application of foreign law." *In re Juniper Networks, Inc.*, 14 F.4th 1313, 1317 (Fed. Cir. 2021).

The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of non-party witnesses whose attendance may need to be compelled by court order; (3) the relative convenience of the two forums for potential witnesses; and (4) all other practical problems that make the trial of a case easy, expeditious, and inexpensive." *Id.* at 1316–17.

context, however, the test for mandamus essentially reduces to the first factor . . . ." *In re Apple Inc.*, 979 F.3d 1332, 1336–37 (Fed. Cir. 2020). Thus, the issue here is whether Apple has shown a clear and indisputable right to issuance of the writ.

A motion to transfer venue should be granted if the defendant demonstrates that the transferee venue "is clearly more convenient" than the venue chosen by the plaintiff. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008) (en banc). In assessing whether a defendant has met this burden, the court weighs the public and private interest factors to compare the relative convenience between the venues. *See In re Juniper Networks, Inc.*, 14 F.4th 1313, 1316–17 (Fed. Cir. 2021). We review transfer determinations in cases arising on mandamus from district courts in the Fifth Circuit for "a 'clear' abuse of discretion such that refusing transfer produced a 'patently erroneous result.'" *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008) (quoting *Volkswagen*, 545 F.3d at 310). Here, we conclude that the district court clearly abused its discretion in finding that Apple failed to make the requisite showing to call for transfer of this case to the Northern District of California.

First, the district court should have weighed the sources of proof factor in favor of transfer. "What matters" under this factor "is the relative access to sources of evidence in the two competing forums"—here, the Western District of Texas and the Northern District of California. *Juniper*, 14 F.4th at 1321. Apple's sworn declaration and deposition testimony make clear that essentially all of its source code and documentary evidence relevant to this action are maintained in the Northern District of California. And neither Neonode nor the district court disputed Apple's evidence or otherwise identified sources of proof more readily available in the Western District of Texas. In fact, the district court did not identify any sources of proof located in the Western District of Texas.

The district court provided no sound basis for disregarding the Northern District of California as a convenient forum with respect to sources of proof. *See In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (concluding that the sources of proof factor weighs in favor of transfer when all of the documents and physical evidence are located in the transferee forum). The court instead "stressed that the focus on physical location of electronic documents is out of touch with modern patent litigation." Appx4. And it faulted Apple for failing to "show that the 'proper credentials' have not been or cannot be given to Apple employees in Austin, Texas for the purpose of this litigation or in general." Appx5. The court further suggested that Apple's cooperation in discovery represents the kind of "need-to-know" basis for giving Apple's Austin employees the proper credentials, so that the electronic information stored in the Northern District of California can be accessed in the Western District of Texas. Appx5. But that was error. The district court should have compared the ease of access in the Western District of Texas *relative* to the ease of access in the Northern District of California. *Juniper*, 14 F.4th at 1321. Under the proper analysis, we conclude that the sources of proof factor favors transfer.

Second, the district court should have weighed the compulsory process factor in favor of transfer. "The venue's ability to compel testimony through subpoena power is . . . an important factor in the § 1404(a) calculus," *In re Acer Am. Corp.*, 626 F.3d 1252, 1255 (Fed. Cir. 2010), that "will weigh heavily in favor of transfer when more third-party witnesses reside within the transferee venue than reside in the transferor venue." *In re Apple, Inc.*, 581 F. App'x 886, 889 (Fed. Cir. 2014). Here, the district failed to accord significance to the relative strength of the Northern District of California's compulsory process powers. Neither party identifies potential third-party witnesses residing in the transferor forum, but Apple identified Google and Nuance as key third-party witnesses subject to the subpoena

powers of the transferee forum. And it pointed to Neonode's complaint in support of both entities' relevance to this suit. The complaint specifically identified two third-party software applications, developed by Google and Nuance, as a basis for its infringement allegations against Apple. It is also undisputed that both Google and Nuance have offices and employees that are subject to the subpoena powers of the Northern District of California.

