| | |
|---|---|
| Philip J. Graves<br>(SBN 153441 \| philipg@hbsslaw.com)<br>Greer N. Shaw<br>(SBN 197960 \| greers@hbsslaw.com)<br>HAGENS BERMAN SOBOL SHAPIRO LLP<br>301 North Lake Avenue, Suite 920<br>Pasadena, CA 91101<br>Telephone: (213) 330-7150<br>Facsimile: (213) 330-7152<br><br>Craig D. Cherry<br>(SBN 24012419 \| craig@swclaw.com)<br>Justin W. Allen<br>(SBN 24081977 \| justin@swclaw.com)<br>STECKLER WAYNE COCHRAN CHERRY<br>8416 Old McGregor Road<br>Waco, Texas 76712<br>Telephone: (254) 651-3690<br><br>Attorneys for Plaintiff NEONODE SMARTPHONE LLC | Benjamin C. Elacqua<br>(TX SBN 24055443 \| elacqua@fr.com)<br>Kathryn A. Quisenberry<br>(TX SBN 24105639 \| quisenberry@fr.com)<br>FISH & RICHARDSON P.C.<br>1221 McKinney Street, Suite 2800<br>Houston, TX 77010<br>Telephone: 713-654-5300<br>Facsimile: 713-652-0109<br><br>Betty Chen<br>(SBN 290588 \| bchen@fr.com)<br>FISH & RICHARDSON P.C.<br>500 Arguello Street, Suite 400<br>Redwood City, CA 94063<br>Telephone: 650-839-5070<br>Facsimile: 650-839-5071<br><br>Attorneys for Defendant APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>        Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>        Defendants. | No. 3:21-cv-08872-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

The parties jointly submit this Joint Case Management Statement and Rule 26(f) Report pursuant to Civil L.R. 16-9, Federal Rule of Civil Procedure 26(f), Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of Joint Management Statement, and Judge Chen's Order dated December 13, 2021 (Dkt. No. 82).

The Parties note that on December 15, 2021, Apple filed a Joint Notice of Case Status (Dkt. No. 83) notifying the Court that they had previously agreed in the transferor court (the U.S. District Court for the Western District of Texas) to a stay of this case pending final written decisions in certain Inter Partes Review proceedings relating to the patents-in-suit, which proceedings are ongoing.  The Parties requested that this Court take notice of the stipulation and remove all deadlines from the docket.  The Parties respectfully renew their request that the Court remove all deadlines, including the case management conference date, from the docket pending resolution of the specific IPR proceedings identified in the Joint Notice.

1. **Jurisdiction and Service**: The Court has subject matter jurisdiction over Neonode's claims for patent infringement, because this Court has exclusive jurisdiction over claims and declaratory judgment claims arising under the patent laws of the United States pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.  No issues exist regarding personal jurisdiction, venue, or service.

2. **Facts**: Neonode filed this action for infringement of U.S. Patent No. 8,095,879 (the "'879 Patent") and U.S. Patent No. 8,812,993 (the "'993 Patent") in the United States District Court for the Western District of Texas, Case No. 6:0-cv-505-ADA, on June 8, 2020.  (Dkt. No. 1). Neonode alleges, e.g., that certain Apple iPhone and iPad devices infringe the '879 and '993 Patents in connection with the incorporation of "swiping" functionality to control various aspects of the functionality of those devices, including (i) swiping gestures to open the Control Center, (ii) QuickPath swipe typing and third party keyboard applications that include swipe typing functionality, and (iii) a swiping gesture to transition from the Lock Screen to the Home Screen.

Apple filed a Motion to Transfer Venue to the Northern District of California on November 5, 2020.  (Dkt. No. 27).  On December 8, 2020, the Court entered an order staying the case pending completion of venue discovery and vacating all deadlines provided in the applicable scheduling order.  (Dkt. No. 40).  The Court denied Apple's transfer motion on July 19, 2021.  (Dkt. No. 65).

Apple filed a Petition for Writ of Mandamus challenging the Court's Order on September 8, 2021. The Federal Circuit granted Apple's petition and ordered the case transferred to the Northern District of California on November 15, 2021.

On August 11, 2021, Neonode filed a stipulation to stay the district court litigation pending the resolution of two IPRs (IPR2021-00144 and IPR2021-00145) that had been filed by Apple (as co-petitioner with Samsung Electronics Co. Ltd. and Samsung Electronics America, Inc.).

