

E-FILED

April 26, 2022

Honorable Robert M. Illman
United States District Court
Northern District of California, Eureka Division
3140 Boeing Ave.
McKinleyville, CA 95519

Fish & Richardson P.C.
500 Arguello Street
Suite 500
Redwood City, CA 94063-1526

650 839 5070 main
650 839 5071 fax

Betty Chen
Principal
bchen@fr.com
+1 650 839 5067  direct

Re: *Neonode Smartphone LLC v. Apple Inc.*, Case No. 3:21-cv-08872 in the Northern District of California; Joint Letter on Discovery Dispute

Dear Magistrate Judge Illman:

This Joint Letter is submitted pursuant to Paragraph 13 of the Court's Standing Order.  The Parties' respective positions are set forth below.

**Defendant's Position**: Plaintiff Neonode Smartphone LLC ("Neonode Smartphone") is a recently-created patent assertion entity associated with Aequitas Technologies LLC and its owner, Dooyong Lee.  Neonode Smartphone's patents-in-suit have each been assigned to numerous entities in the following order: (1) Neonode Sweden AB ('879 patent only); (2) Neonode AB ('879 patent only); (3) Neonode Inc.; (4) Aequitas Technologies, LLC; and (5) Neonode Smartphone LLC.  Neonode Inc. is a Swedish company that develops contactless touch, touch, and gesture control technologies.  *See* https://neonode.com/.  Magnus Goertz (co-founder of Neonode AB and sole named inventor of both patents-in-suit) and third party Thomas Eriksson (co-founder of Neonode AB) reside in Sweden.  They are no longer employed by Neonode Inc. or any of the successors-in-interest of the patents-in-suit.  Judge Albright permitted and the parties have sought discovery of Messrs. Goertz and Eriksson through the Hague Convention.  *See*, Dkt. 43, 87

On April 12, 2021, Neonode Smartphone informed Defendant Apple Inc. ("Apple") that the Swedish Court has scheduled in-person depositions in Sweden of Magnus Goertz and Thomas Eriksson on May 11 and May 13, 2022, respectively, in response to Neonode's request.  Upon being notified of the depositions, Apple immediately requested production of: i) all documents Neonode Smartphone or its counsel has obtained from Messrs. Goertz or Eriksson, ii) all communications between Neonode Smartphone or its counsel and Messrs. Goertz or Eriksson, and iii) all documents Neonode Smartphone intends to use at the depositions of Messrs. Goertz or Eriksson.  These documents and communications are relevant at least to conception and reduction of practice of the alleged inventions (or lack thereof), validity of the claims, and credibility of the witnesses.  *See, e.g.*, *Fresenius Med. Care Holding Inc. v. Baxter Int'l, Inc.*, 224 F.R.D. 644, 656–57 (N.D. Cal. 2004) (granting plaintiff's motion to compel production of "[a]ll documents that refer or relate to communications by any one or more of the inventors named upon application for the patents in suit or any related patent or application relating to the subject matter described or claimed in the patents in suit or any related or application").

With respect to Mr. Goertz, Neonode Smartphone's counsel does not represent Mr. Goertz, and thus, any communications with Mr. Goertz cannot be privileged. In fact, Mr. Goertz sent correspondence between himself and Neonode Smartphone's counsel to the Swedish Court,



wherein he states (as translated from Swedish to English) that he rejected Neonode Smartphone's offer of "200 hours at € 500 per hour to assist" and that he "[does] ***not*** want to support this type of business and as ***there is no previous documentation*** other than that available to read in the patent." (emphasis added). As the sole inventor of the patents-in-suit, any further communications of this kind—including those with Neonode Smartphone or its outside counsel—relating to the patents-in-suit or subject matter disclosed therein are unquestionably relevant to this case. *See Fresenius*, 224 F.R.D. at 656–57. To the extent Neonode Smartphone has documents from Mr. Goertz or communications with Mr. Goertz, they are not protected by any privilege and Apple needs such documents and communications in advance of the depositions in order to adequately prepare for cross-examination of the witness.

