UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC,<br><br>    Defendant. | Case No. 21-cv-08872-EMC (RMI)<br><br>**ORDER RE: DISCOVERY DISPUTE LETTER BRIEF**<br><br>Re: Dkt. No. 90 |

Now pending before the court is a discovery dispute letter brief (dkt. 90) in a patent infringement suit.[1] Plaintiff, Neonode Smartphone LLC ("Neonode"), owns two patents pertaining to user interfaces for certain types of mobile handheld devices. *See* Compl. (dkt. 2) at 1. Neonode has accused Defendant Apple, Inc. ("Apple") of infringing those patents – both directly and indirectly – under a number of theories. *See id*. at 12-41. Neonode (a Wyoming limited liability company) initially filed its suit in the Western District of Texas because of the notion that Apple maintains a branch office in that district. *Id*. at 3. Near the outset of the litigation, Apple moved to transfer venue to this district. *See* Def.'s Mot. (dkt. 27) at 5-6. Shortly after the district court in Texas denied Apple's motion to transfer venue to this district (*see* dkt. 65), the Parties stipulated to stay various aspects of this case, "with the exception of any work related to discovery in Sweden." *See* Stip. (dkt. 66) at 1. Thereafter, following a ruling by the Court of Appeals for the Federal Circuit, the case was transferred to this district after all (*see* dkts. 75, 76).

More recently, on April 12, 2021, Neonode informed Apple that a Swedish court has

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds the matter suitable for disposition without oral argument.

scheduled in-person depositions in Sweden for Magnus Goertz and Thomas Eriksson on May 11 and May 13, 2022. *See* Ltr. Br. (dkt. 90) at 1. Magnus Goertz is the named inventor of both of Neonode's patents at issue in this suit (the '879 and '993 patents). *See* Compl. (dkt. 1) at 3. Thomas Eriksson is the CEO of Neonode Technologies AB and Neonode, Inc. *See id.* at 7. Mr. Goertz is not represented by Neononode's counsel and he is not a party to this litigation; Mr. Eriksson, also a non-party, has been retained by Neonode as a consultant, "and his consultancy [reportedly] encompasses his expert opinion regarding matters at issue in this litigation." *See* Ltr. Br. (dkt. 90) at 1, 4 n.2. In advance of these Swedish depositions, in order to both prepare for the depositions and to effectively cross-examine these two witnesses, Apple hastily requested production of (1) all documents that Neonode or its counsel has obtained from Messrs. Goertz and Eriksson; (2) all communications between Neonode or its counsel and Messrs. Goertz and Eriksson; and (3) all documents Neonode intends to use in the course of the Swedish depositions. *Id.* at 1. Neonode objects on five grounds (*see id.* at 3-7), and for the reasons outlined below, Neonode's objections are overruled and Apple's request to compel the production in question is granted.

Before proceeding to Neonode's arguments, the court will note several generally-applicable principles related to discovery in federal civil litigation. Under Federal Rule of Civil Procedure 26(b), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." Additionally, with a showing of good cause, "the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.* "The requirement of relevancy should be construed liberally and with common sense, rather than in terms of narrow legalisms." *Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992). Furthermore, "the deposition-discovery rules are to be accorded a broad and liberal treatment." *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The *Hickman* Court explained that a policy favoring liberal discovery facilitates proper litigation (*see id.*), and this policy is evidenced by Rule 26(b)(1)'s allowance for discovery of *any* matter, not privileged, that is relevant to the claim

2

or defense of any party. Relevant information need not even be admissible at the trial and would still be subject to discovery so long as the discovery demand appears reasonably calculated to lead to the discovery of admissible evidence – in which regard, district courts have broad discretion in resolving whether the information sought is relevant for discovery purposes. *See Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005).

The attorney-client privilege excepts from discovery any communications concerning legal advice sought from an attorney in his or her capacity as a professional legal advisor, where the communication is made in confidence, is intended to be maintained in confidence by the client, and is not disclosed to a third party. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020). The privilege extends to a client's confidential disclosures to an attorney in order to obtain legal advice, as well as an attorney's advice in response to such disclosures. *United States v. Ruehle*, 583 F.3d 600, 607 (9th Cir. 2009) (citations and quotations omitted). "Because it impedes full and free discovery of the truth, the attorney-client privilege is strictly construed." *Id*. On the other hand, the work product doctrine protects from discovery materials that are prepared by, or for, a party or its representative in anticipation of litigation. Fed. R. Civ. P. 26(b)(3). Unlike privileges, the work product doctrine provides only a limited and qualified protection against the discovery of trial preparation materials that "reveal an attorney's strategy, intended lines of proof, evaluation of strengths and weaknesses, and inferences drawn from interviews." *See Hickman*, 329 U.S. at 511. Its purpose is to prevent attorneys from obtaining an unfair advantage "on wits borrowed from the adversary." *Id*. at 516 (Jackson, J., concurring); *see also Upjohn Co. v. United States*, 449 U.S. 383, 390-91 (1981). A voluntary disclosure of work product waives the protection where such disclosure is made to an adversary in litigation or where the disclosure is made in a manner that substantially increases the opportunities for potential adversaries to obtain the work product. *Sanmina Corp.*, 968 F.3d at 1121. The party asserting attorney-client privilege or work product protection bears the burden of proving that the privilege or protection applies. *See Ruehle*, 583 F.3d at 607-08; *see also In re Appl. of Republic of Ecuador*, 280 F.R.D. 506, 514 (N.D. Cal. 2012).

