Philip J. Graves
(SBN 153441 | pgraves@gravesshaw.com)
Greer N. Shaw
(SBN 197960 | gshaw@gravesshaw.com
GRAVES & SHAW LLP
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: (213) 204-5101

Kalpana Srinivasan
(SBN 237460 | ksrinivasan@susmangodfrey.com)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029)
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

Brian D. Melton
SUSMAN GODFREY L.L.P.
(Admitted PHV | bmelton@susmangodfrey.com)
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Attorneys for Plaintiff NEONODE
SMARTPHONE LLC

Roger A. Denning (SBN 228998)
denning@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Elliot N. Scher (SBN 343705)
scher@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi ( *Pro Hac Vice*)
kazi@fr.com
Katherine H. Reardon (*Pro Hac Vice*)
reardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 90309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Attorneys for Defendant APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendants. | No.  3:21-cv-08872-EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

1    Plaintiff Neonode Smartphone LLC ("Neonode") and Defendant Apple Inc. ("Apple") jointly

2   submit this Joint Case Management Statement and Rule 26(f) Report pursuant to Civil Local Rule 16-

3   9, Federal Rule of Civil Procedure 26(f), Patent Local Rule 2-1(b), the Standing Order for All Judges

4   of the Northern District of California – Contents of Joint Case Management Statement.

5    **1.    Jurisdiction and Service:** This Court has subject matter jurisdiction pursuant to 28

6   U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35

7   U.S.C. §§ 101 et seq. This case was originally filed in the United States District Court for the Western

8   District of Texas. Apple filed a motion to transfer venue, which the District Court denied. Apple

9   subsequently petitioned the Federal Circuit for a writ of mandamus directing the United States District

10  Court for the Western District of Texas to transfer the case to the United States District Court for the

11  Northern District of California, which the Federal Circuit granted. There are no other issues regarding

12  jurisdiction, venue, or service.

13   **2.    Facts:** On June 8, 2020, Neonode originally filed this action against Apple for

14  infringement of United States Patent No. 8,095,879 (the "'879 Patent" or the "Asserted Patent") and

15  United States Patent Nos. 8,812,993 (the "'993 Patent") in the Western District of Texas, Case No.

16  6:20-cv-505.

17   As described in the parties' September 10, 2025 Joint Case Management Statement, Apple,

18  Samsung Electronics., Ltd. ("Samsung"), and Google LLC filed petitions for inter partes review on

19  the '879 Patent and '993 Patent.

20   On June 15, 2022, the Patent Trials and Appeals Board ("PTAB") issued a Final Written

21  Decision in IPR2021-00145, pertaining to the '993 Patent, finding all challenged claims unpatentable.

22  Neonode Smartphone LLC ("Neonode") appealed this decision, and on June 11, 2024, the Federal

23  Circuit affirmed. *Neonode Smartphone LLC v. Samsung Electronics Co., Ltd., et al.*, No. 22-2134,

24  2024 WL 2927961 (Fed. Cir. 2024).

25   On December 15, 2022, the PTAB issued a Final Written Decision in IPR2021-00144,

26  pertaining to the '879 Patent, finding all challenged claims not unpatentable. Samsung and Apple

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-08872-EMC

1    appealed this decision, and on July 18, 2024, the Federal Circuit affirmed. *Samsung Elecs. Co., Ltd.,*

2    *et al. v. Neonode Smartphone LLC*, No. 23-1464, 2024 WL 3451828 (Fed. Cir. 2024).

3           On January 11, 2023, the PTAB issued a Final Written Decision in IPR2021-01041, pertaining

4    to the '879 Patent, finding all challenged claims not unpatentable. Google appealed this decision, and

5    on July 18, 2024, the Federal Circuit affirmed. *Google LLC v. Neonode Smartphone LLC*, No. 23-

6    1638, 2024 WL 3451831 (Fed. Cir. 2024).

7           Neonode now asserts only the '879 Patent in this litigation. The '879 Patent issued on January

8    10, 2012, and is entitled "User Interface for Mobile Handheld Computer Unit." The '879 Patent

9    discloses a mobile handheld device presenting a user interface comprising a touch sensitive display

10   providing one or more representations of functions, each of which is activated when the device detects

11   an object (such as a user's finger) touching the display at the location of the representation and then

12   gliding away from the touched location.

13          Neonode alleges that Apple directly, contributorily, and willfully infringes the '879 Patent by

14   making, using, selling, and offering to sell, or importing iPhone and iPad models that include the Swipe

15   to Open, Control Bar, QuickPath, Third-Party Keyboard Applications, or the Swipe-Typing Keyboard

16   features.

