| | |
|---|---|
| Philip J. Graves (SBN 153441 \| pgraves@gravesshaw.com) Greer N. Shaw (SBN 197960 \| gshaw@gravesshaw.com) GRAVES & SHAW LLP 355 S. Grand Ave., Suite 2450 Los Angeles, CA 90071 Telephone: (213) 204-5101 | Roger A. Denning (SBN 228998) denning@fr.com Joy B. Kete (SBN 355859) kete@fr.com Elliot N. Scher (SBN 343705) scher@fr.com FISH & RICHARDSON P.C. 12860 El Camino Real, Suite 400 San Diego, CA 92130 Tel: (858) 678-5070 / Fax: (858) 678-5099 |
| Kalpana Srinivasan (SBN 237460 \| ksrinivasan@susmangodfrey.com) SUSMAN GODFREY L.L.P. 1900 Avenue of the Stars, Suite 1400 Los Angeles, California 90067-6029) Telephone: (310) 789-3100 Facsimile:  (310) 789-3150 | Aamir A. Kazi ( *Pro Hac Vice*) kazi@fr.com Katherine H. Reardon (*Pro Hac Vice*) reardon@fr.com FISH & RICHARDSON P.C. 1180 Peachtree Street NE, 21st Floor Atlanta, GA 90309 Tel: (404) 892-5005 / Fax: (404) 892-5002 |
| Brian D. Melton SUSMAN GODFREY L.L.P. *(Admitted PHV* \| bmelton@susmangodfrey.com) 1000 Louisiana Street, Suite 5100 Houston, Texas 77002 Telephone: (713) 651-9366 Facsimile: (713) 654-6666 | Attorneys for Defendant APPLE INC. |

Attorneys for Plaintiff NEONODE SMARTPHONE LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC, <br><br>            Plaintiff, <br><br> v. <br><br> APPLE INC., <br><br>            Defendants. | No.  3:21-cv-08872-EMC <br><br> **JOINT CASE MANAGEMENT STATEMENT** |

1

Plaintiff Neonode Smartphone LLC ("Neonode") and Defendant Apple Inc. ("Apple") jointly submit this Joint Case Management Statement and Rule 26(f) Report pursuant to Civil Local Rule 16-9 and 16-10(d), Federal Rule of Civil Procedure 26(f), Patent Local Rule 2-1(b), the Standing Order for All Judges of the Northern District of California – Contents of Joint Case Management Statement.

**1.    Jurisdiction and Service:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, 35 U.S.C. §§ 101 et seq. This case was originally filed in the United States District Court for the Western District of Texas. Apple filed a motion to transfer venue, which the District Court denied. Apple subsequently petitioned the Federal Circuit for a writ of mandamus directing the United States District Court for the Western District of Texas to transfer the case to the United States District Court for the Northern District of California, which the Federal Circuit granted. There are no other issues regarding jurisdiction, venue, or service.

**2.    Facts:** On June 8, 2020, Neonode originally filed this action against Apple for infringement of United States Patent No. 8,095,879 (the "'879 Patent" or the "Asserted Patent") and United States Patent Nos. 8,812,993 (the "'993 Patent") in the Western District of Texas, Case No. 6:20-cv-505.

As described in the parties' September 30, 2025 Joint Case Management Statement, Apple, Samsung Electronics., Ltd. ("Samsung"), and Google LLC filed petitions for inter partes review on the '879 Patent and '993 Patent.

On June 15, 2022, the Patent Trials and Appeals Board ("PTAB") issued a Final Written Decision in IPR2021-00145, pertaining to the '993 Patent, finding all challenged claims unpatentable. Neonode Smartphone LLC ("Neonode") appealed this decision, and on June 11, 2024, the Federal Circuit affirmed. *Neonode Smartphone LLC v. Samsung Electronics Co., Ltd., et al.*, No. 22-2134, 2024 WL 2927961 (Fed. Cir. 2024).

On December 15, 2022, the PTAB issued a Final Written Decision in IPR2021-00144, pertaining to the '879 Patent, finding all challenged claims not unpatentable. Samsung and Apple

appealed this decision, and on July 18, 2024, the Federal Circuit affirmed. *Samsung Elecs. Co., Ltd., et al. v. Neonode Smartphone LLC*, No. 23-1464, 2024 WL 3451828 (Fed. Cir. 2024).

On January 11, 2023, the PTAB issued a Final Written Decision in IPR2021-01041, pertaining to the '879 Patent, finding all challenged claims not unpatentable. Google appealed this decision, and on July 18, 2024, the Federal Circuit affirmed. *Google LLC v. Neonode Smartphone LLC*, No. 23-1638, 2024 WL 3451831 (Fed. Cir. 2024).

