

**Joy Backer Kete**
Principal
kete@fr.com
T: 617 368 2172

Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
T: 858 678 5070

<u>**E-FILED**</u>

February 6, 2026

Honorable Robert M. Illman
United States District Court
Northern District of California, Eureka Division
3140 Boeing Ave.
McKinleyville, CA 95519

RE:     **Joint Letter re Motion to Strike Neonode Smartphone LLC's Infringement
        Contentions**
        *Neonode Smartphone LLC. v. Apple Inc.*,
        USDC – N.D. Cal. – Case No. 3:21-cv-08872-EMC

This Joint Letter is submitted pursuant to this Court's order referring all discovery disputes (D.I.
88), and paragraph 4 of this Court's Standing Order. Counsel with full and complete authority
have met and conferred via Zoom. Lead trial counsel have concluded no agreement can be
reached.

**FISH.**

The Honorable Robert M. Illman
February 6, 2026
Page 2

**Defendant's Position**

Neonode is trying to artificially expand the scope of this case by serving deficient infringement contentions that accuse 35 separate features, 34 of which were not previously accused. For two claim limitations, Neonode's contentions contain nothing more than a statement that the accused feature meets the limitation and a cross-reference to a disclosure for a prior limitation that is different in scope, with no explanation whatsoever. The contentions do not identify "where" or "how" each accused feature meets the limitations in question, as required by Patent L. R. 3-1. A patent owner's infringement contentions are meant to streamline fact discovery, invalidity contentions, and claim construction by crystallizing its theories as to what products infringe and how. Clear contentions frame what is discoverable and help the parties identify claim construction disputes. Neonode's deficient contentions do not provide this clarity, and therefore do not support launching discovery into the 35 different accused features. Apple respectfully requests that the Court strike Neonode's infringement contentions, stay discovery in this case, and instruct Neonode to serve contentions that meet the requirements of Patent L. R. 3-1.

Before transfer to this District, Neonode served infringement contentions—consistent with the Complaint—focused on three features: Control Bar, QuickPath, and third-party keyboard applications. D.I. 1, ¶¶ 37-67. As recently as September 2025, Neonode told this Court that its focus remained on the same features it had originally accused. D.I. 139 at 3. But on November 11, 2025, Neonode served new contentions accusing 35 features. Neonode is still accusing Control Bar, but has dropped QuickPath and third-party keyboard apps. Neonode then added the following accused features: App Store; Books; Camera; Clock; Contacts; Control Center; Control Center – Add Control Display; Control Center Functions – Connectivity; Control Center Functions – Focus; Control Center – Customize Return Bar; Email; Files; Fitness; Health; Home Bar in Search; Lock Screen; Maps; Messages; Music; News; Notes; Passwords; Phone; Photos; Podcasts; Reminders; Safari; Settings; Translate; TV; Watch; Weather; Calculator; and Preview.[1] Neonode has since served two additional rounds of amended contentions, in both cases without the Court's leave. The most recent amendment was made to address deficiencies raised by Apple. This motion is based on Neonode's latest amended contentions served January 23, 2026.

Patent L. R. 3-1 requires "identifying **specifically where** and **how each limitation** of each asserted claim is found within each Accused Instrumentality." While a patent owner need not prove its case in its contentions, it must disclose the "factual basis" for why it has a "reasonable chance of proving infringement." *MasterObjects, Inc. v. Amazon.com, Inc.*, 2021 WL 5987101, at *1 (N.D. Cal. Dec. 17, 2021); *Shared Memory Graphics LLC v. Apple, Inc.*, 812 F. Supp. 2d 1022, 1025 (N.D. Cal. Dec. 30, 2010). As this Court has made clear, "[b]road inferences cannot stand in place of factual information." *Tessenderlo Kerley, Inc. v. Or-Cal, Inc.*, 2012 WL 1253178, at *2 (N.D. Cal. Apr. 13, 2012).

Neonode's infringement contentions do not come close to this standard. For limitations 1[c] and 1[d], Neonode's contentions restate the claim language and refer back to screenshots Neonode

---

[1] Neonode accuses even more features for the dependent claims.

