Philip J. Graves
(SBN 153441 | pgraves@gravesshaw.com)
Greer N. Shaw
(SBN 197960 | gshaw@gravesshaw.com
GRAVES & SHAW LLP
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: (213) 204-5101

Kalpana Srinivasan
(SBN 237460 | ksrinivasan@susmangodfrey.com)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029)
Telephone: (310) 789-3100
Facsimile:  (310) 789-3150

Brian D. Melton
SUSMAN GODFREY L.L.P.
(Admitted PHV | bmelton@susmangodfrey.com)
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

Attorneys for Plaintiff Neonode Smartphone LLC

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC.,<br><br>Defendants. | No.  3:21-cv-08872-EMC<br><br>**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO AMEND ITS INFRINGEMENT CONTENTIONS**<br><br>Date: March 19, 2026<br>Time: 1:30 PM<br>Courtroom: 5 — 17th Floor<br>Judge: Hon. Edward M. Chen |

1

**TO THE DEFENDANT AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that pursuant to Civil L.R. 7, on March 19, 2026 at 1:30 PM, or as soon thereafter as the matter may be heard in the Courtroom 5, 17th Floor of the Honorable Edward M. Chen of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, Plaintiff Neonode Smartphone LLC ("Neonode") will and hereby does move for leave to amend its infringement contentions.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, and the Declaration of Corey M. Lipschutz, on such matters as may be judicially noticed, on any oral argument the Court may hear, and on such other and further information as the Court may consider.

Neonode's counsel and Apple's counsel met and conferred on this Motion on January 30, 2026 and Apple informed Neonode that it does not oppose this Motion. Neonode filed this Motion promptly thereafter.

2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Neonode respectfully seeks leave under Patent L.R. 3-6 to amend its infringement contentions. Specifically, Neonode seeks to supplement its disclosures with its December 31, 2025 First Amended Preliminary Infringement Contentions and January 23, 2026 Second Amended Preliminary Infringement Contentions, which have already been served upon Apple. As described herein, good cause exists because amendments were necessitated by Neonode's obligation to supplement or correct its disclosures, the amendments sought to offer further clarification regarding Neonode's infringement theories in response to Apple's apparent confusion, and Neonode was diligent in implementing these amendments. Apple will not be prejudiced because there are many months before the close of fact discovery (July 2026) and expert discovery (September 2026) and the amendments did not expand Neonode's infringement theories, but rather only narrowed or clarified them. Moreover, **Apple does not oppose this Motion**. Accordingly, Neonode respectfully requests leave to amend its infringement contentions as set forth in its First Amended Preliminary Infringement Contentions and Second Amended Preliminary Infringement Contentions.

### II.    STATEMENT OF FACTS

On November 11, 2025, Neonode served its Disclosure of Asserted Claims and Infringement Contentions ("Original Infringement Contentions") pursuant to Patent L.R. 3-1. Declaration of Corey M. Lipschutz ("Lipschutz Decl.") at ¶ 2. Neonode's Original Infringement Contentions accused specifically-identified iPhone and iPad devices of infringing U.S. Patent No. 8,095,879 ("'879 Patent"). *Id.* at ¶ 3. In support of this contention, Neonode attached 35 exemplary claim charts identifying numerous exemplary infringing use cases of the Accused Products on "an application-by-application or functionality-by-functionality basis." *Id.* at ¶ 4.

Shortly after serving its Original Infringement Contentions, counsel for Neonode realized that certain of the claim charts identified exemplary "representations" as part of use cases where one or more of the limitations of the Asserted Claims were not satisfied. *Id.* at ¶ 5. Upon realizing this, Neonode promptly corrected its Infringement Contentions to remove those use cases from its claim

3

1  charts. *Id.* at ¶ 5. Neonode served its First Amended Infringement Contentions, incorporating these

2  revisions, on December 31, 2025. *Id.* at ¶ 6.

3        Separately, on December 22, 2025, counsel for Apple e-mailed counsel for Neonode requesting

4  a meet and confer regarding Neonode's Infringement Contentions because "Neonode's infringement

5  contentions [allegedly] do not explain 'where' or 'how' the 35 separate features now accused of

6  infringement meet the limitations of the asserted claims as required by Patent Local Rule 3-1." *Id.* at ¶

7  7. On January 7, 2026 counsel for the parties conferred on this issue. *Id.* at ¶ 7. Later that evening,

8  Apple provide a draft discovery dispute letter on this issue. The parties conferred further on January

9  9, 2026. *Id.* at ¶ 7. During this meet and confer, in an effort to resolve the dispute, Neonode proposed

10  amending its Infringement Contentions to add narrative description identifying the functions

11  associated with the representations identified in connection with claim limitation 1[a] to those charts

12  that lacked such a description. *Id.* at ¶ 8. Neonode followed up regarding this proposal by e-mail on

13  January 12, 2026. *Id.* at ¶ 8. On January 13, 2026, Apple agreed to withdraw its discovery dispute letter

14  without prejudice and Neonode agreed to supplement its Infringement Contentions by January 23,

15  2026. *Id.* at ¶ 8. Counsel for Apple further stated that "[i]f Neonode commits to this timing, and the

16  amendment does not broaden the scope of Neonode's infringement contentions, Apple will not oppose

17  a motion for leave to amend and will hold-off on raising any discovery dispute until it has had a chance

18  to review the amendment and further meet and confer (if necessary)." *Id.* at ¶ 8. On January 23, 2026,

19  Neonode served its Second Amended Infringement Contentions, adding clarifying narrative

20  descriptions to claim limitation 1[a] as promised. *Id.* at ¶ 9.

