# SUSMAN GODFREY L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP

1900 AVENUE OF THE STARS
SUITE 1400
LOS ANGELES, CALIFORNIA 90067
(310) 789-3100
FAX (310) 789-3150
WWW.SUSMANGODFREY.COM

_____

| SUITE 5100 | SUITE 3000 | |
|---|---|---|
| 1000 LOUISIANA STREET | 401 UNION STREET | ONE MANHATTAN WEST |
| HOUSTON, TX 77002-5096 | SEATTLE, WASHINGTON 98101-2683 | NEW YORK, NEW YORK 10001-8602 |
| (713) 651-9366 | (206) 516-3880 | (212) 336-8330 |

KALPANA SRINIVASAN
DIRECT DIAL (310) 789-3106

E-MAIL ksrinivasan@susmangodfrey.com

February 4, 2026

Honorable Robert M. Illman
United States District Court
Northern District of California, Eureka Division
3140 Boeing Ave.
McKinleyville, CA 95519

Re:   Joint Letter re Disputed ESI Agreement
      Neonode Smartphone LLC v. Apple, Inc.,
      USDC - N.D. Cal. - Case No. 3:21-cv-08872-EMC

Dear Judge Illman:

      This Joint Letter is submitted pursuant to this Court's order referring all discovery disputes (D.I. 88), and paragraph 4 of this Court's Standing Order. Counsel for Neonode Smartphone LLC ("Neonode") and Apple Inc. ("Apple") with full and complete authority have met and conferred via Zoom. Lead trial counsel have concluded that no agreement can be reached.

February 4, 2026
Page 1

**Plaintiff's Position**

    A.  ESI Agreement

Neonode proposes three modest revisions to the N.D. Cal. Model Stipulation & Order Re Discovery of Electronically Stored Information For Patent Litigation ("Model Order"). The Parties have met and conferred regarding the modifications but have not been able to reach agreement.

First, Neonode requests that Apple be required to collect ESI from eight custodians. Apple refuses to do so and claims that five custodians is sufficient. Neonode has accused the user interface functionality of iPhone and iPad devices of infringement and has produced claim charts for 35 exemplary use cases, along with detailed allegations of willfulness. Five custodians is insufficient, and more custodians are needed given Apple's positions in this litigation.

Apple has disclosed more than five people with relevant information in its initial disclosures and responses to Neonode's interrogatories. Its initial disclosures list two Apple employees (Nahir Khan and Cindy Barret) as having information relevant to the research, design, development, and operation of one or more accused features; one employee with information relevant to marketing (Ty Jordan); one employee relevant to licensing (Kevin Kramer); and one employee relevant to sales and financial information (Catherine Spevak). Apple's response to Neonode's Interrogatory No. 3 also identifies Michael Turner as having information relevant to the development and operation of accused swipe gesture technology in the accused products.

But Apple's disclosures of only six individuals are difficult to square with its prior representations in this case. Apple previously represented that at least eight different Apple employees would have responsive information. In support of its motion to transfer venue into this district, Apple submitted the sworn declaration detailing the Apple employees with relevant information in California. ECF No. 27-3. This included identifying five individuals (Nima Parivar, Mohammed Jisrawi, Shubham Kedia, Patrick Demasco, Randal Marsden) with discrete responsibilities on various software and development teams, including the Human Interface Device Software Group, the UIKit Team within the Swim Platform Experience Group, and the Springboard Team within the iOS System Experience Group. *Id.* at 4-7. (Demasco and Mardsen, however, have knowledge relevant to functionalities that Neonode is no longer asserting.) Apple claimed these individuals were "likely engineering witnesses." ECF No. 27 at 3. The declaration also identified three individuals (Mark Rollins, Stephen Tonna, and Jayna Whitt) with knowledge relevant to marketing, licensing, and financials. ECF No. 27-3 at 7-9. Moreover, the Federal Circuit, in granting Apple's petition for writ of mandamus, noted that "Apple identified eight employees who reside in the Northern District of California and are likely to testify given their knowledge of the 'research, design, and development,' 'marketing, licensing, and financial records,' and 'sales and financial information" of the accused features" and relied on those representations in ordering that the case should be transferred. ECF No. 75 at 6-7.