The district court erroneously discounted those third parties when it faulted Apple for not identifying any specific employees of those entities. In *In re HP Inc.*, 826 F. App'x 899 (Fed. Cir. 2020), we said that there was "no basis to discount" third-party entities that the district court itself had recognized as having pertinent information in the transferee venue "just because individual employees were not identified." *Id.* at 903. Here, there similarly is no reason to doubt that employees of Google and Nuance in the Northern District of California have relevant and material information as both Neonode and Apple have alleged. The fact that the plaintiff here elected to file its suit outside of the venue where the third parties are located does not negate the benefit of transferring to a forum that has the ability to compel their testimony. *See TS Tech*, 551 F.3d at 1320 ("Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis."). Because there are potential third-party witnesses subject to the subpoena powers of the Northern District of California but not the Western District of Texas, we conclude that the compulsory process factor weighs strongly in favor of transfer.

Third, the district court should have weighed the relative convenience of the two competing forums for potential witnesses strongly in favor of transfer. Apple identified eight employees who reside in the Northern District of California and are likely to testify given their knowledge of the "research, design, and development," "marketing, licensing, and financial records," and "sales and financial

information" of the accused features. Appx96, 99–101. It is also undisputed that Google and Nuance are two third-party entities in the Northern District of California that are likely materially relevant to Neonode's infringement suit. By contrast, Neonode did not assert that any of its employees reside in the Western District of Texas. And the potential non-party witnesses that Neonode identified are associated with its parent company and either reside in California or outside of the United States. Because Apple identified several potential party and non-party witnesses residing in the Northern District of California, and no potential witnesses appear to reside in the Western District of Texas, the witness convenience factor weighs strongly in favor of transfer. *In re Google*, No. 2021-171, 2021 WL 4592280, at *5 (Fed. Cir. Oct. 6, 2021) ("*Google II*").

We have repeatedly held that a district court's failure to weigh this factor in favor of transfer constitutes a clear abuse of discretion "when there are several witnesses located in the transferee forum and none in the transferor forum." *Id.*; *see, e.g.*, *In re Genentech, Inc.*, 566 F.3d 1338, 1345 (Fed. Cir. 2009); *Apple*, 979 F.3d at 1342; *In re Google*, No. 2021-170, 2021 WL 4427899, at *4 (Fed. Cir. Sept. 27, 2021) ("*Google I*"); *In re TracFone Wireless, Inc.*, 852 F. App'x 537, 539–40 (Fed. Cir. 2021). Notwithstanding this precedent, the district court gave no weight to the relative convenience of the transferee forum for the potential witnesses.

Citing its own prior opinions, the district court weighed the witness convenience factor as neutral in part because "the convenience of party witnesses is given little weight," and it presumed that "no more than a few parties—and even fewer third-party witnesses, if any—will testify live at trial." Appx8 (citations omitted). But we have repeatedly "rejected the district court's reliance on the fact that a party's ability to compel the testimony of its employees supports assigning little or no weight to the convenience and cost to [party] witnesses." *Google I*, 2021 WL 4427899,

at \*4; *see also In re Samsung Elecs. Co.*, 2 F.4th 1371, 1379 (Fed. Cir. 2021); *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at \*5 (Fed. Cir. Aug. 2, 2021). We have likewise "rejected the district court's categorical assumption that defendants are likely to call few if any of the proposed party witnesses . . . that are identified for purposes of supporting transfer motions." *Juniper*, 14 F.4th at 1319 (citations omitted). The district court also attached comparable weight to a "competing list of Apple employees located in WDTX" offered by Neonode "that might testify at trial for the same aspects of the accused products at a trial." Appx8. However, district courts "should assess the relevance and materiality of the information the witness[es] may provide." *Genentech*, 566 F.3d at 1343. The court failed to do so here.