On December 15, 2021, Apple filed a Joint Notice of Case Status (Dkt. No. 83) notifying the Court that the Parties had previously agreed in the transferor court to a stay of this case pending final written decisions in certain Inter Partes Review proceedings relating to the patents-in-suit, which proceedings are ongoing. The Parties requested that this Court take notice of the stipulation and remove all deadlines from the docket.

3. **Legal Issues**: Subject to and without waiving their respective positions and arguments, the Parties believe that some of the disputed issues the Court may need to resolve include, but are not limited to, the following:

- Whether Apple has infringed and/or is infringing, directly or indirectly, the asserted claims of the '879 Patent or the '993 Patent, and whether that infringement has been willful;
- Whether the asserted claims of the '879 Patent or the '993 Patent are invalid; and
- Whether Neonode is entitled to damages, and if so, the amount of damages to which Neonode is entitled.

4. **Motions**: There are no pending motions. The Parties do not currently anticipate filing any motions in this action in the near term.

5. **Amendment of Pleadings**: There have been no amendments of pleadings. No additional parties are expected to be added prior to the deadline for amending the pleadings. Discovery will dictate whether any additional claims, defenses, or counterclaims are needed.

6. **Evidence Preservation**: The Parties certify that they have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and the Court's

1  Checklist for ESI Meet and Confer.  The Parties anticipate addressing ESI issues following
2  termination of the IPR stay agreed upon by the Parties.
3        7.      **Disclosures**: The Parties anticipate that they will serve their Rule 26 Initial
4  Disclosures following termination of the IPR stay agreed upon by the Parties.
5        8.      **Discovery**:  Limited discovery, concerning certain corporate structure and venue-
6  related matters, has been conducted.  In addition, the Parties have sought discovery from certain
7  witnesses in Sweden, which has been rejected by the Stockholm District Court; Plaintiff has filed an
8  appeal of this decision.  No discovery disputes have been identified as of yet.
9        9.      **Class Actions**:  This case is not a class action.
10      10.      **Related Cases**:  The following related cases and administrative proceedings have
11  been filed:

- *Neonode Smartphone LLC v. Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.*, Case No. 6:20-cv-507-ADA, W.D. Tex.;
- *Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Apple Inc. v. Neonode Smartphone LLC,* IPR2021-00144, Patent Trial and Appeal Board;
- *Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Apple Inc. v. Neonode Smartphone LLC,* IPR2021-00145, Patent Trial and Appeal Board;
- *Google LLC v. Neonode Smartphone LLC,* IPR2021-01041, Patent Trial and Appeal Board.

    11.      **Relief**:

(a) Neonode's Statement: Neonode requests at least the following relief:

A. A judgment that Apple has infringed and continues to infringe the '879 Patent and the '993 Patent;

B. An award to Neonode of damages adequate to compensate it for Apple's infringement of the '879 Patent and the '993 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use made of the claimed inventions;

C. A preliminary and permanent injunction restraining and enjoining Apple, and its officers, agents, servants, employees, attorneys, and any persons in active concert or participation

with them who receive actual notice of the order by personal service or otherwise, from any further manufacture, use, sales, offers to sell, or importations of any and all of the products and services identified above;

        D. An award of treble damages to Neonode;

        E. A finding that this case exceptional, and an award to Neonode of its reasonable attorneys' fees and non-taxable costs incurred in prosecuting its claims;

        F. An award to Neonode of pre-judgment and post-judgment interest at the maximum rate permitted by law;

        G. An award to Neonode of its taxable costs;

        H. Such further and additional relief as the Court determines to be just and proper.

(b) **Apple's Statement**: Apple denies that Neonode is entitled to any relief sought by Neonode in this matter.

12. **Settlement and ADR**:  Counsel for the Parties intend to meet and confer regarding ADR options following termination of the IPR stay agreed upon by the Parties.

13. **Consent to Magistrate Judge For All Purposes**:  Apple does not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14. **Other References**:  The parties believe this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues**:  The parties will work to narrow issues by agreement and/or motion after discovery has progressed.  The parties will also seek to stipulate to facts not reasonably in dispute.  At a later time, as discovery progresses, the parties will meet and confer to discuss limiting the number of asserted claims and prior art references, if appropriate.  The parties will work to narrow any claim construction issues prior to the claim construction hearing.