With respect to Mr. Eriksson, counsel for Neonode Smartphone informed Apple just last week, during a meet and confer on this issue, that Mr. Eriksson has been a non-expert consultant for its outside counsel since October 2021 (after this litigation began).[1] Neonode Smartphone claims that any documents its counsel has obtained from Mr. Eriksson (irrespective of when they were created or to what they relate) are protected under the work product doctrine. Any documents Neonode Smartphone's counsel obtained from Mr. Eriksson that were not prepared "in anticipation of litigation," however, are not protected by the work product doctrine, and should be produced before his deposition. *See* Fed. R. Civ. P. 26(b)(3); *see also, e.g.*, *E.E.O.C. v. Safeway Store, Inc.*, No. 00-cv-3155-TEH-EMC, 2002 WL 31947153, at *4 (N.D. Cal. Sept. 16, 2002) ("The work-product doctrine is not a privilege, but a qualified immunity protecting from discovery documents and tangible things prepared by a party or his representative ***in anticipation of litigation***.") (emphasis in original). Neonode Smartphone's reliance on *U.S. Ethernet Innovations LLC v. Acer Inc*, is inapposite because the "culled documents" there were deemed "work-product documents" since they were "selected and compiled for [that] litigation from [HP's] larger production." No. 10-cv-03724 CW-LB, 2013 WL 5370989, at *1-3 (N.D. Cal. Sept. 25, 2013). Unlike that case, Apple is not requesting documents that Mr. Eriksson culled from either party's production in this case, but rather documents that Mr. Eriksson provided to Neonode Smartphone after litigation began.

In addition to resisting discovery based on questionable claims of privilege, Neonode Smartphone argues that because the case is stayed, discovery of these documents from Neonode Smartphone is improper, and Apple must go through the Hague Convention to independently seek these documents from Messrs. Goertz and Eriksson. However, the parties' stipulation specifically carves out from the stay "any work related to discovery in Sweden." Dkt. No. 66 at 1. The parties contemplated that discovery through the Hague Convention is time-consuming, and drafted the stipulation to ensure that the discovery in Sweden would proceed. To now use the parties' stipulation in a manner that precludes Apple from adequately cross-examining the Swedish witnesses runs afoul of the letter and intent of the stipulation.

Finally, Neonode Smartphone takes the position that it is not obligated to produce any documents it may use at the depositions. But courts in this district have routinely ordered parties to produce the witness's custodial documents in advance of depositions. *See, e.g., Bull v. City & Cty. of San Francisco*, No. 03-cv-1840 CRB-EMC, 2003 WL 23857823, at *3 (N.D. Cal. Oct. 27, 2003) (ordering plaintiff to produce withheld documents to defendants "prior to the

---

[1] Apple notes that Neonode Smartphone has now agreed to produce the October 22, 2021 consulting agreement between Mr. Eriksson and Hagens Berman Sobol Shapiro LLP ("HBSS").



depositions"); *McMillan v. Wells Fargo Bank, N.A.*, No. 08-cv-05739-WHA, 2009 WL 1686431, at *5 (N.D. Cal. June 12, 2009) (ordering production of documents "[b]efore the depositions"). Although the depositions are proceeding pursuant to Neonode Smartphone's Hague requests, the upcoming depositions may be Apple's only opportunity to depose Messrs. Goertz and Eriksson. Neonode Smartphone seeks to improperly handicap Apple at these depositions by preventing Apple from reviewing these custodial documents ahead of the depositions of Messrs. Goertz and Eriksson. *See Rodriguez v. Akima Infrastructure Servs., LLC,* No. 16-CV-03607-PJH, 2019 WL 5212968, at *4 (N.D. Cal. Oct. 16, 2019) (the disclosure requirement of Rule 26 "not only serves the function of ensuring that all parties possess the same underlying source materials . . . , but it also importantly serves to foreclose trial by ambush or surprise").

Neonode Smartphone has failed to show that all of the documents and communications with Messrs. Goertz or Eriksson in its possession are subject to the attorney-client privilege or work product doctrine, or that they are subject to the parties' stay. Further, Neonode Smartphone has provided no justification for why it cannot produce the requested documents—which are currently in its possession—before the depositions of Messrs. Goertz and Eriksson. Accordingly, Apple requests that the Court order Neonode Smartphone to produce, by May 4, 2022: (1) all documents Neonode Smartphone or its counsel has obtained from Messrs. Goertz or Eriksson, including the consulting agreement with Mr. Eriksson; (2) all communications between Neonode Smartphone or its counsel and Messrs. Goertz or Eriksson; (3) all documents Neonode Smartphone may use at the depositions of Messrs. Goertz or Eriksson; and (4) to the extent Neonode Smartphone withholds any of the aforementioned documents or communications based on privilege, a privilege log of all withheld documents and communications.

**Plaintiff's Position**: Defendants are not entitled to the materials they now demand from Neonode Smartphone LLC's ("plaintiff's") counsel, Hagens Berman Sobol Shapiro LLP ("HBSS"), for multiple independently sufficient reasons.

First, defendants have served no discovery requiring disclosure of the materials they now demand. This case was filed in the United States District Court for the Western District of Texas and assigned to Judge Alan Albright. Judge Albright's Order Governing Patent Cases stayed all discovery apart from venue, jurisdictional and claim construction-related discovery until after the *Markman* hearing. Apple requested, and Judge Albright permitted, limited discovery from Neonode Inc. (a third party) relating to patent licensing, assignment and corporate relationships between various entities. Apple served that discovery in November 2020, Neonode Inc. responded (represented by HBSS for that purpose) and produced responsive documents, and provided two Rule 30(b)(6) designees for a deposition concerning these issues. Apple's discovery did not include any request for communications between Neonode Smartphone and either Goertz or Eriksson.