Unlike the attorney-client privilege, the work product privilege is governed, even in

diversity cases, by a uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3), which essentially codifies the rule of *Hickman*. *See United Coal Cos. v. Powell Const. Co.*, 839 F.2d 958, 966 (3d Cir. 1988); *see also PepsiCo, Inc. v. Baird, Kurtz & Dobson LLP*, 305 F.3d 813, 817 (8th Cir. 2002) (similar); *Baker v. General Motors Corp.*, 209 F.3d 1051, 1053 (8th Cir. 2000) (similar); *FDIC v. Fidelity & Deposit Co. of Maryland*, 196 F.R.D. 375, 381 (S.D. Cal. 2000) (quoting from and adopting *United Coal*). As mentioned above, unlike a true privilege, the work product doctrine provides only a qualified and limited degree of immunity from discovery – as the Rule codifying the doctrine itself indicates – even after a party resisting discovery has met its initial burden of showing that material is protected, the material nevertheless must be disclosed "upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *See* Fed. R. Civ. P. 26(b)(3).

Given that understanding, the court can now proceed to addressing the objections at bar. Neonode's first justification for opposing the discovery sought by Apple is to state that Apple has not yet formally "served discovery requiring disclosure of the materials they now demand," and that Apple "cannot simply send Plaintiff's counsel an email demanding documents." *See* Ltr. Br. 3-4. The court finds that this argument places form over substance. While it is possible for the court to force Apple to serve formal document requests on Neonode in the manner suggested, the court can conceive of no reason to make Apple jump through that hoop at this time and under these circumstances. Given the truncated timeframe attending the Swedish depositions, forcing Apple to undertake the empty formality of serving these document requests in the manner demanded by Neonode would serve no purpose other than delaying Apple's access to these documents, a spectacle which would inure to the benefit of no party. Neonode already knows what documents Apple seeks, and Neonode has already lodged its objections to producing those documents. Given these circumstances, the court sees no reason to put Apple to the trouble of engaging in a hollow formality for no legitimate reason other than to perhaps obstruct Apple's access to discovery in advance of the rapidly-approaching dates for the Swedish depositions. Nor has Neonode cited to any authority for the proposition that the manner in which Apple's discovery

4

demands are brought to Neonode's attention are to be so rigid and inflexible as to fall outside of this court's discretion as to the manner in which they might be enforced. As mentioned above, Neonode's first objection to producing the discovery in question unreasonably places form over substance and is therefore **OVERRULED**.

Neonode's second argument in opposing the discovery demands in question complains that Apple's requests are overly broad to the extent that they seek *all* communications between Messrs. Goertz or Eriksson and Plaintiff without any limitation. *See* Ltr. Br. (dkt. 90) at 4. More specifically, Neonode submits that Apple "fail[s] to explain how emails with Goertz concerning an unconsummated consulting agreement might be relevant to any party's claim or defense, or even to impeachment." *Id*. However, given that Magnus Goertz is the named inventor of both patents in suit (*see* Compl. (dkt. 1) at 3), and given the liberal approach to relevancy described above, the court finds merit in Apple's explanation to the effect that "[t]hese documents and communications are relevant at least to conception and reduction of practice of the alleged inventions (or lack thereof), validity of the claims, and credibility of the witnesses." *See* Ltr. Br. (dkt. 90) at 1. Notably, Neonode has not asserted that producing these communications would be burdensome or disproportional to the needs of the case (*see id*. at 4), instead, the argument is that the breadth of the request (*all* communications) renders some of its sweep potentially irrelevant; however, for the reasons advanced by Apple, the undersigned disagrees. Accordingly, Neonode's second objection is **OVERRULED**.