17          Neonode asserted the '879 Patent in a related case against Samsung entitled *Neonode*

18   *Smartphone LLC v. Samsung Elecs. Co., Ltd., et al.*, No. 6:20-cv-00507 (W.D. Tex.) (the "*Samsung*

19   *Case*"). On July 14, 2023, the U.S. District Court for the Western District of Texas issued a

20   Memorandum in Support of Claim Construction Order finding the sole independent claim of the '879

21   Patent to be indefinite. *Samsung Case*, Dkt. No. 95. The court entered final judgment on August 2,

22   2023. *Samsung Case*, Dkt. No. 96. Neonode appealed this decision, and the Federal Circuit reversed

23   the Court's judgment of invalidity. *Neonode Smartphone LLC v. Samsung Elecs. Co., Ltd., et al.*, No.

24   23-2304, 2024 WL 3873566 (Fed. Cir. 2024). The Court provided claim construction guidance and

25   remanded the case back to the district court for proceedings consistent with its opinion.

26          Following remand, Neonode and Samsung engaged in fact discovery in the district court. The

27   parties ultimately settled the case and filed a joint motion to dismiss on August 29, 2025. *Samsung*

28
                                                       3

1    *Case*, Dkt. No. 145. On September 2, 2025, the district court dismissed the case with prejudice and

2    granted the parties' joint motion to vacate its Final Claim Constructions (*Samsung Case*, Dkt. No. 94)

3    and Memorandum in Support of Claim Construction Order (*Samsung Case*, Dkt. No. 95). *Samsung*

4    *Case*, Dkt No. 146.

5          **3.**      **Legal Issues:** Subject to and without waiving their respective positions and arguments,

6    the Parties believe that the disputed issues requiring judicial resolution include, without limitation:

7             • Whether Apple has directly infringed and is directly infringing the Asserted Patent in

8               violation of 35 U.S.C. § 271;

9             • Whether Apple has induced and is inducing infringement of the Asserted Patent in

10              violation of 35 U.S.C. §§ 271(b) and 271(f)(1);

11            • Whether Apple has contributed to and is contributing to the infringement of the

12              Asserted Patent in violation of 35 U.S.C. §§ 271(c) and 271(f)(2);

13            • Whether Apple has willfully infringed and is willfully infringing the Asserted Patent;

14            • Whether Neonode is entitled to damages and attorneys' fees under 35 U.S.C. §§ 284

15              and 285, and if so, the amount of damages and fees to which Neonode is entitled;

16            • Whether the claims of the Asserted Patent are valid and enforceable;

17            • Whether Neonode's claims for relief are barred, in whole or in part, under 35 U.S.C. §§

18              286 and 287;

19            • Whether Neonode's claims for relief are barred, in whole or in part, by ensnaring the

20              prior art;

21            • Whether Neonode's alleged remedies are limited by 28 U.S.C. §1498(a);

22            • Whether Neonode's attempted enforcement of the Asserted Patent against Apple is

23              barred by the equitable doctrines of estoppel, unclean hands, acquiescence, and/or

24              waiver;

25            • Whether Neonode's claims are barred in whole or in part by reason of estoppel, the

26              dedication-disclosure rule, and/or the other legal doctrines limiting the scope of the

27              claims and their equivalents; and

28

4

- Whether Neonode's filing and prosecuting of the present lawsuit is exceptional under 35 U.S.C. § 285 such that Apple is entitled to attorneys' fees.

**4.     Motions:**

On November 5, 2020, Apple moved to transfer venue to this District. Dkt. 27. Apple also filed a motion to stay the case pending the court's decision on the motion to transfer. Dkt. 28. The Court granted the stay, and the parties engaged in venue discovery. Dkt. 40. Neonode opposed the transfer motion. Dkt. 56. The district court denied the motion. Dkt. 65. Apple filed a mandamus petition challenging the district court's denial of the transfer motion. Dkt. 75. The Federal Circuit granted the petition and transferred the case to this district. *Id.*, Dkt. 76.

This case has been stayed pending resolution of the *Samsung Case*. After that case resolved, the parties filed a joint stipulation to lift the stay (Dkt. 118), which this Court granted. Dkt. 119.

**5.     Amendment of Pleadings:** No additional Parties are expected to be added prior to the deadline for amending the pleadings. Discovery will inform whether there will be any additional claims, defenses, or counterclaims. Neither Party plans to amend its pleadings at this time, but they reserve their respective rights to do so as necessary to protect their respective rights.