Neonode asserted the '879 Patent in a related case against Samsung entitled *Neonode Smartphone LLC v. Samsung Elecs. Co., Ltd., et al.*, No. 6:20-cv-00507 (W.D. Tex.) (the "*Samsung Case*"). On July 14, 2023, the U.S. District Court for the Western District of Texas issued a Memorandum in Support of Claim Construction Order finding the sole independent claim of the '879 Patent to be indefinite. *Samsung Case*, Dkt. No. 95. The court entered final judgment on August 2, 2023. *Samsung Case*, Dkt. No. 96. Neonode appealed this decision, and the Federal Circuit reversed the Court's judgment of invalidity. *Neonode Smartphone LLC v. Samsung Elecs. Co., Ltd., et al.*, No. 23-2304, 2024 WL 3873566 (Fed. Cir. 2024). The Court provided claim construction guidance and remanded the case back to the district court for proceedings consistent with its opinion.

Following remand, Neonode and Samsung engaged in fact discovery in the district court. The parties ultimately settled the case and filed a joint motion to dismiss on August 29, 2025. *Samsung Case*, Dkt. No. 145. On September 2, 2025, the district court dismissed the case with prejudice and granted the parties' joint motion to vacate its Final Claim Constructions (*Samsung Case*, Dkt. No. 94) and Memorandum in Support of Claim Construction Order (*Samsung Case*, Dkt. No. 95). *Samsung Case*, Dkt No. 146.

Following resolution of Neonode's co-pending litigation with Samsung, the Court lifted the stay in the present case on September 15, 2025. Dkt. 119. The Court held its Initial Case Management Conference on October 7, 2025. Dkt. 143. Fact discovery opened a week later, and since then, the parties have exchanged infringement and invalidity contentions, served initial disclosures, and propounded and responded to discovery requests. The Court ordered a case schedule (D.I. 151, 154), and pursuant to those orders, the parties are currently preparing a joint claim construction statement.

Neonode now asserts only the '879 Patent in this litigation. The '879 Patent issued on January 10, 2012, and is entitled "User Interface for Mobile Handheld Computer Unit." The '879 Patent discloses a mobile handheld device presenting a user interface comprising a touch sensitive display providing one or more representations of functions, which are activated when the device detects an object (such as a user's finger) touching the display at the location of the representation and then gliding away from the touched location.

While this case was pending in the Western District of Texas, in its Complaint, Neonode alleged that Apple directly, indirectly, and willfully infringes the '879 Patent by making, using, selling, and offering to sell, or importing iPhone and iPad models that include allegedly infringing user interface functionality, including the Control Bar, QuickPath, and Third-Party Keyboard Applications and features. After transfer to this District, Neonode served Preliminary Infringement Contentions, where Neonode alleges that Apple directly, indirectly, and willfully infringes the '879 Patent by making, using, selling, and offering to sell, or importing iPhone and iPad models that include an allegedly infringing user interface functionality, and provided 35 claim charts showing various exemplary use cases of the allegedly infringing functionality in the Accused Products.

3.  **Legal Issues:** Subject to and without waiving their respective positions and arguments, the Parties believe that the disputed issues requiring judicial resolution include, without limitation:

- Whether Apple has directly infringed and is directly infringing the Asserted Patent in violation of 35 U.S.C. § 271;
- Whether Apple has induced and is inducing infringement of the Asserted Patent in violation of 35 U.S.C. §§ 271(b) and 271(f)(1);
- Whether Apple has contributed to and is contributing to the infringement of the Asserted Patent in violation of 35 U.S.C. §§ 271(c) and 271(f)(2);
- Whether Apple has willfully infringed and is willfully infringing the Asserted Patent;
- Whether Neonode is entitled to damages and attorneys' fees under 35 U.S.C. §§ 284 and 285, and if so, the amount of damages and fees to which Neonode is entitled;
- Whether the claims of the Asserted Patent are valid and enforceable;

- Whether Neonode's claims for relief are barred, in whole or in part, under 35 U.S.C. §§ 286 and 287;
- Whether Neonode's claims for relief are barred, in whole or in part, by ensnaring the prior art;
- Whether Neonode's alleged remedies are limited by 28 U.S.C. §1498(a);
- Whether Neonode's attempted enforcement of the Asserted Patent against Apple is barred by the equitable doctrines of estoppel, unclean hands, acquiescence, and/or waiver;
- Whether Neonode's claims are barred in whole or in part by reason of estoppel, the dedication-disclosure rule, and/or the other legal doctrines limiting the scope of the claims and their equivalents; and
- Whether Neonode's filing and prosecuting of the present lawsuit is exceptional under 35 U.S.C. § 285 such that Apple is entitled to attorneys' fees.