**FISH.**

The Honorable Robert M. Illman
February 6, 2026
Page 3

pasted into the chart for limitation 1[a]—without further explanation. Ex. 1 (Passwords Chart) at 2-5.[2] Limitation 1[a], which requires a touch sensitive area that includes an icon, is meaningfully different from limitations 1[c] and 1[d], which concern ***how*** the icon's function is activated (through a touch-then-glide gesture without moving the icon). Put differently, by simply pointing to a purported "icon" that it alleges satisfies claim limitation 1[a], Neonode has not explained ***how that "icon" is activated*** in a manner that would satisfy these other limitations. Apple is thus left guessing as to (1) how Neonode believes the accused features infringe, (2) claim construction disputes that may not become apparent until Neonode actually discloses its theories in expert discovery, and (3) the proper scope of prior art and Apple's invalidity theories. If Neonode's contentions are left in their current state, this case will become needlessly unwieldy for the parties and the Court. *MasterObjects*, 2021 WL 5987101 at *1 (P.L.R. 3-1 is meant to "streamline[] discovery" and "crystallize [a patent owner's] theories").

Neonode's contentions are plainly deficient in view of this Court's precedent. For example, in *MasterObjects, Inc. v. Amazon.com, Inc*, the patentee's contentions "merely parrot[ed] the language of the claim" followed by "[e]ighteen pages of document screenshots… lack[ing] any supporting commentary." 2021 WL 5987101, at *1-2. The Court held it was "not sufficient for the claim chart to merely describe the allegedly infringing instrumentality," but instead the patentee needed to "connect the collected documentation to the language of the claim." *Id.* Like in *MasterObjects*, Neonode repeats back claim language for limitations 1[c]-[d], but worse, Neonode does not even include evidence tailored to each limitation but instead relies, without explanation, on the same screenshots (from claim limitation 1[a]) for both limitations. Thus, Neonode's conclusory contentions are insufficient and should be stricken. *Id.* at *3; *see also, e.g.*, *Shared Memory Graphics LLC v. Apple Inc.*, 2011 WL 3878388, at *6 (N.D. Cal. Sept. 2, 2011) ("*Shared Memory II*") (The patentee "simply recites the claim language and baldly asserts that the [claim limitation is] satisfied. This it cannot do.").

Particularly with this user-interface technology, which is easily tested on publicly available iPhones, Neonode must specify its contentions under a "reverse engineering or equivalent" standard. *See, e.g.*, *Shared Memory II*, 2011 WL 3878388, at *5 ("As Judge Chen previously ruled, [the patentee] was similarly required to perform reverse engineering or its equivalent if it wants to pursue its patent infringement claims."). Any suggestion from Neonode that it cannot provide such disclosure without further discovery is undermined by its contentions served in 2020, where Neonode provided narratives describing its infringement theory for the previously

---

[2] Pursuant to D.I. 88, Apple has provided "[u]p to 12 pages of attachments." The excerpted exhibit is representative of Neonode's charts. If the Court would prefer to review each of Neonode's deficient charts, Apple will promptly provide them. There are some deviations across the charts, but none sufficiently address limitations 1[c] and 1[d]. ***First***, in its "Control Bar," "Home Bar in Search," and "Lock Screen" charts, Neonode discloses at least some explanation for limitation 1[c] (though falls short of including a factual basis for any alleged gliding), but not 1[d]. ***Second***, in its "Camera," "Contacts," "Calculator," and "Maps" charts, Neonode alleges certain glides in the context of limitation 1[a] (though falls short of including a factual basis for any alleged gliding).

**FISH.**

The Honorable Robert M. Illman
February 6, 2026
Page 4

accused features. Ex. 2 at 4-8 (including its factual basis for why Neonode believes Apple's Control Bar infringes claim limitations 1[c]-1[d]).[3] Whether an icon is activated through a touch-then-glide gesture can plainly be tested by a user touching, then gliding away from, the icon.