21        On January 30, 2026, the parties held a meet and confer in which Apple confirmed again that

22  it does not oppose this Motion. *Id.* at ¶ 10.

23  **III.     LEGAL STANDARD**

24        Patent Local Rule 3-6 allows parties to amend their Infringement Contentions "by order of the

25  Court upon a timely showing of good cause." Patent L.R. 3-6. "[T]he good cause inquiry is two-fold,

26  asking: (1) whether the moving party was diligent in amending its contentions; and (2) whether the

27  non-moving party would suffer prejudice if the motion to amend were granted." *Karl Storz Endoscopy-*

28

*Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016). "[T]he diligence required for a showing of good cause has two subparts: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Id.* (citing *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-02226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013)). Further, "the court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." *Id.* "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Id.* (citing *WhatsApp Inc. v. Intercarrier Commc'ns, LLC*, No. 13–cv–04272 JST, Dkt. No. 81, at 7 (N.D. Cal. Sept. 3, 2014)).

## IV.    ARGUMENT

Good cause exists to allow Neonode to amend its Infringement Contentions because Neonode was diligent in preparing and seeking the amendments and Apple will not be prejudiced by Neonode's amendments.

### A.  Neonode Was Diligent in Amending Its Contentions

First, with respect to Neonode's First Amended Infringement Contentions, Neonode sought to promptly amend its disclosures. Federal Rule of Civil Procedure 26(e) requires a party to supplement or correct its discovery disclosures and responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect." Upon realizing that some of the identified exemplary use cases were incorrectly identified, Neonode promptly sought to correct the claim charts and served a corrected version on December 31, 2025—just seven weeks after the original disclosures. Lipschutz Decl. at ¶ 6.

With respect to Neonode's Second Amended Infringement Contentions, Neonode promptly sought to amend its contentions in response to alleged deficiencies raised by Apple. Apple first raised the issue of alleged deficiencies in Neonode's Infringement Contentions on December 22, 2025, however, the parties did not confer on the issue until January 7 and 9, 2026. *Id.* at ¶ 7. After better understanding Apple's alleged deficiencies, Neonode served amended contentions only two weeks later on January 23, 2026. *Id.* at ¶ 9.

5

**B.  Apple Will Not be Prejudiced by Neonode's Proposed Amendments**

Apple will not be prejudiced by Neonode's amendments to its Infringement Contentions. First, **Apple does not oppose this motion**, indicating that Apple does not believe that it will be prejudiced.

Second, Neonode's proposed amendments do not introduce any new infringement theories. Rather, Neonode's First Amended Infringement Contentions remove a handful of previously charted exemplary use cases, and Neonode's Second Amended Infringement Contentions adds supplemental narrative description as requested by Apple as additional support to its already charted infringement theories. Moreover, this amendment was made specifically to address Apple's alleged deficiencies with respect to claim limitation 1[a]. Apple cannot claim to be prejudiced by an alleged deficiency, yet also prejudiced by its resolution.

Third, the case is still in its early stages with more than five months remaining before the close of fact discovery in July 2026 and more than seven months before the close of expert discovery in September 2026. Courts in this District have routinely found that there is no prejudice when amendments are sought several months before the close of fact discovery. *See, e.g.*, *Altera Corp. v. Pact XPP Techs.*, AG, No. 3:14-cv-02868-JD, 2015 WL 928122, at *2 (N.D. Cal. Feb. 19, 2015) (finding no prejudice to amending contentions when "close of fact discovery is five months away, and the close of claim construction discovery more than six weeks away"); *Life Technologies Corp. v. Biosearch Technologies, Inc.*, No. C 12-00852 WHA, 2012 WL 183195, at *2 (N.D. Cal. May 18, 2012) (granting leave to amend in part because the non-movants "still ha[d] over two full months before fact discovery [was] set to close").

**V.      CONCLUSION**

For the foregoing reasons, Neonode respectfully requests that the Court grant it leave to amend its Patent Local Rule 3-1 Infringement Contentions.

Date: February 6, 2026

Respectfully submitted,

By: */s/ Kalpana Srinivasan*
Philip J. Graves
(SBN 153441 | pgraves@gravesshaw.com)
Greer N. Shaw
(SBN 197960 | gshaw@gravesshaw.com)
GRAVES & SHAW LLP
355 S. Grand Ave., Suite 2450
Los Angeles, CA 90071
Telephone: (213) 204-5101

Kalpana Srinivasan
(SBN 237460 |
ksrinivasan@susmangodfrey.com)
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067-6029)
Telephone: (310) 789-3100
Facsimile: (310) 789-3150

Brian D. Melton
SUSMAN GODFREY L.L.P.
*(Admitted PHV* |
bmelton@susmangodfrey.com)
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666

*Counsel for Plaintiff Neonode Smartphone LLC*

### CERTIFICATE OF SERVICE

The undersigned certifies that on the 6th day of February, 2026, the foregoing document was electronically filed with the Clerk of the Court for the United States District Court, Northern District of California, using this Court's Electronic Case Filing (ECF) system.

*/s/ Kalpana Srinivasan*
Kalpana Srinivasan

8