Any attempt by Apple to distance itself from these representations should be rejected. Apple claimed at the parties' meet and confer that the scope of discovery has changed in light of Neonode's infringement contentions. Neonode disagrees; but, if Apple is correct, then *more* custodians are needed in order to collect relevant information, not fewer. To be clear, Neonode is not demanding that all of these individuals must be custodians. But Neonode is simply holding Apple to its representations to the transferor court and the Federal Circuit that there are at least eight key witnesses with important information. This Court should too.

Additionally, in responding to Neonode's requests for production, Apple objected to 50 of the requests by stating: "Apple further objects to this Request to the extent it seeks the production

February 4, 2026
Page 2

of custodial ESI, the production of which will be governed by the parties' ESI agreement." These requests are directed to a variety of topics, including the accused functionalities, non-infringement, marketing materials, damages, consumer data, costs, non-infringing alternatives, willfulness, licensing, prior litigation, invalidity, and more. If Apple is correct that these types of documents will come from custodial files, then more than five custodians are needed. Although Apple contends that most discovery will come from non-custodial files, "email may contain information relevant to other issues that often arise in patent cases, including objective indicia of nonobviousness, inducement, willfulness, and some of the Georgia Pacific factors that bear on a determination of a reasonably royalty." *Competitive Access Sys. v. Apple Inc.*, 2025 WL 3496692, at *2 (N.D. Cal. Dec. 5, 2025). In *Competitive Access Systems*, Judge DeMarchi noted that "judges in this District do not require strict adherence to the five-custodian/five-search term per custodian limits" and ordered both parties, including Apple, to collect from ten custodians. *Id.* at *3.

Apple's position fails to consider Neonode's willfulness allegations. As explained in the Complaint and Neonode's response to Apple's interrogatories, Apple first learned of the '879 Patent in early 2012 through the *Apple v. Samsung* litigation and through Apple's monitoring of industry media coverage about the patent. ECF No. 1 ¶¶ 18-30. Apple's counsel deposed Neonode Inc.'s 30(b)(6) witnesses in the *Motorola Mobility, Inc. v. Apple, Inc.* litigation, where the '879 Patent was marked as an exhibit and used in questioning the witnesses. *Id.* Years later, Neonode Inc. (then owner of the '879 Patent) emailed with three separate Apple employees (BJ Watrous, Denise Kerstein, and Denise Wong) about an offer to sell a sweep gesture patent portfolio that included the '879 Patent and included detailed usage scenarios. *Id.* Thus, relevant information regarding willfulness spans at least five years and covers at least five, though likely more, different individuals with knowledge about these events.

Accordingly, there is a distinct need for departing from the Model Order's default custodian limit because of the size, complexity, and issues of this case. There are at least 17 individuals with relevant information, 14 of whom Apple has admitted have relevant information. That does not include additional witnesses needed to cover the 50 document requests that Apple objected to as governed by the ESI agreement. Apple's proposal to limit its custodial pull to five is insufficient to satisfy its own discovery obligations and imposes unrealistic restrictions on discovery. Neonode does not demand that Apple produce custodial files from 17 witnesses, but Neonode needs more than five custodial sources to obtain the relevant discovery in this case.