Fourth, the district court erred in weighing the practical problems factor strongly against transfer. "[W]hile we recognize that judicial economy can serve important ends in a transfer analysis, we have rejected as a general proposition that the mere co-pendency of infringement suits in a particular district automatically tips the balance in the non-movant's favor." *In re NetScout Sys., Inc.*, No. 2021-173, 2021 WL 4771756, at \*5 (Fed. Cir. Oct. 13, 2021) (citations omitted); *see also Samsung*, 2 F.4th at 1379–80; *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013). Here, "the district court overstated the concern about waste of judicial resources and risk of inconsistent results" in light of Neonode's other infringement suit in the Western District of Texas. *Samsung*, 2 F.4th at 1379. That suit involves different defendants and different accused products, and does not similarly involve accusations regarding third-party software. Neonode's separate actions are therefore likely to result in "significantly different discovery, evidence, proceedings, and trial." *Id.* at 1380 (citation omitted). Thus, any "incremental gains in keeping [this] case in the Western District of Texas" are insufficient

"to justify overriding the inconvenience to the parties and witnesses." *Id.*

Fifth, the district court erred in weighing the court congestion factor heavily against transfer. We have noted that "the Western District of Texas and the Northern District of California show no significant differences in caseload or time-to-trial statistics." *Juniper*, 14 F.4th at 1322. The district court did not explain how any difference in the prospective time-to-trial was caused by an appreciable difference in the degree of docket congestion between the two forums. Nor did the district court point to any reason in its analysis why a possibly more rapid disposition of this case in Texas is worthy of important weight.

We have held that when other relevant factors weigh in favor of transfer or are neutral, "then the speed of the transferee district court should not alone outweigh all of those other factors." *Genentech*, 566 F.3d at 1347. And where, as here, the district court has relied only on median time-to-trial statistics to support its conclusion as to court congestion, we have characterized this factor as the "most speculative" of the factors bearing on the transfer decision. *Id.* (citation omitted); *see also Apple*, 979 F.3d at 1344 n.5. Under the approach taken in *Genentech*, the district court's speculation about what might happen with regard to the speed of adjudication is plainly insufficient to warrant keeping this case in the Texas forum given the striking imbalance favoring transfer based on the convenience factors.

Finally, the district court should have weighed the local interest factor strongly in favor of transfer. The court acknowledged that the Northern District of California had "a strong local interest in this matter because the research, development, and operation of the accused technology took place there, Apple is headquartered there, and all of its likely witnesses are there." Appx13. But the court weighed that factor only slightly in favor of transfer because it found that Apple also has a "significant presence" in the Western

District of Texas, "with over 6,000 employees in the Austin area and five retail stores located in the [d]istrict." Appx13.

The problem with the court's analysis, however, is that it relies on Apple's "general presence in the [transferor] forum, not on the locus of the events that gave rise to the dispute." *Google II*, 2021 WL 4592280, at *5. We have repeatedly rejected that a party's "general presence in a particular district" can alone "give that district a special interest in the case." *Id.*; *see also Juniper*, 14 F.4th at 1320; *Apple*, 979 F.3d at 1345. Rather, "what is required is that there be 'significant connections between a particular venue and *the events that gave rise to a suit.*'" *Google II*, 2021 WL 4592280, at *5 (citation omitted). Because only the Northern District of California has significant connections to the events that gave rise to this suit, the local interest factor weighs strongly in favor of transfer.

In sum, the center of gravity of this action is clearly in the transferee district, not in the Western District of Texas. Several of the most important factors bearing on the transfer decision strongly favor transfer, and no factor favors keeping the case in the Western District of Texas. The only connection that the district court identified between this case and the Western District of Texas is Apple's general presence in the district. But, as we have said before, "the court's reliance on that circumstance to justify denying transfer 'improperly conflate[s] the requirements for establishing venue under 28 U.S.C. § 1400(b) and the requirements for establishing transfer under § 1404(a).'" *Id.* at *7 (citation omitted). We therefore grant Google's petition seeking transfer of the case to the Northern District of California.

Accordingly,

IT IS ORDERED THAT:

The petition is granted. The district court's July 19, 2021 order is vacated, and the district court is directed to

IN RE: APPLE INC. 11

transfer this matter to the United States District Court for the Northern District of California.

FOR THE COURT

November 15, 2021     /s/ Peter R. Marksteiner
Date     Peter R. Marksteiner
    Clerk of Court

s31