16. **Expedited Trial Procedure**:  The parties do not believe this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17. **Scheduling**:  The Parties intend to propose a case management schedule following termination of the IPR stay agreed upon by the Parties.

18. **Trial**: Neonode demands a jury trial. Apple also demands a jury trial. The parties agree that the length of trial will depend on which, and to what extent, issues are resolved during the course of litigation and/or through proceedings in the PTAB.

19. **Disclosure of Non-Party Interested Entities or Persons**: On September 4, 2020 Apple filed its Corporate Disclosure Statement. (Dkt. No. 15). On October 23, 2020, Neonode filed its Corporate Disclosure Statement. (Dkt. No. 20).

20. **Professional Conduct**: All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other**: The parties consent to e-mail service pursuant to Federal Rules of Civil Procedure 5(b)(2)(E). The parties may continue to serve by any permissible method of their choice. This agreement does not require separate service of documents filed on ECF, service of which shall continue to be effective on the parties. The parties agree that a courtesy copy of any document to be served by a method other than e-mail or ECF will be sent to the attorneys of record for the receiving party by e-mail on the date service is made. The parties are not presently aware of any other matters at this time that may facilitate the just, speedy, and inexpensive resolution of this matter.

22. **Patent Local Rule 2-1(b):** The Parties intend to provide the additional information required by Patent Local Rule 2-1(b) following termination of the IPR stay agreed upon by the Parties.

Respectfully submitted,

| | | |
|---|---|---|
| 1 | Dated: March 15, 2022 | |
| 2 | By: */s/ Philip J. Graves* | By: */s/ Betty Chen* |
| | Philip J. Graves (SBN 153441) | Betty Chen |
| 3 | Telephone: (213) 330-7147 | Texas Bar Number 24056720 |
| | Email: philipg@hbsslaw.com | bchen@fr.com |
| 4 | Greer N. Shaw (SBN 197960) | Fish & Richardson P.C. |
| | Telephone: (213) 330-7145 | 500 Arguello Street, Suite 500 |
| 5 | Email: greers@hbsslaw.com | Redwood City, CA 94063 |
| | HAGENS BERMAN SOBOL SHAPIRO LLP | Telephone: 650-839-5070 |
| 6 | 301 North Lake Avenue, Suite 920 | Facsimile: 650-839-5071 |
| | Pasadena, CA 91101 | |
| 7 | Facsimile: (213) 330-7152 | Benjamin C. Elacqua |
| | | Texas Bar Number 24055443 |
| 8 | *Counsel for Plaintiff Neonode Smartphone LLC* | elacqua@fr.com |
| | | Kathryn A. Quisenberry |
| 9 | | Texas Bar Number 24105639 |
| | | quisenberry@fr.com |
| 10 | | Fish & Richardson P.C. |
| | | 1221 McKinney Street, Suite 2800 |
| 11 | | Houston, TX 77010 |
| | | Telephone: 713-654-5300 |
| 12 | | Facsimile: 713-652-0109 |
| 13 | | Jared A. Smith (SBN 306576) |
| | | jasmith@fr.com |
| 14 | | Fish & Richardson P.C. |
| | | 12860 El Camino Real, Suite 400 |
| 15 | | San Diego, CA 92130 |
| | | Telephone: 858-678-5070 |
| 16 | | Facsimile: 858-678-5099 |
| 17 | | Aamir A. Kazi |
| | | Fish & Richardson P.C. |
| 18 | | 1180 Peachtree Street NE, 21st Floor |
| | | Atlanta, GA 90309 |
| 19 | | (404) 892-5005 |
| | | Fax: (404) 892-5002 |
| 20 | | Email: kazi@fr.com |
| 21 | | *Counsel for Defendant Apple Inc.* |

**ATTESTATION**

Pursuant to Local Rule 5-1(h)(3), I hereby attest all persons whose signatures are listed here, and on whose behalf this filing is submitted, concur in this filing's content and have authorized this filing.

Dated: March 15, 2022

<i>/s/ Philip Graves</i><br>
Philip Graves

ATTESTATION - 1
Case No.: 21-cv-08872-EMC

# CERTIFICATE OF SERVICE

The undersigned certifies that on 15th day of March 2022, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, using this Court's Electronic Case Filing (ECF) system.

*/s/ Philip Graves*
Philip Graves