In addition, in January 2021, Apple served venue discovery for its motion to transfer this case to the U.S. District Court for the Northern District of California. This discovery included a request for production of "[a]ll communications regarding this lawsuit with and document [sic] sufficient to show the relationship between Neonode Smartphone LLC, Magnus Goertz, Thomas Eriksson," and a host of other third parties. Plaintiff responded, and produced responsive documents in its possession, custody or control. None of the documents that defendants now demand "show the relationship between" Neonode Smartphone and Goertz, so any communications between them

3



are not responsive to this request. As to Eriksson, the only requested document that even arguably shows a relationship between Neonode Smartphone and Eriksson is the October 22, 2021 consulting agreement between Eriksson and HBSS,[2] which plaintiff has agreed to produce.

Accordingly, there is no discovery request outstanding that justifies defendants' demand. Defendants cannot simply send plaintiff's counsel an email demanding documents; they must comply with the FRCP and serve a document request on an appropriate party. They have not done so. This alone is a sufficient ground on which to deny their motion.

Defendants could have served discovery through appropriate means in advance of the depositions. Plaintiff's counsel informed them on March 16, 2022 that the Swedish appellate court had ordered that Neonode Smartphone be permitted to proceed with the discovery it sought, which included deposition testimony from Goertz and Eriksson. Plaintiff's counsel reiterated that plaintiff intended to depose Goertz and Eriksson the very next day, during a hearing in defendants' IPR2021-00145. Yet defendants waited nearly one month to surface their demands.

Second, even had defendants served RFPs requesting these materials, they would be objectionable. For example, with respect to communications between Goertz and plaintiff, defendants assert that they "expect" that communications between Goertz and plaintiff are relevant to invalidity, and cite authority that they characterize as enforcing a document request for communications "relating to the subject matter described or claimed in the patents in suit . . . ." Yet defendants' demand is not so limited; it seeks <u>all</u> communications between Goertz or Eriksson and plaintiff, without limitation. Rule 26(b)(1) limits discovery to matter that is "relevant to any party's claim or defense . . . ." Defendants fail to explain how emails with Goertz concerning an unconsummated consulting agreement might be relevant to any party's claim or defense, or even to impeachment. Their demand does not satisfy Rule 26(b)(2).

Third, any communications between Eriksson and plaintiff, and identification of documents provided by Eriksson to plaintiff, after the execution of the consulting agreement are work product. *U.S. Ethernet Innovations LLC v. Acer Inc*, 2013 WL 5370989 (N.D. Cal. Sept. 25, 2013) (A party may depose a consultant regarding facts, but his communications with counsel and culled documents are work product.). Although defendants assert that they are not requesting documents that Eriksson culled from a party's production, that is a distinction without a different – they are requesting documents that Eriksson culled from the larger universe of his documents based on plaintiff's counsel's requested search parameters. Plaintiff does not contend that any relevant materials in Eriksson's possession cannot be obtained from Eriksson; rather, plaintiff contends that the specific materials provided by Eriksson to <u>counsel</u> cannot be obtained from counsel, because the fact that Eriksson provided them to counsel reflects counsel's requests for particular documents and categories of documents, which in turn reflects counsel's opinions and evaluation of the importance to the case of certain types of documents. *Cormack v. United States*, 117 Fed. Cl. 392, 398 (Ct. Fed. Cl. 2014) ("Although the information revealed is factual in nature, i.e., the location of specific documents, the nature of the request also reveals the in-house counsel's thought processes."). This is little different from a lawyer's search for prior art, reflecting his evaluation of which types of references would be most relevant. *E.g.*, *Fresenius Med. Care Holding Inc. v.*

---

[2] Defendants state that plaintiff's counsel informed the that Eriksson has been engaged "as a non-expert consultant." This is incorrect; plaintiff's counsel did not specify the scope of Eriksson's consultancy, and his consultancy encompasses his expert opinion regarding matters at issue in the litigation.



*Baxter Int'l, Inc.*, 224 F.R.D. 644, 655 (N.D. Cal. 2004) (results of a prior art search constituted work product). In the Ninth Circuit, opinion work product may be discovered only when "mental impressions are *at issue* in a case and the need for the material is compelling." *Gilead Sciences, Inc. v. Mck & Co., Inc.*, at *3 (N.D. Cal. Jan. 1, 2016), citing *Holmgren v. State Farm Mut. Auto Ins. Co.*, 976 F.2d 573, 577 (9th Cir. 1992). Defendants make no effort to make such a showing, nor could they, since Goertz and Eriksson's mental impressions are not at issue and defendants may obtain any documents in their possession directly from them (which, notably, defendants are now in the process of doing).