Neonode's third argument asserts that "any communications between Eriksson and Plaintiff, and identification of documents provided by Eriksson to Plaintiff, after the execution of the consulting agreement are work product." *Id*. More specifically, Neonode contends that *because* of "the fact that Eriksson provided [certain documents and communications] to counsel [the documents would necessarily] reflect[] counsel's requests for particular documents and categories of documents, which in turn reflects counsel's opinions and evaluation of the importance to the case of certain types of documents." *Id*. The court finds this concern to be exaggerated. First, while it is possible that some such communications may fall under the aegis of the work product doctrine, it is certainly far from clear at this juncture that the entirety of those communications

5

would fit that rubric. Second, rather than to assert this argument in categorical form at this premature juncture, the court finds that a better method is for Neonode to detail such concerns as to specific and individual documents or communications in a privilege log; and, if a further dispute arises about the propriety of one or more of Neonode's work product immunity assertions as to specific documents and communications, the Parties can present such a dispute to the undersigned for *in camera* review and resolution. Additionally, as described above, the work product doctrine is merely a limited and qualified immunity doctrine, not an absolute privilege – meaning that even when a document may fall fully within the ambit of the doctrine, circumstances may be present that would nevertheless dictate its production anyway. Accordingly, for these reasons, the court finds that Neonode's third argument is both overblown (in that the argument is asserted in a manner as to have a scope that is excessively broad) and premature. The undersigned is willing to review and rule upon work product assertions in a specific and focused manner (as might relate to individual documents and communications that the court will have reviewed *in camera*), not in a generalized, abstract, and wholesale manner as Neonode appears to suggest. Accordingly, Neonode's third objection is likewise **OVERRULED**.

Neonode's fourth argument substantially overlaps with its third argument. In this regard, Neonode contends that "[t]he selection of documents that counsel intends to use at deposition is protected by the work product privilege, because it reflects counsel's strategy and opinions regarding the particular evidence that may be most supportive (or adverse) to his client's position . . . [and therefore] [a]dvance disclosure of Plaintiff's counsel's selection of documents that he intends to use at deposition would of necessity reveal counsel's evaluation of which documents he believes may be most useful with respect to these particular witnesses." *Id*. at 5. On the other hand, Apple submits that it "needs such documents and communications in advance of the depositions in order to adequately prepare for cross-examination of the witness[es]." *Id*. at 2. First, the court is persuaded by Apple's suggestion that preparation for an effective cross-examination of these witnesses would require Apple to have prior access to the documents and communications that Plaintiff's counsel intends to use in the course of those direct examinations. Without such access to those documents, Apple's efforts in the course of such cross-examinations would be

6

severely hamstrung to say the least. Furthermore, notwithstanding Neonode's mislabeling of the work product doctrine as a "privilege" – the court has already explained above that the doctrine is one of qualified and limited immunity that may be overlooked and bypassed given the right set of circumstances. As to those circumstances, Neonode would have to nevertheless produce such documents "upon a showing that [Apple] has substantial need of the materials in the preparation of the party's case and that the party is unable without undue hardship to obtain the substantial equivalent of the materials by other means." *See* Fed. R. Civ. P. 26(b)(3). Given that Neonode appears to be under a misapprehension that work product is an absolute privilege, when it is not – and given that the court cannot undertake the Rule 26(b)(3) analysis in the abstract, Neonode's objections are once again presented in a wholesale and premature manner. To the extent that Neonode wishes to lodge such an objection, the place to do so would be in a privilege log such that if Apple wishes to challenge such a designation, that dispute can be brought to the court in a manner that is amenable to an intelligent ruling (that is, one that would be based on an *in camera* review of the document in question, and attended by full-throated briefing and/or argument regarding the Rule 26(b)(3) factors). Accordingly, Neonode's fourth argument is **OVERRULED**.

Lastly, Neonode's fifth argument contends that "plaintiff has already produced all documents provided to plaintiff by [Mr.] Goertz [], and Eriksson provided no documents to plaintiff at any time prior to the execution of his consulting agreement [meaning that] [Apple's] continued pursuit of this issue is a waste of time and resources." *See* Ltr. Br. (dkt. 90) at 5. This statement overlooks several facts: (1) it does not address the documents that Neonode intends to use during the Swedish depositions; (2) it does not address communications between Plaintiff's counsel and Messrs. Goertz and Eriksson; (3) it does not address documents provided by Mr. Eriksson after the execution of his consulting agreement (some of which might conceivably not be covered by the work-product doctrine at all, and others of which might need to be produced under Rule 26(b)(3) notwithstanding the work product doctrine). As stated above, without a privilege log and *in camera* review, and without being able to entertain focused and document-specific arguments from the Parties about the Rule 26(b)(3) factors as to each challenged document, the court cannot intelligently or fairly render work-product rulings under the doctrine. Accordingly,

Neonode's fifth objection is similarly **OVERRULED**.

Therefore, on or before 12:00 noon on May 4, 2022, Neonode is **ORDERED** to produce (1) all documents Neonode Smartphone or its counsel has obtained from Messrs. Goertz or Eriksson, including the consulting agreement with Mr. Eriksson; (2) all communications between Neonode Smartphone or its counsel and Messrs. Goertz or Eriksson; (3) all documents Neonode Smartphone may use at the depositions of Messrs. Goertz or Eriksson; and (4) to the extent Neonode Smartphone intends to withhold any of the above-mentioned documents or communications based on any assertion of privilege or the work product doctrine, Neonode shall prepare and produce a privilege log of all withheld documents and communications.

**IT IS SO ORDERED.**

Dated: April 29, 2022

ROBERT M. ILLMAN
United States Magistrate Judge