**6.     Evidence Preservation:** The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to issues reasonably evident in this action.

**7.     Disclosures:** On October 16, 2020, Neonode served its Preliminary Infringement Contentions on Apple.  On November 27, 2020, Neonode served its Supplemental Preliminary Infringement Contentions on Apple.

**8.     Discovery**

**a.     Discovery Taken to Date**

The parties conducted discovery related to Apple's venue transfer motion, including by interrogatories, documents requests, and depositions. The discovery was focused on venue-related issues and did not generally encompass the legal issues (infringement, validity, and damages)

5

1  identified above.  Through the Stockholm District Court, the parties also conducted international

2  discovery into Magnus Goertz (the named inventor for the '879 Patent) and Bjorn Thomas Eriksson

3  (co-founder of Neonode AB), resulting in document collections from and examinations of these

4  individuals.

**b.    Scope of Anticipated Discovery**

6      The Parties anticipate that discovery will be necessary concerning subjects relating to the

7  development of the Accused Products, issues of patent infringement, contributory and induced

8  infringement, willful infringement, patent validity, patent enforceability, patent damages, and

9  enhanced damages, as well as the legal and equitable defenses Apple asserts in its Answer, such as

10  noninfringement, invalidity, prosecution history estoppel, unclean hands, equitable estoppel,

11  acquiescence, waiver, ensnarement of prior art, and limitations on the damages sought by Neonode.

12  This is not meant to be an exhaustive list, and the Parties reserve the right to seek discovery on

13  additional subjects as appropriately raised.

**c.    Proposed Limitations or Modifications**

15      The Parties have agreed to the following discovery limits:

16      With respect to written discovery, the Parties agree that each side shall be entitled to serve up

17  to 25 interrogatories, 75 requests for production, and 30 requests for admission. The Parties further

18  agree that documents produced by Neonode or Apple in response to document requests in this matter

19  shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901 if those

20  documents were created by or for the producing party. If a party serves a good faith written objection

21  to the authenticity of a document, the presumption of authenticity will no longer apply to that

22  document. Any objection to a document's authenticity must be provided prior to or with the exchange

23  of objections to trial exhibits. The Parties agree to work together to ensure that all witnesses who may

24  be called to testify at trial are subject to deposition during fact discovery to the extent practicable.

25      With respect to fact depositions:

26      **Neonode's Statement:** Neonode requests that the parties have a limit of no more than 100

27  hours (on the record) (including party and nonparty depositions). Neonode believes that a 100-hour

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-08872-EMC

1    limit for depositions is needed given the likelihood of many different witnesses having relevant

2    knowledge about this case. Apple identified more than 30 different individuals with relevant

3    knowledge during venue discovery, including in product design, development, sales, marketing

4    activities, and/or otherwise having knowledge relevant to the case. Neonode expects a similar number

5    of relevant individuals to be identified in fact discovery and requests sufficient time to be able to

6    depose them.

7    **Apple's Statement:**  Apple requests that the limits in the Federal Rules of Civil Procedure

8    govern fact depositions in this case.  Since venue discovery was completed, this case has been

9    narrowed to one patent and does not raise any unique issues that justify deviating from the defaults set

10   forth in the Federal Rules.  Further, Apple identified more than 30 individuals during venue discovery

11   not because it expects all or even most of those witnesses to be deposed, but instead to demonstrate

12   that, whichever subset of that group is selected for deposition, the locus of discovery is in the Northern

13   District of California, rather than the Western District of Texas.

14   The Parties agree that expert depositions shall be presumptively limited to 7 hours per witness

15   per report.

16   The Parties will confer on processes for email-specific discovery and custodian-based search

17   terms.

18                          **d.    Stipulated E-Discovery Order**

19   The Parties intend to negotiate and propose a stipulated order based on this District's Model

20   Stipulation and Order Re: Discovery of Electronically Stored Information for Patent Litigation. The

21   Parties will jointly submit a proposed order, with an accompanying declaration explaining any

22   modifications and a redline version comparing the proposed order to the model order.

23                          **e.    Proposed Discovery Plan**

24   Pursuant to Rule 26(f)(3), the Parties agree to the following discovery plan:

25   • The parties have agreed that fact discovery will open on October 14, 2025.

26   • The parties intend to exchange Initial Disclosures on October 28, 2025.