**4.     Motions:**

On November 5, 2020, Apple moved to transfer venue to this District. Dkt. 27. Apple also filed a motion to stay the case pending the court's decision on the motion to transfer. Dkt. 28. The Court granted the stay, and the parties engaged in venue discovery. Dkt. 40. Neonode opposed the transfer motion. Dkt. 56. The district court denied the motion. Dkt. 65. Apple filed a mandamus petition challenging the district court's denial of the transfer motion. Dkt. 75. The Federal Circuit granted the petition and transferred the case to this district. *Id.*, Dkt. 76.

This case has been stayed pending resolution of the *Samsung Case*. After that case resolved, the parties filed a joint stipulation to lift the stay (Dkt. 118), which this Court granted. Dkt. 119.

Looking forward, Apple seeks the Court's guidance on the possibility of filing an early motion for summary judgment on a narrow, but case-dispositive, issue. Apple has not yet raised this issue with Neonode.

**5.     Amendment of Pleadings:** No additional Parties are expected to be added prior to the deadline for amending the pleadings. Discovery will inform whether there will be any additional

5

claims, defenses, or counterclaims. Neither Party plans to amend its pleadings at this time, but they reserve their respective rights to do so as necessary to protect their respective rights.

6. **Evidence Preservation:** The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred pursuant to Federal Rule of Civil Procedure 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to issues reasonably evident in this action.

7. **Disclosures:** On October 16, 2020, Neonode served its Preliminary Infringement Contentions on Apple. On November 27, 2020, Neonode served its Supplemental Preliminary Infringement Contentions on Apple. On November 11, 2025, Neonode served its Preliminary Infringement Contentions on Apple. On December 31, 2025, Neonode served its Amended Preliminary Infringement Contentions on Apple. On January 23, 2026, Neonode served its Second Amended Preliminary Infringement Contentions on Apple.

On January 9, 2026, Apple served its Preliminary Invalidity Contentions on Neonode.

8. **Discovery**

   a. **Discovery Taken to Date**

The parties conducted discovery related to Apple's venue transfer motion, including by interrogatories, documents requests, and depositions. The discovery was focused on venue-related issues and did not generally encompass the legal issues (infringement, validity, and damages) identified above. Through the Stockholm District Court, the parties also conducted international discovery into Magnus Goertz (the named inventor for the '879 Patent) and Bjorn Thomas Eriksson (co-founder of Neonode AB), resulting in document collections from and examinations of these individuals.

Since the stay was lifted, the parties have begun conducting discovery concerning subjects relating to the development of the Accused Products, issues of patent infringement, contributory and induced infringement, willful infringement, patent validity, patent enforceability, patent damages, and enhanced damages, as well as the legal and equitable defenses Apple asserts in its Answer, such as noninfringement, invalidity, prosecution history estoppel, unclean hands, equitable estoppel,

acquiescence, waiver, ensnarement of prior art, and limitations on the damages sought by Neonode. Apple has also issued subpoenas to IBM, Sony, and AT&T for discovery into Apple's asserted prior art systems.

### b. Scope of Anticipated Discovery

The Parties anticipate that the parties will continue conducting discovery concerning subjects relating to the development of the Accused Products, issues of patent infringement, contributory and induced infringement, willful infringement, patent validity, patent enforceability, patent damages, and enhanced damages, as well as the legal and equitable defenses Apple asserts in its Answer, such as noninfringement, invalidity, prosecution history estoppel, unclean hands, equitable estoppel, acquiescence, waiver, ensnarement of prior art, and limitations on the damages sought by Neonode. This is not meant to be an exhaustive list, and the Parties reserve the right to seek discovery on additional subjects as appropriately raised.

### c. Proposed Limitations or Modifications

The Parties have agreed to the following discovery limits:

With respect to written discovery, the Parties agree that each side shall be entitled to serve up to 25 interrogatories, 75 requests for production, and 30 requests for admission. The Parties further agree that documents produced by Neonode or Apple in response to document requests in this matter shall be presumed to be authentic within the meaning of Federal Rule of Evidence 901 if those documents were created by or for the producing party. If a party serves a good faith written objection to the authenticity of a document, the presumption of authenticity will no longer apply to that document. Any objection to a document's authenticity must be provided prior to or with the exchange of objections to trial exhibits. The Parties agree to work together to ensure that all witnesses who may be called to testify at trial are subject to deposition during fact discovery to the extent practicable.