In view of Neonode's attempt to bring in dozens of new features based on conclusory accusations, Apple respectfully requests the Court strike Neonode's deficient charts. If Neonode is allowed to supplement its contentions, Apple requests the Court stay discovery until Neonode serves contentions that comply with Patent L. R. 3-1. The sequence of disclosures under the Patent Local Rules requires service of compliant infringement contentions before discovery is provided into the accused products. P.L.R. 3-3, 3-4. For this reason, "Courts in this District routinely stay discovery *until* the plaintiff has met its Rule 3-1(c) obligations." *Shared Memory II*, 2011 WL 3878388, at *7; *see also* at *7 ("There is simply no support, in the case law or otherwise, for SMG's request that it be excused from complying with Local Rule 3-1(c) for certain limitations, and that instead Defendants bear the burden of establishing through discovery whether their devices practice the limitations at issue."); *Network Caching Tech., LLC v. Novell, Inc.*, 2002 WL 32126128, at *7 (N.D. Cal. Aug. 13, 2002) (staying discovery until service of compliant infringement contentions); *Bender v. Maxim Integrated Prods., Inc.*, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010) (same).

<u>**Plaintiff's Position**</u>
Neonode's January 23, 2026 Second Amended Infringement Contentions[4] ("Contentions") identify exemplary use cases across Apple's iPhone and iPad user interface implementing the same accused interaction: where a "representation of a function" provides only one option to activate an associated function, and the function is activated by a touch-then-glide operation without relocating or duplicating the representation during gliding. Neonode clearly articulated this theory in its Contentions cover pleading. Apple plainly understands that theory—its letter articulates it—and its motion is therefore not about notice. It is about forcing Neonode to formulaically recite the same description of a finger's gliding movement on a smartphone display dozens or hundreds of times (or, possibly, create dozens or hundreds of unnecessary videos showing the finger's gliding movement), when Neonode's Contentions already describe the gliding movement and the fact that the representations are not duplicated or relocated during the gliding for all of the identified functional representations.

Apple claims Neonode is "artificially expand[ing]" the case by accusing 35 "separate features," but those are simply labels for exemplary applications/screens where the same accused UI behavior appears. Neonode's theory is not application-by-application; it is directed to pervasive Apple UI functionality across various iOS and iPadOS devices. Neonode made that explicit in its infringement contentions: the exemplary charts are provided on an

---

[3] Apple suggested during a meet and confer that screenshots or video of a user allegedly gliding could be one way to comply with P.L.R. 3-1.

[4] Neonode is simultaneously filing an Unopposed Motion for Leave to Amend Infringement Contentions treating the January 23, 2026 contentions as the active contentions.

**FISH.**

The Honorable Robert M. Illman
February 6, 2026
Page 5

"application-by-application or functionality-by-functionality basis" as examples of where the accused behavior occurs, not as a limitation on what is accused. The Patent Local Rules require identification of accused instrumentalities and "where and how" claim limitations are met, not that a plaintiff be artificially confined to three earlier exemplars identified more than five years ago when the action was venued in a different court, when investigation shows the same accused functionality is present broadly in the accused products.

Apple's principal complaint is that for limitations 1[c] and 1[d], Neonode "restates" the claim language and "refer[s] back" to screenshots used for 1[a], purportedly with "no explanation whatsoever." But there is no rule forbidding the use of claim language in describing an accused device's operation, so long as the Contentions serve their purpose of providing Apple reasonable notice of Neonode's infringement theories. Here, the language of limitations 1[c] and 1[d] lends itself to a concise textual description—are the functions identified for limitation 1[a] activated by the recited touch-and-glide operation (they are), and are the representations relocated or duplicated during the gliding (they are not). That description is provided once, for all of the representations and functions identified for limitation 1[a]. No purpose would be served by requiring Neonode to duplicate all of the images depicting all of the representations identified for limitation 1[a] and repeat the same text for each.

The exemplar "Camera" chart demonstrates why Apple's motion is meritless. Ex. 3 (Camera Chart) at 2-4, 72. First, Neonode provides detailed "where" disclosure for limitation 1[a], including annotated screenshots identifying multiple accused "representations" ***and narrative identifying each representation and the function it activates*** (e.g., "lightning bolt" represents the function of turning Auto on or off, "HDR Auto" represents the function of turning HDR on or off, etc.). That is precisely the kind of disclosure Apple claims is missing: what the representations are, where they appear, and what function is associated with them. This disclosure of "where" is expressly incorporated into the description of the accused devices' behavior set forth for limitations 1[c] and 1[d].