<u>Second</u>, Neonode requests a provision in the ESI Agreement to require a party using technology-assisted-review ("TAR") to disclose its TAR protocol. Neonode is not seeking to restrict the use of TAR. To the contrary, Neonode is willing to allow TAR but asks for a straightforward disclosure obligation if a party chooses to implement TAR to mark documents non-responsive. Disclosure of TAR protocol is the norm, and courts frequently emphasize the need for transparency and cooperation when TAR is employed. *Youngevity Int'l, Corp. v. Smith*, 2019 WL 1542300, at *12 (S.D. Cal. Apr. 9, 2019) ("Technology-assisted review of ESI does require an 'unprecedented degree of transparency and cooperation among counsel' in the review and production of ESI responsive to discovery requests. In this regard, courts typically 'have required the producing party to provide the requesting party with full disclosure about the technology used, the process, and the methodology, including the documents used to 'train' the computer.") (quoting *Progressive Cas. Ins. Co. v. Delaney*, No. 2:11-CV-00678-LRH, 2014 WL 3563467, at *10 (D. Nev. July 18, 2014)). Requiring disclosure of the TAR protocol is also consistent with this District's expectations of cooperation in discovery. *See In re Facebook, Inc. Consumer Privacy*

February 4, 2026
Page 3

*User Profile Litigation* 2021 WL 10282172, at *4 (N.D. Cal. Oct. 11, 2021) ("[A]n appropriate TAR protocol will also require Facebook to meet the Court's expect[ation of] cooperation on issues relating to the preservation, collection, search, review, and production of ESI.") (citations omitted). Apple offers no reason to resist this basic transparency. Neonode does not believe that the ESI agreement must spell out each category of what is required in the protocol, and the specific level of detail can be refined through cooperation. But the ESI agreement should, at a minimum, require a disclosure of a protocol. Apple's proposed language of requiring a meet and confer is vague and would not obligate the party using TAR to disclose anything at all. That is insufficient.

      B.  <u>Deposition Time Limit</u>

The Federal Rules permit a total of 70 hours for party depositions. *See* Fed. R. Civ. P. 30. Neonode requests a modest increase to 85 hours per side. This case has a particularized need for additional time. First, as explained above, there are at least 17 individuals from Apple with knowledge relevant to this case. Courts have permitted leave to take additional depositions in complex matters involving many individuals. *See Martinez v. California*, No. CV-F-07-996 AWI DLB, 2008 WL 5101359, at *2 (E.D. Cal. Dec. 3, 2008) (granting leave to take additional depositions given the complexity of Plaintiff's medical condition and the number of individuals involved). Second, the facts of this case are unique in that Neonode's pre-suit willfulness allegations touch on different events happening years apart from 2012-2017. This modest increase also matches the time needed to depose witnesses in a related case against Samsung involving the same patent. Moreover, the additional 15 hours is proportional to the needs of this case under Rule 26(b)(1): it will allow focused, non-duplicative examinations across distinct topics that Apple has placed at issue and dispersed among multiple custodians. Without this modest addition of 15 hours, Neonode will be forced to truncate essential lines of questioning, risking an incomplete record, all without any corresponding burden or prejudice to Apple.

**Defendant's Position**

*ESI Custodians*

Apple proposes applying NDCA's **presumptive limit of five ESI custodians**, consistent with the District's Model ESI Order and the proportionality principles of Fed. R. Civ. P. 26(b)(1). The five-custodian limit reflects the Federal Circuit Advisory Council's recognition that, in patent litigation, "[m]ost discovery … centers on what the patent states, how the accused products work, what the prior art discloses, and the proper calculation of damages." Federal Circuit Advisory Council, Model Order Regarding E-Discovery in Patent Cases at 2; *DCG Sys., Inc. v. Checkpoint Techs*., LLC, 2011 WL 5244356, at *1 (N.D. Cal. Nov. 2, 2011). Because "far reaching e-discovery, such as mass email searches, is often tangential to adjudicating these issues," the Model Order imposes practical limits to prevent unnecessary cost and burden. *Id.*

Courts in this District routinely uphold the Model Order's five-custodian limit as reasonable and proportional. *Finisar Corp. v. Nistica, Inc*., 2014 WL 12887160, at *2 (N.D. Cal. Dec. 12, 2014) (describing the limitation as "reasonable" for case involving eight patents); *DCG Sys., Inc*., 2011 WL 5244356, at *1 (endorsing Model Order's limit of five custodians as "designed to address the imbalance of benefit and burden resulting from email production in most cases" for case involving seven patents). That reasonableness applies with even greater force here, where Neonode Smartphone, a non-practicing entity, lacks eight—or even five— custodians for which to provide ESI.[1] As such, an expansion in the number of ESI custodians

---

[1] Neonode has only identified one Neonode Smartphone employee in its initial disclosures.