Fourth, defendants are not entitled to a preview of the documents about which plaintiff's counsel intends to question Goertz and Eriksson. The selection of documents that counsel intends to use at deposition is protected by the work product privilege, because it reflects counsel's strategy and opinions regarding the particular evidence that may be most supportive (or adverse) to his client's position. For example, in the context of documents used by counsel to prepare a witness for a deposition, the courts routinely hold that the selection of such documents by counsel constitutes work product. *Sporck v. Peil*, 759 F.2d 312, 315-17 (3rd Cir. 1985) ("We believe that the selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."); *Stevens v. Corelogic, Inc*, 2016 WL 397936, at *8-10 (S.D. Cal. Feb. 1, 2016) (following *Sporck*, and holding that counsel's selection of documents to review with a witness constituted work product); *see Shelton v. American Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986) ("We believe Burns' selective review of AMC's numerous documents was based upon her professional judgment of the issues and defenses involved in this case."); *In re Allen*, 106 F.3d 582, 607-08 (4th Cir. 1997) ("This choice and arrangement constitutes opinion work product because Allen's selection and compilation of these particular documents reveals her thought processes and theories regarding this litigation."); *Cormack*, 117 Fed. Cl. at 398. None of defendants' cases discuss any of this authority, and none of their cases support the proposition that counsel's possible use of documents at a deposition constitutes an independent ground on which to order production. And, although defendants appear to think it important to characterize the reflected documents as "custodial" (apparently, referring to documents in the custody of plaintiff's counsel) none of their cases suggest that there is an exception for "custodial" documents.

Advance disclosure of plaintiff's counsel's selection of documents that he intends to use at deposition would of necessity reveal counsel's evaluation of which documents he believes may be most useful with respect to these particular witnesses. This is particularly true since counsel often prepare to use a larger universe of documents at deposition than they actually use, due to decisions made on the fly during the deposition based on the development of the testimony, the nature of the witness (cooperative or combative) and the limitations of time. Consistent with this reality, neither plaintiff nor defendants have asked the other to provide in advance a set of documents that the interrogating attorney might use at deposition. Defendants' counsel will have an opportunity to examine these witnesses regarding any documents that plaintiff's counsel actually uses during deposition, and will therefore not be "handicapped;" they are entitled to no more.

Fifth, as plaintiff's counsel has previously explained to defendants' counsel, plaintiff has already produced all documents provided to plaintiff by Goertz, (NEONODE1387-88) and Eriksson provided no documents to plaintiff at any time prior to the execution of his consulting agreement. Defendants' continued pursuit of this issue is a waste of time and resources.

5



By: /s/ Philip J. Graves
    Philip J. Graves

HAGENS BERMAN SOBOL SHAPIRO LLP

Philip J. Graves (SBN 153441)
Telephone: (213) 330-7147
Email: philipg@hbsslaw.com
Greer N. Shaw (SBN 197960)
Telephone: (213) 330-7145
Email: greers@hbsslaw.com
301 North Lake Avenue, Suite 920
Pasadena, CA 91101
Facsimile: (213) 330-7152

STECKLER WAYNE COCHRAN CHERRY

Craig D. Cherry (TX Bar No. 24012419)
crag@swclaw.com
Justin W. Allen (TX Bar No. 24081977)
justin@swclaw.com
8416 Old McGregor Road
Waco, Texas 76712
Telephone: (254) 651-3690

*Attorneys for Plaintiff*
*Neonode Smartphone LLC*

By: /s/ Betty Chen
    Betty Chen

FISH & RICHARDSON P.C.

Benjamin C. Elacqua
TX Bar No. 24055443 | elacqua@fr.com
Kathryn A. Quisenberry
TX Bar No. 24105639 | quisenberry@fr.com
1221 McKinney Street, Suite 2800
Houston, TX 77010
PH: 713-654-5300 | FX: 713-652-0109

Betty Chen
CA Bar No. 290588 | bchen@fr.com
500 Arguello Street, Suite 500
Redwood City, CA 94063
PH: 650-839-5070 | FX: 650-839-5071

Jared A. Smith
CA Bar No. 306576 | jasmith@fr.com
12860 El Camino Real, Suite 400
San Diego, CA 92130
PH: 858-678-5070 | FX: 858-678-5099

Aamir A. Kazi
GA Bar Number 104235 | kazi@fr.com
1180 Peachtree Street, NE, 21st Floor
Atlanta, GA 30309
PH: 404-892-5005 | FX: 404-892-5002

*Attorneys for Defendant Apple Inc.*



## ECF CERTIFICATION

The filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to this document.

April 26, 2022					FISH & RICHARDSON P.C.


						By:	*/s/ Betty Chen*
							Betty Chen


## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 26, 2022.


						*/s/ Betty Chen*
						Betty Chen