27

28

7

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-08872-EMC

1

2

- The Parties have described the anticipated subjects on which discovery may be necessary above in Section 8(b).

3

4

- The Parties' proposed schedules based on the Patent Local Rules are set forth below in Section 17.

5

6

- Currently, the Parties are conferring on issues related to discovery and electronically stored information. Fed. R. Civ. P. 26(f)(3)(C).

7

8

9

- The Parties intend to submit a Protective Order to the Court for consideration, which will include procedures related to attorney-client privilege and work product claims. Fed. R. Civ. P. 26(f)(3)(D), (F).

10

11

- The Parties' proposed limitations on discovery are described above in Section 8(c). Fed. R. Civ. P. 26(f)(3)(E).

12

**f.      Discovery Disputes**

13

14

The parties are currently unaware of any discovery disputes that the Parties would like to bring to the Court's attention at this time.

15

**9.      Class Actions:** This case is not a class action.

16

**10.     Related Cases:**

17

18

*Neonode Smartphone LLC v. Apple Inc.*, No. 6:20-cv-505 (W.D. Tex.) (originating case transferred from WDTX to NDCA).

19

20

*Neonode Smartphone LLC v. Samsung Elecs. Co., Ltd., et al.*, No. 6:20-cv-507-ADA (W.D. Tex.).

21

*Neonode Smartphone LLC v. Samsung Electronics Co., Ltd., et al.*, No. 22-2134 (Fed. Cir.).

22

*Samsung Elecs. Co., Ltd., et al. v. Neonode Smartphone LLC*, No. 23-1464 (Fed. Cir.)

23

*Google LLC v. Neonode Smartphone LLC*, No. 23-1638 (Fed. Cir.).

24

**11.     Relief**

25

**Neonode's Statement:** Neonode requests at least the following relief:

26

- A declaration that Apple has infringed and continues to infringe the Asserted Patent;

27

28

8

- A declaration that Apple has induced and contributed to infringement and continues to induce and contribute to infringement of the Asserted Patent;

- A declaration that Apple has willfully infringed and continues to willfully infringe the Asserted Patent;

- An award to Neonode of damages in an amount adequate to compensate Neonode, including enhanced damages, together with pre- and post-judgment interest, for Apple's infringement of the Asserted Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284;

- A declaration that this case is exceptional pursuant to 35 U.S.C. § 285; and

- An award to Neonode of its costs, disbursements, attorneys' fees, and such further and additional relief as this Court deems appropriate, and all other relief to which the Court finds Neonode is entitled.

**Apple's Statement:** Apple requests at least the following relief:

- Judgment that Apple does not infringe the Asserted Patent (directly, indirectly, or willfully);

- Judgment that each asserted claim of the Asserted Patent is invalid;

- An order barring Neonode, and all persons acting on its behalf or in convert with it, from asserting infringement of the Asserted Patent against Apple or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;

- An award of expenses, costs, and disbursements in this action;

- An order that this case is an exceptional case and awarding Apple its reasonable attorneys' fees; and

- Any such other and further relief that the Court finds just and proper.

**12.    Settlement and ADR:** The parties believe that mediation of the case eventually may be useful.

**13.    Consent to Magistrate Judge For All Purposes:**

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-08872-EMC

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ YES __X__ NO

**14.    Other References:** At this time, the Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues:** The Parties will work to narrow issues by agreement or motion as discovery progresses. The Parties will also seek to stipulate to facts not reasonably in dispute. At a later stage in discovery, the Parties will meet and confer to discuss limiting the number of asserted claims and prior art references, if appropriate. The Parties will work to narrow any claim construction issues before the claim construction hearing.

**16.    Expedited Trial Procedure:** The Parties have discussed the Expedited Trial Procedure and agree not to have the case handled under the ETP.

**17.    Scheduling:**

The parties agree to the following pre-*Markman* deadlines:

| Item | Parties' Proposed Date |
|---|---|
| Parties submit Joint Case Management Statement | **September 30, 2025** |
| Case Management Conference | **October 7, 2025** |
| Opening of Fact Discovery | **October 14, 2025** |
| Plaintiff serves preliminary infringement contentions per Patent LR 3-1. | **October 21, 2025** (two weeks after CMC) |
| Parties serve initial disclosures | **October 28, 2025** |
| Parties submit ADR Certification in compliance with Civil Local Rule 16-8(b) and ADR Local Rule 3-5(b). | **November 14, 2025** |
| Defendant serves invalidity contentions per Patent LR 3-3. | **December 5, 2025** (45 days after service of infringement contentions) |
| Parties exchange lists of proposed terms for construction per Patent LR 4-1(a). | **December 19, 2025** (14 days after service of invalidity contentions) |
| Parties exchange proposed constructions of each term identified by either party per Patent LR 4-1(a). At the same time the parties exchange their respective "Preliminary Claim Constructions," each party shall also identify all references from the specification or prosecution history that support its proposed construction and designate any supporting extrinsic evidence | **January 9, 2026** (21 days after exchange of lists of proposed terms) |