With respect to fact depositions:

**Neonode's Statement:** Neonode requests that the parties have a limit of no more than 100 hours (on the record) (including party and nonparty depositions). Neonode believes that a 100-hour limit for depositions is needed given the likelihood of many different witnesses having relevant

knowledge about this case. Apple identified more than 30 different individuals with relevant knowledge during venue discovery, including in product design, development, sales, marketing activities, and/or otherwise having knowledge relevant to the case. Neonode expects a similar number of relevant individuals to be identified in fact discovery and requests sufficient time to be able to depose them.

**Apple's Statement:** Apple requests that the limits in the Federal Rules of Civil Procedure govern fact depositions in this case. Since venue discovery was completed, this case has been narrowed to one patent and does not raise any unique issues that justify deviating from the defaults set forth in the Federal Rules. Further, Apple identified more than 30 individuals during venue discovery not because it expects all or even most of those witnesses to be deposed, but instead to demonstrate that, whichever subset of that group is selected for deposition, the locus of discovery is in the Northern District of California, rather than the Western District of Texas.

The Parties agree that expert depositions shall be presumptively limited to 7 hours per witness per report.

The Parties will confer on processes for email-specific discovery and custodian-based search terms.

### d. Stipulated E-Discovery Order

The Parties intend to negotiate and propose a stipulated order based on this District's Model Stipulation and Order Re: Discovery of Electronically Stored Information for Patent Litigation. The Parties will jointly submit a proposed order, with an accompanying declaration explaining any modifications and a redline version comparing the proposed order to the model order.

### e. Proposed Discovery Plan

Pursuant to Rule 26(f)(3), the Parties agree to the following discovery plan:

- Fact discovery opened on October 14, 2025.
- The parties exchanged Initial Disclosures on November 18, 2025.
- The Parties have described the anticipated subjects on which discovery may be necessary above in Section 8(b).

- The Court ordered a case schedule in Dkt. 151 and Dkt. 154.
- Currently, the Parties are conferring on issues related to discovery and electronically stored information. Fed. R. Civ. P. 26(f)(3)(C).
- The Parties intend to submit a Protective Order to the Court for consideration, which will include procedures related to attorney-client privilege and work product claims. Fed. R. Civ. P. 26(f)(3)(D), (F).
- The Parties' proposed limitations on discovery are described above in Section 8(c). Fed. R. Civ. P. 26(f)(3)(E).

   **f.**  **Discovery Disputes**

The parties have met and conferred regarding many issues but have been unable to reach agreement on several issues relating to the Protective Order, ESI Order, Preliminary Infringement Contentions, and deposition time limits. The parties expect to submit discovery dispute letters to Magistrate Judge Illman setting forth the remaining disputes on these issues by Friday, February 6, 2026.

 **9.**  **Class Actions:** This case is not a class action.

 **10.**  **Related Cases:**

*Neonode Smartphone LLC v. Apple Inc.*, No. 6:20-cv-505 (W.D. Tex.) (originating case transferred from WDTX to NDCA).

*Neonode Smartphone LLC v. Samsung Elecs. Co., Ltd., et al.*, No. 6:20-cv-507-ADA (W.D. Tex.).

*Neonode Smartphone LLC v. Samsung Electronics Co., Ltd., et al.*, No. 22-2134 (Fed. Cir.).

*Samsung Elecs. Co., Ltd., et al. v. Neonode Smartphone LLC*, No. 23-1464 (Fed. Cir.)

*Google LLC v. Neonode Smartphone LLC*, No. 23-1638 (Fed. Cir.).

 **11.**  **Relief**

**Neonode's Statement:** Neonode requests at least the following relief:

- A declaration that Apple has infringed and continues to infringe the Asserted Patent;

- A declaration that Apple has induced and contributed to infringement and continues to induce and contribute to infringement of the Asserted Patent;
- A declaration that Apple has willfully infringed and continues to willfully infringe the Asserted Patent;
- An award to Neonode of damages in an amount adequate to compensate Neonode, including enhanced damages, together with pre- and post-judgment interest, for Apple's infringement of the Asserted Patent through the date such judgment is entered in accordance with 35 U.S.C. § 284;
- A declaration that this case is exceptional pursuant to 35 U.S.C. § 285; and
- An award to Neonode of its costs, disbursements, attorneys' fees, and such further and additional relief as this Court deems appropriate, and all other relief to which the Court finds Neonode is entitled.