Second, Neonode separately provides the "how" disclosure for limitations 1[c] and 1[d]. For limitation 1[c], Neonode states that the accused devices include program code that activates the functions associated with the identified representations "by an operation that includes an object (such as a user's finger) (i) touching the display at the location of the representation, and (ii) gliding along the display away from the touched location." That specifies the accused activation operation (touch such as a user's finger at the representation's location, then glide away). For limitation 1[d], Neonode states that the program code "causes the representations identified in connection with limitation 1[a] not to be relocated or duplicated while the object is gliding along the display." Again, that is an explicit statement of "how" the limitation is met in the accused products.

Apple's complaint reduces to: Neonode should have written additional, redundant prose under 1[c] and 1[d] re-describing the same "representations" already identified with screenshots and

**FISH.**

The Honorable Robert M. Illman
February 6, 2026
Page 6

narrative under 1[a].[5] But Patent L.R. 3-1(c) does not require repetition for its own sake. It requires that the Contentions, read as a whole, identify where and how each limitation is found in the accused instrumentalities. The chart does that: 1[a] identifies the accused representations and their functions; 1[c] explains the touch-then-glide activation operation for those representations; 1[d] explains that the representations are not relocated or duplicated during the glide. Apple's insistence on more words is not a basis to strike contentions.

Apple relies on cases rejecting "bald assertions" and "document dumps." That is not what Neonode served. In *MasterObjects*, the Court found infringement charts deficient where the patentee merely relied upon eighteen pages of "*only* screenshots of various technical documents without explanation" and lacked "*any* supporting commentary." 2021 WL 5987101, at *1-2.[6] Here, Neonode's exemplar chart does the connecting work: it identifies the representations with annotated screenshots and narrative, then ties the activation operation and "no relocation/duplication" limitations to those representations.

Nor is this *Shared Memory II*, where the patentee pointed to datasheets of a data distribution bus without explanation to assume the limitation is present, but failed to perform any attempt to "reverse engineer" the accused product. 2011 WL 3878388, at *6. Apple's own argument underscores why this is not such a case: Apple says the accused UI behavior is "easily tested" on publicly available devices. That is exactly what the Contentions reflect: screenshots and user-facing operation descriptions derived from direct testing.

Apple's requested stay is particularly improper because it is untethered to any claimed prejudice. Apple knows what is accused (specific iOS/iPadOS devices and versions; and exemplary UI use cases) and Neonode's core infringement theory is adequately set forth in the Contentions. Apple's request to strike Neonode's infringement contentions and stay discovery should be denied. Neonode's contentions comply with Patent L.R. 3-1(c) by identifying, for each asserted claim limitation, where and how the limitations are met, including through annotated screenshots and narrative descriptions and through explicit statements of the touch-then-glide activation operation and "no relocation/duplication" behavior. In the alternative— only if the Court believes additional description would be helpful for limitations 1[c] and 1[d]—the appropriate remedy would be a targeted supplementation limited to these limitations, without halting discovery.

---

[5] During the parties meet and confer, Apple additionally suggested, but would not commit, that a video (opposed to a still screenshot) of a user gliding away from the representations may allegedly be necessary. Such evidence is not mandatory to provide Apple of adequate notice of Neonode's infringement theories.

[6] The technology in *MasterObjects* is also technically distinct relating to cache query results on a server.

**FISH.**

The Honorable Robert M. Illman
February 6, 2026
Page 7

Respectfully submitted,

Dated:  February 6, 2026          FISH & RICHARDSON P.C.


                                 By:  */s/ Joy B. Kete*
                                     Joy B. Kete

                                 Attorneys for Defendant
                                 Apple Inc.

Dated:  February 6, 2026          SUSMAN GODFREY L.L.P.


                                 By:  */s/ Kalpana Srinivasan*
                                     Kalpana Srinivasan

                                 Attorneys for Plaintiff
                                 Neonode Smartphone LLC


### ATTESTATION

Pursuant to Civ. Local Rule 5.1(i)(3) regarding signatures, I attest under penalty of

perjury that concurrence in the filing of this document has been obtained from counsel for

Neonode Smartphone LLC.


                                 */s/  Joy B. Kete*
                                 Joy B. Kete