February 4, 2026
Page 4

would asymmetrically burden Apple. *DCG Sys.*, 2011 WL 5244356, at *2 (adopting five email custodians and noting the "asymmetrical production burden often found in NPE cases").

A party seeking to exceed the Model Order's reasonable limits bears the burden of showing a "distinct need based on the size, complexity, and issues of [the] specific case." *Nevro Corp. v. Bos. Sci. Corp.*, 2017 WL 2687806, at *3 (N.D. Cal. June 22, 2017) (explaining the "distinct need" burden is on the requesting party). Each of Neonode's arguments in support of additional custodians fail to meet this standard.

First, the expanded scope of Neonode's latest infringement contentions do not justify adding ESI custodians. To start, Neonode's expanded contentions are substantively deficient and are improperly being used to try to increase Apple's discovery burden; as such, concurrent with the filing of this letter, Apple is moving to strike them. But even if additional accused features are added to the case, the nature of Neonode's allegations do not warrant more ESI custodians. The same gesture-handling framework governs the many applications that Neonode is attempting to add to the case. Apple has made the source code underlying that framework available for inspection and has identified two witnesses in its initial disclosures who are knowledgeable about that code. Moreover, the accused user-interface behavior is observable through ordinary operation of publicly available devices, underscoring that expansive custodial discovery is unlikely to yield unique, material information beyond the source code and technical discovery already provided.

Second, Neonode essentially points to every individual Apple has identified so far in this case, without giving any consideration to whether collecting their ESI is appropriate given the types of documents Apple has already agreed to produce from central repositories. For example, Apple has already agreed to produce responsive documents from central repositories, including **marketing documents, patent licenses, sales and financial data, and source code**. Where responsive information is available through central repositories rather than duplicative custodial collections, additional custodians provide little marginal value and are routinely disproportionate. Further, there is nothing about these types of documents that is unique here; these categories of documents certainly would have been contemplated by the Model Order and should not lead to more custodians here. *See Handloser v. HCL Am., Inc.*, No. 19-CV-01242-LHK-VKD, 2020 WL 7405686, at *2 (N.D. Cal. Dec. 17, 2020) (denying request for additional ESI custodians and noting "[c]onclusory assertions that the discovery is relevant are insufficient").

Third, Neonode focuses on Apple's objections in its written discovery responses based on the ESI agreement. Apple included this objection in many of its RFP responses to make clear that any ESI searches for responsive documents would be governed by the ESI agreement. This does not mean that ESI is the only place where responsive documents could be located, nor does it mean that responsive documents even exist in custodial ESI; it simply makes clear that the scope of ESI searches will be dictated by the ESI agreement (rather than the RFPs). Neonode also leaves out that Apple committed for many of these same RFPs to producing responsive documents from central repositories to the extent they exist.

Fourth, Apple's identification of witnesses in 2020 should not change the number of ESI custodians. Substantial time has passed since the transfer proceedings. As a result, some of the individuals previously identified no longer work at Apple (*e.g.,* Randal Marsden, Jayna Whitt) and some have changed roles (*e.g.*, Mark Rollins). Moreover, Neonode's infringement theories have changed and one of the two patents that were originally asserted has been invalidated and will soon no longer be in the case, which has necessarily impacted the witnesses Apple will rely

on. Apple's initial disclosures identify the employees who are *currently* most knowledgeable about the issues in this case, and there is no inconsistency in this regard between Apple's initial disclosures and the representations it made during the transfer briefing.