JOINT CASE MANAGEMENT STATEMENT
CASE No. 3:21-CV-08872-EMC

including, without limitation, dictionary definitions, citations to learned treatises and prior art, and testimony of percipient and expert witnesses. Extrinsic evidence shall be identified by production number or by producing a copy if not previously produced. With respect to any supporting witness, percipient or expert, the identifying party shall also provide a description of the substance of that witness' proposed testimony that includes a listing of any opinions to be rendered in connection with claim construction.

| | |
|---|---|
| Plaintiff serves damages contentions per Patent LR 3-8 | **January 26, 2026** (50 days after service of invalidity contentions) |
| Parties file Joint Claim Construction and Prehearing Statement per Patent LR 4-3. | **February 3, 2026** (60 days after service of invalidity contentions) |
| Unless the parties agree otherwise, not later than 60 days after service of the "Invalidity Contentions," any party that intends to rely on any witness who will give expert testimony to support that party's proposed constructions shall serve the other party or parties with a claim construction expert report for that witness. Such reports shall comply with the disclosure requirements of Fed. R. Civ. P. 26(A)(2)(B). | **February 3, 2026** (60 days after service of invalidity contentions) |
| Deadline to complete all discovery relating to claim construction, including any depositions with respect to claim construction of any witnesses, including experts, identified in the Preliminary Claim Construction statement (Patent L.R. 4-2) or Joint Claim Construction and Prehearing Statement (Patent L.R. 4-3). | **March 5, 2026** (30 days after filing Joint Claim Construction Statement) |
| Plaintiff files Opening Claim Construction Brief. | **March 20, 2026** (45 days after Joint Claim Construction Statement) |
| Defendant files Responsive Claim Construction Brief. | **April 3, 2026** (14 days after service of opening brief) |
| Plaintiff files Reply Claim Construction Brief. | **April 10, 2026 (**7 days after service of responsive brief) |
| Parties submit optional technical tutorials to the Court and technical advisor (if appointed). | **April 17, 2026** |
| *Markman* hearing at 9:00 a.m. This date is a placeholder, and the Court may adjust this date as the *Markman* hearing approaches | **April 24, 2026** (14 days after filing of reply brief) |
| Defendant serves responsive damages contentions per Patent LR 3-9 | **February 25, 2026** (30 days after service of damages contentions) |
| Damages contention meeting per Patent LR 3-9 | **March 27, 2026** (60 days after service of responsive damages contentions) |
| Deadline to add parties. | **April 14, 2026** |

11

1      The parties disagree on whether it is necessary at this time to schedule deadlines post-

2  *Markman*.

3      **Neonode's Statement:**  Neonode proposes a schedule that conforms with both the Local Patent

4  Rules and this Court's standing order "Guidelines re Calculation of Trial Time Line." Neonode's

5  request is also consistent with this Court's "Civil Standing Order – General," which states that the joint

6  case management conference statement "must include all elements requested in the 'Standing Order

7  for All Judges of the Northern District of California – Contents of Joint Case Management

8  Statement.'" Civil Standing Order – General ¶ 6.  That standing order, in turn, requires the parties'

9  joint statement to include "[p]roposed dates for designation of experts, discovery cutoff, hearing of

10 dispositive motions, pretrial conference and trial." Standing Order for All Judges of the Northern

11 District of California – Contents of Joint Case Management Statement ¶ 15. Neonode's proposal

12 complies with this Court's standing orders; Apple's does not.