**Apple's Statement:** Apple requests at least the following relief:

- Judgment that Apple does not infringe the Asserted Patent (directly, indirectly, or willfully);
- Judgment that each asserted claim of the Asserted Patent is invalid;
- An order barring Neonode, and all persons acting on its behalf or in convert with it, from asserting infringement of the Asserted Patent against Apple or its suppliers, manufacturers, distributors, resellers of its products, customers, or end users of its products;
- An award of expenses, costs, and disbursements in this action;
- An order that this case is an exceptional case and awarding Apple its reasonable attorneys' fees; and
- Any such other and further relief that the Court finds just and proper.

**12.    Settlement and ADR:** Since the prior Case Management Conference, the parties have continued to discuss an appropriate ADR process for this matter. The parties have agreed to schedule a principal-to-principal settlement conference, to occur no later than May 15, 2026. Counsel for the parties may also attend and participate in the conference. Additionally, the parties have agreed to

appoint Stephanie S. Chow of Mediated Outcomes as the mediator in this matter. Consistent with the Court's Scheduling Order (Dkt. 151), the parties will schedule a mediation session with Ms. Chow on or prior to December 8, 2026.

13. **Consent to Magistrate Judge For All Purposes:**

Whether **all** parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment. ____ YES __X__ NO

14. **Other References:** At this time, the Parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. **Narrowing of Issues:** The Parties will work to narrow issues by agreement or motion as discovery progresses. The Parties will also seek to stipulate to facts not reasonably in dispute. At a later stage in discovery, the Parties will meet and confer to discuss limiting the number of asserted claims and prior art references, if appropriate. The Parties will work to narrow any claim construction issues before the claim construction hearing.

16. **Expedited Trial Procedure:** The Parties have discussed the Expedited Trial Procedure and agree not to have the case handled under the ETP.

17. **Scheduling:**

18. The Court ordered a case schedule in Dkt. 151 and Dkt. 154. Apple asks that the Court set a deadline for Neonode to seek dismissal of the '993 Patent with prejudice from this case. That patent was invalidated through *inter partes* review proceedings, and Neonode has confirmed it is no longer asserting the '993 Patent against Apple.**Trial:** Both parties demand a jury trial. The Parties agree that the length of trial will depend on which, and to what extent, issues may be resolved during the course of litigation.

19. **Disclosure of Non-Party Interested Entities or Persons:** On September 4, 2020, Apple filed its disclosure statement pursuant to Federal Rule of Civil Procedure 7.1(a), confirming that it has no parent corporations and that there is no publicly-held company that owns 10% or more of Apple's stock. Dkt. 15. On October 23, 2020, Neonode filed its disclosure statement, disclosing pursuant to Federal Rule of Civil Procedure 7.1(a), that Aequitas Technologies LLC owns 10% or

more of Plaintiff Neonode Smartphone LLC. Dkt. 20. Apple and Neonode each filed a certification of Conflicts, Interested Entities and Persons, and Citizenship on November 5, 2025 (Dkt. 142) and December 11, 2025 (Dkt. 150), respectively.

20. **Professional Conduct:** All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

21. **Other:** The Parties are not presently aware of any other matters that may facilitate the just, speedy, and inexpensive resolution of this matter.

Respectfully submitted,

By: /s/ *Brian D. Melton*
Philip J. Graves
(SBN 153441 | pgraves@gravesshaw.com)
Greer N. Shaw
(SBN 197960 | gshaw@gravesshaw.com)
GRAVES & SHAW LLP
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: (213) 204-5101

Kalpana Srinivasan
(SBN 237460 | ksrinivasan@susmangodfrey.com)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029)
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Brian D. Melton
SUSMAN GODFREY L.L.P.
*(Admitted PHV* | bmelton@susmangodfrey.com)
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Counsel for Plaintiff Neonode Smartphone LLC*

By: /s/ *Joy B. Kete*
Roger A. Denning (SBN 228998)
denning@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Elliot N. Scher (SBN 343705)
scher@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (*Pro Hac Vice*)
kazi@fr.com
Katherine H. Reardon (*Pro Hac Vice*)
reardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 90309
Tel: (404) 892-5005 / Fax: (404) 892-5002

*Counsel for Defendant Apple Inc.*

**ATTESTATION**

Pursuant to Civ. Local Rule 5.1(i)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Apple Inc.

                                                                              /s/     *Brian D. Melton*
                                                                               Brian D. Melton

**CERTIFICATE OF SERVICE**

The undersigned certifies that on the 3rd day of February, 2026, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, using this Court's Electronic Case Filing (ECF) system.

/s/    Brian D. Melton
Brian D. Melton