Finally, Neonode's assertion that its willful infringement allegations require increasing the custodian limit falls flat. Any communications between Apple and Neonode that pre-date this case are equally available to Neonode. In an effort to streamline this dispute, and without waiving any argument that these communications are not relevant, Apple commits to producing the 2017 communications between Neonode and the three Apple employees referenced above (BJ Watrous, Denise Kerstein, and Elaine Wong) that it can reasonably locate. As to the allegations regarding litigation from more than ten years ago against Samsung and Motorola, including the alleged "monitoring of industry media coverage" and third-party deposition, it is unclear how Neonode expects to use ESI discovery to locate responsive information.

In short, the presumptive five-custodian limit is sufficient for this single patent case. Neonode has not made the particularized showing required to justify expanding the scope of custodial discovery and the Court should deny Neonode's request for eight custodians and apply the presumptive five-custodian limit.

*TAR*

Apple's proposed language regarding TAR is well-suited for this case. Apple's understanding is that neither party will use TAR in this case to mark documents non-responsive. The parties are in agreement that, to the extent this changes and TAR is used to determine that documents are not responsive, the use of TAR must be disclosed. The parties disagree, however, regarding what happens next. Apple proposes that the parties would meet and confer to determine whether any further disclosure is required, and if so, what the details of that disclosure would be. Neonode proposes that disclosure of a "TAR protocol" would be required; this language is vague and overbroad because it does not specify what constitutes a TAR "protocol" or what *level of detail* must be disclosed. Apple's approach ensures transparency if a real issue arises without creating a premature dispute over hypothetical review methods. The Court should adopt Apple's proposal and decline Neonode's categorical disclosure requirement.

*Deposition Time Limit*

Apple's proposal to apply the Federal Rules' default limit of 70 hours of deposition time is consistent with Rule 30 and proportional to the needs of this case. Neonode bears the burden of showing a concrete, case-specific reason to exceed that limit, and it has not done so. *Bladeroom Grp. Ltd. v. Facebook, Inc.*, No. 5:15-CV-01370-EJD, 2017 WL 8948736, at *1 (N.D. Cal. June 12, 2017) (denying leave to exceed Rule 30's presumptive cap because there was no "particularized showing" that additional depositions were necessary and non-duplicative). The mere existence of multiple knowledgeable witnesses does not justify additional hours. *Id.* The Rules already contemplate strategic, non-duplicative use of deposition time, including through targeted examinations of Rule 30(b)(6) testimony. Neonode's reliance on deposition hours from separate litigation against Samsung is likewise misplaced, as proportionality must be assessed based on the needs of this case, not different parties or case management circumstances. Nor do Neonode's generalized references to technical, financial, and corporate topics establish that the Rule-based 70 hours are insufficient; those are ordinary subjects of patent litigation already accounted for in the default limits. Because Neonode has not demonstrated a particularized need to depart from the 70-hour default, the Court should adopt Apple's proposal and deny Neonode's request for additional deposition time.

February 4, 2026
Page 6

Respectfully submitted,

Dated:  February 6, 2026                                    SUSMAN GODFREY L.L.P.


                                                            By:  /s/ Kalpana Srinivasan
                                                                 Kalpana Srinivasan

                                                            Attorneys for Plaintiff
                                                            Neonode Smartphone LLC


Dated:  February 6, 2026                                    FISH & RICHARDSON P.C.


                                                            By:  /s/ Joy B. Kete
                                                                 Joy B. Kete

                                                            Attorneys for Defendant
                                                            Apple Inc.


## ATTESTATION

Pursuant to Civ. Local Rule 5.1(i)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Neonode Smartphone LLC.

                                                            /s/  Kalpana Srinivasan
                                                            Kalpana Srinivasan