13     This case is distinguishable from the cases that Apple cites due to (1) the significant time

14 between filing of the complaint and the case management conference, (2) the fact that the Federal

15 Circuit has already reviewed the '879 Patent and provided guidance on claim construction, and (3) the

16 PTAB proceedings on the '879 Patent identified above. First, the complaint in this case was filed over

17 five years ago. Setting definite dates for the close of fact discovery, expert reports, and trial is necessary

18 to ensure that Neonode can vindicate its rights to the '879 Patent fairly and efficiently. A definite

19 schedule through trial is crucial to timely resolution of this case. Any further delay in the case would

20 be prejudicial. Second, Apple claims that a *Markman Order* would "significantly impact the scope of

21 fact and expert discovery," but, as explained above, the parties already have the benefit of the Federal

22 Circuit's opinion in the *Samsung Case*. There, the Federal Circuit construed the term "wherein the

23 representation consists of only one option for activating the function" of the '879 Patent as: "wherein

24 the representation consists of only one option for what function to activate at a given time (where a

25 given time means the currently active application)." *Neonode Smartphone LLC v. Samsung Elecs. Co.,

26 Ltd., et al.*, No. 23-2304, 2024 WL 3873566, at *4 (Fed. Cir. 2024). The Federal Circuit also

27 "affirm[ed] the district court's conclusion that Samsung did not establish that the "gliding ... away"

28

limitation renders claim 1 indefinite. *Id.* at *6. The parties thus already have guidance about certain terms and can litigate the case with that guidance. Even without the benefit of that decision, the parties can engage in discovery before the terms are construed, as the above agreed-upon deadlines contemplate. Fact discovery should be nearly complete by the time the Court enters a *Markman Order*, so postponing the fact discovery deadline is unnecessary. Third, the proceedings in front of the PTAB and their appeals to the Federal Circuit (identified *supra* parts 2 and 10) involving the '879 Patent will narrow invalidity issues due to IPR estoppel. Apple will be barred from asserting certain prior art in this litigation, which will thus impact the scope of fact and expert discovery.

Finally, in many of the cases cited by Apple, the parties either agreed to a schedule that did not set deadlines after the *Markman Order*[1] or requested indefinite deadlines keyed off the Markman Order (*i.e.*, 90 days from the Markman Order).[2] For the foregoing reasons, Neonode requests a schedule with a definite trial date, along with the deadlines identified below.

| Item | Neonode's Proposed Date |
|---|---|
| Close of Fact Discovery. | May 14, 2026 |
| Opening Expert Reports Due. | May 14, 2026 |
| Rebuttal Expert Reports Due. | June 4, 2026 |
| Close of Expert Discovery. | June 25, 2026 |
| Deadline to amend pleadings. | June 25, 2026 |
| Dispositive motion deadline and *Daubert* motion deadline. | July 11, 2026 |
| Parties serve Pretrial Disclosures (jury instructions, witness lists, and deposition designations). | July 24, 2026 |
| Parties serve objections to Pretrial Disclosures/Rebuttal Disclosures. | August 7, 2026 |
| Parties serve objections to Rebuttal Disclosures; file motions *in limine*. | August 14, 2026 |
| Deadline to meet and confer | August 21, 2026 |

---

[1] *Apple Inc. v. Traxcell Techs. LLC*, No. 3:21-cv-06059-EMC, Dkt. No. 22 (N.D. Cal. Feb. 15, 2022); *Software Research, Inc. v. Qualys, Inc.*, No. 3:20-cv-04456-EMC, Dkt. No. 18 (N.D. Cal. Nov. 9, 2020); *Google LLC v. Sonos, Inc.*, No. 20-cv-03845-EMC, Dkt. No. 44 (N.D. Cal. Oct. 15, 2020).

[2] *On 24, Inc. v. webinar.net, Inc.*, No. 3:21-cv-07721-EMC, Dkt. No. 23 (N.D. Cal. Jan. 25, 2022); *Dali Wireless Inc. v. Corning Optical Communications LLC*, No. 3:20-06469-EMC, Dkt. No. 60 (N.D. Cal. October 15, 2020).

| | |
|---|---|
| Parties file Joint Pretrial Conference Statement and Trial Briefs (jury instructions, exhibit lists, witness lists, and deposition designations); file oppositions to motions *in limine*. | **September 1, 2026** |
| Parties file joint notice identifying remaining objections to Pretrial Disclosures and disputes on motions *in limine*. | **September 12, 2026** |
| Final Pretrial Conference | **September 22, 2026** |
| Jury Selection/Trial. | **October 19, 2026** |

**Apple's Statement:** Apple proposes that the remaining case schedule be set following this Court's *Markman* proceedings. Specifically, within two weeks of this Court issuing a *Markman* order, the parties would confer and file a proposed schedule including post-*Markman* deadlines (*e.g.*, the close of fact discovery, expert discovery, dispositive and *Daubert* motions, pre-trial disclosures, and trial). This approach would give the Court and parties the benefit of the *Markman* order, which may significantly impact the scope of fact and expert discovery and/or be case-dispositive, before deciding the rest of the case schedule. Apple understands that this approach is consistent with this Court's practice in patent cases and respectfully requests the same approach here. *See, e.g.*, *Apple Inc. v. Traxcell Techs. LLC*, No. 3:21-cv-06059-EMC, Dkt. No. 48 (N.D. Cal. Feb. 15, 2022) (setting deadlines up through the *Markman* hearing); *On 24, Inc. v. webinar.net, Inc.*, No. 3:21-cv-07721-EMC, Dkt. No. 24 (N.D. Cal. Jan. 25, 2022) (same); *Netskope, Inc. v. Bitglass, Inc.*, No. 3:21-cv-00916-EMC, Dkt. No. 32 (N.D. Cal. June 10, 2021) (same); *Semiconductor Energy Lab. Co., Ltd. v. BOE Tech. Grp. Co., Ltd., et al.*, No. 20-cv-04297-EMC, Dkt No. 40 (N.D. Cal. Nov. 12, 2020); *Software Research, Inc. v. Qualys, Inc.*, No. 3:20-cv-04456-EMC, Dkt. No. 30 (N.D. Cal. Nov. 9, 2020) (same); *Dali Wireless Inc. v. Corning Optical Communications LLC*, No. 3:20-06469-EMC, Dkt. No. 60 (N.D. Cal. October 15, 2020) (same); *Google LLC v. Sonos, Inc.*, No. 20-cv-03845-EMC, Dkt. No. 52 (N.D. Cal. Oct. 15, 2020) (same); *Fortinet, Inc. v. Forescout Techs., Inc.*, No. 20-cv-03343-EMC, Dkt. No. 34 (N.D. Cal. Aug. 13, 2020) (same); *Cisco Sys., Inc. v. Capella Photonics, Inc.*, No. 3:20-cv-01858-EMC, Dkt. No. 37 (N.D. Cal. July 10, 2020) (same).

Each of Neonode's arguments urging this Court to deviate from its common practice in patent cases lack merit.

14

1    ***First***, Neonode's argument that this case should be treated differently because it was filed in

2    2020 ignores the procedural history here.  Neonode joined in requesting each stay in this case, belying

3    its assertion that swift resolution is more necessary here than any other patent case.  Dkt. Nos. 36, 66,

4    115.  Further, as identified in Paragraph 8(a), no discovery has been taken between the parties (apart

5    from venue discovery and limited foreign discovery initiated by Neonode in the IPR), and so this case

6    is procedurally identical to any other patent case for purposes of determining whether a strict trial date

7    is necessary.

8    ***Second***, Neonode's reliance on the Federal Circuit's decision regarding the '879 Patent should

9    not impact scheduling.  As explained above, a number of claim construction issues persist in this case,

10   including for terms that were not addressed by the Federal Circuit.  Claim construction here may

11   therefore be case dispositive and/or significantly impact the scope of fact and expert discovery.  As to

12   the one term that the Federal Circuit construed, the Court noted "[t]he district court may need to further

13   refine this construction on remand, consistent with our holding here."  *Neonode Smartphone LLC v.*

14   *Samsung Elecs. Co., Ltd.*, 2024 WL 3873566, at *4, n.1 (Fed. Cir. 2024).  As such, further construction

15   of this term may even be appropriate.  As to the other constructions from the Samsung case, Neonode

16   and Samsung asked Judge Albright to vacate his claim construction order as part of the settlement,

17   suggesting that they will seek to entirely re-litigate the construction of "gliding" in this case.  In short,

18   contrary to Neonode's suggestion, there is still much uncertainty regarding the scope of the claims in

19   this case.

20   ***Third***, the PTAB proceedings on the '879 Patent do not warrant changing this Court's approach

21   to scheduling patent cases.  If anything, the PTAB proceedings broaden the anticipated scope of claim

22   construction and fact discovery.  For example, the PTAB proceedings expand the intrinsic record for

23   the '879 Patent, and potentially introduce disclaimers from Neonode that must be considered in any

24   disputed claim constructions.  *See, e.g.*, *Aylus Networks, Inc. v. Apple Inc.*, 856 F.3d 1353, 1362 (Fed.

25   Cir. (2017) ("[W]e hold that statements made by a patent owner during an IPR proceeding, whether

26   before or after an institution decision, can be considered for claim construction and relied upon to

27

28

15

support a finding of prosecution disclaimer.").  Further, because any prior art invalidity issues in this case will be focused on systems, extensive third-party discovery may be necessary.

In sum, the scheduling in this case should conform to this Court's approach in patent cases. Efficiency is promoted in ensuring that any fact depositions taken at the close of fact discovery, and any issues analyzed in expert reports, are necessary and within the proper scope of the case, as will be determined by this Court's *Markman* order.  As Neonode notes, many (though not all) of the scheduling orders cited above were agreed-upon.  Presumably, the patentees in each of those cases wanted their day in Court.  Those patentees likely recognized that deferring scheduling post-*Markman* deadlines until after receiving a *Markman* order does not impart any prejudice, but rather improves efficiency for the parties and for the Court.

**18.    Trial:** Both parties demand a jury trial.  The Parties agree that the length of trial will depend on which, and to what extent, issues may be resolved during the course of litigation.

**19.    Disclosure of Non-Party Interested Entities or Persons:** On September 4, 2020, Apple filed its disclosure statement pursuant to Federal Rule of Civil Procedure 7.1(a), confirming that it has no parent corporations and that there is no publicly-held company that owns 10% or more of Apple's stock.  Dkt. 15.  On October 23, 2020, Neonode filed its disclosure statement, disclosing pursuant to Federal Rule of Civil Procedure 7.1(a), that Aequitas Technologies LLC owns 10% or more of Plaintiff Neonode Smartphone LLC. Dkt. 20.[3]

**20.    Professional Conduct:** All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    Other:** The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

Respectfully submitted,

---

[3] Apple states that Neonode has not disclosed the identity of any litigation funders, including by refusing to substantively respond to Apple's venue interrogatory No. 5. Apple reserves all rights regarding conflicts or related issues, pending discovery into Neonode's litigation funding.

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-08872-EMC

1   By: /s/ Kalpana Srinivasan                    By: /s/ Joy Kete

2   Philip J. Graves                              Roger A. Denning (SBN 228998)
    (SBN 153441 | pgraves@gravesshaw.com)         denning@fr.com
3   Greer N. Shaw                                 Joy B. Kete (SBN 355859)
    (SBN 197960 | gshaw@gravesshaw.com)           kete@fr.com
4   GRAVES & SHAW LLP                             Elliot N. Scher (SBN 343705)
    355 S. Grand Ave., Suite 2450                 scher@fr.com
5   Los Angeles, CA 90071                         FISH & RICHARDSON P.C.
    Telephone: (213) 204-5101                     12860 El Camino Real, Suite 400
6                                                 San Diego, CA 92130
    Kalpana Srinivasan                            Tel: (858) 678-5070 / Fax: (858) 678-5099
7   (SBN 237460 | ksrinivasan@susmangodfrey.com)
    SUSMAN GODFREY L.L.P.                          Aamir A. Kazi (Pro Hac Vice)
8   1900 Avenue of the Stars, Suite 1400          kazi@fr.com
    Los Angeles, California 90067-6029)           Katherine H. Reardon (Pro Hac Vice)
9   Telephone: (310) 789-3100                     reardon@fr.com
    Facsimile: (310) 789-3150                     FISH & RICHARDSON P.C.
10                                                1180 Peachtree Street NE, 21st Floor
11  Brian D. Melton                               Atlanta, GA 90309
    SUSMAN GODFREY L.L.P.                         Tel: (404) 892-5005 / Fax: (404) 892-5002
12  (Admitted PHV | bmelton@susmangodfrey.com)
13  1000 Louisiana Street, Suite 5100             Counsel for Defendant Apple Inc.
    Houston, Texas 77002
14  Telephone: (713) 651-9366
    Facsimile: (713) 654-6666
15

16  Counsel for Plaintiff Neonode Smartphone LLC

17

18

19

20

21

22

23

24

25

26

27

28

17

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-08872-EMC

1

## **ATTESTATION**

2      Pursuant to Civ. Local Rule 5.1(i)(3) regarding signatures, I attest under penalty of perjury

3   that concurrence in the filing of this document has been obtained from counsel for Apple.

4

5                                                              */s/ **Kalpana Srinivasan***
                                                             Kalpana Srinivasan
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE MANAGEMENT STATEMENT
CASE NO. 3:21-CV-08872-EMC

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 30th day of September, 2025, the foregoing document

was electronically filed with the Clerk of the Court for the United States District Court, Northern

District of California, using this Court's Electronic Case Filing (ECF) system.

*/s/  Kalpana Srinivasan*
Kalpana Srinivasan

19