UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

NEONODE SMARTPHONE LLC,

         Plaintiff,

        v.

APPLE INC,

         Defendant.

Case No.  21-cv-08872-EMC   (RMI)

**ORDER ON DISCOVERY LETTER BRIEFS**

Re: Dkt. Nos. 156, 159

Before the court are a series of discovery disputes presented in two joint Letter Briefs, (dkts. 156 & 159). The first Brief concerns the entry of a protective order. While the parties have agreed to several modifications of the District's Model Protective Order, the parties disagree as to three provisions. The first provision in dispute is section 9(i) (concerning Source Code) of the Parties' Proposed Protective Order, which is attached as Exhibit A to the first Letter Brief (dkt 156). Here, Defendant Apple wishes to limit the physical printing of its source code to 10 continuous pages and 50 total printed source code pages. (Letter Br., Dkt. 156, at 4–5.) Plaintiff Neonode on the other hand would prefer no specific numerical limitations, but in an attempt to compromise, has offered limits of 35 continuous pages and 350 pages total. (*Id*. at 2.) Apple asserts that the limitations are appropriate as a safeguard to protect their crown jewels, (*id*. at 4), while Neonode argues that such a restrictive limitation is likely underinclusive and would severely hamper its ability to prove its case, (*id*. at 2). Both sets of arguments put forth by the parties in support of their positions are somewhat speculative and sparse on details (which is understandable at this stage), but both parties concretely point the undersigned to a decision by Judge Corley in *Haptic, Inc. v. Apple, Inc.*, No. 3:24-cv-02296-JSC, ECF No. 79 at 1 (N.D. Cal. June 10, 2024), in

which she determined that the appropriate limitations in that "one-patent case" (like this one) would be 15 continuous pages and 275 total. Neonode points to that determination for the proposition that the 10 and 50 limit is too much, and Apple points to it for the proposition that limitations are appropriate and offers it as an example of limitations imposed in a one-patent case. (Letter Br., Dkt. 156, at 2 & 5.) The court adopts the 15 continuous pages and 275 total pages limitation, finding that a limitation is appropriate, but that Apple's proposal is too little and Neonode's is too large.

The next protective order sections at issue are 9(j) and (k) relating to the transportation and storage of paper copies of source code and its use in depositions. As to transportation and storage under subsection (j), Neonode wants to be able to leave paper copies at the courthouse, deposition sites, and intermediate locations (such as hotels); transport it in envelopes, or on electronic media, or send it via Fedex; and only review it in "a locked hotel room" when off-site. (Letter Br. Ex. A, Dkt. 156-1, at 23–24.) Apple wants none of that. (*Id*. at 24.)

As to subsection (k), Neonode wants to be able to transport at least one paper copy of the source code to depositions and suggests that

> no less than three (3) business days prior to a deposition, the Receiving Party shall specify whether it requests the Producing Party to make available at the deposition either: (a) two hard copies of all previously printed Source Code Material for use by the deponent and the Receiving Party's counsel, or (b) a PDF, text-searchable copy of all previously printed Source Code Material on a password-protected removable electronic media (i.e., an encrypted USB thumb drive)."

(*Id*. at 24.) Apple has offered that the Receiving Party would not transport a printed copy, but "[r]ather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the Producing Party shall bring up to three printed copies of those portions to the deposition for use by the Receiving Party." (*Id*.) Apple has security concerns regarding the transportation of the printed source code under Neonode's plan as well as making the source code available in a searchable PDF on removable electronic media, while Neonode believes that Apple's 10-day notice requirement is excessive.

These competing proposals are nearly identical to those in the *Haptic* case, *see Haptic,*

*Inc.,* No. 3:24-cv-02296-JSC, ECF No. 78-3 at 22–23, except for Neonode's argument about the 10-day notice. Here again the court will take Judge Corley's lead:

> The Court adopts Apple's proposal with the following exception: If the deposition is not readily accessible from where the Receiving Party is keeping the paper copy of the Source Code or where the Producing Party has made the Source Code available to the Receiving Party, the Receiving Party may advise the Producing Party in advance of a location near the deposition location where the Source Code can be kept locked and secured for review in advance of the deposition. Upon 10-days advance request, the Producing Party must deliver the Source Code to that location at least 48 hours before the deposition. The Producing Party is responsible for retrieving the paper Source Code from that locked and secured location. The same process shall apply to court proceedings.

*Haptic, Inc.*, No. 3:24-cv-02296-JSC, ECF No. 79 at 1–2.

As to the second Letter Brief (dkt. 159), the parties find themselves at an impasse regarding an ESI agreement. First, Neonode would like to modify the N.D. Cal. Model Stipulation & Order Re Discovery of Electronically Stored Information For Patent Litigation ("Model Order") by requiring Apple to collect ESI from eight custodians, rather than five. As a basis for this deviation, Neonode asserts that Apple has disclosed six persons with relevant information in its initial disclosures and previously represented that there were eight persons with relevant information in support of its motion to transfer venue to this district, and that Apple has objected to 50 written discovery requests "to the extent it seeks the production of custodial ESI, the production of which will be governed by the parties' ESI agreement," on a variety of topics, which shows the need for more custodians. (Letter Br., Dkt. 159, at 2–3.) Apple counters that the motion to transfer venue was filed in 2020 and that some of the witnesses identified then no longer work at Apple, and at least one has changed positions; that Neonode is simply pointing to every individual identified by Apple without regard to whether that person is a proper custodian for purposes of collecting ESI; that Apple's objections to written discovery responses have been responsive, but simply make clear that ESI searches will be governed by the ESI agreement which is not yet in place (and that they have "committed for many of these same RFPs to producing responsive documents from central repositories to the extent they exist"); and that there is nothing in Neonode's infringement contentions or expanded contentions that justify exceeding the recommended number of five custodians within the Model Order. (*Id*. at 5–6.) Apple also points

out that it "has already agreed to produce responsive documents from central repositories, including **_marketing documents, patent licenses, sales and financial data, and source code,_**" (*id*. at 5) (emphasis in original), and that because Neonode has only identified one smartphone employee, they are already suffering an asymmetrical burden with the usual designation of five custodians, (*id*. at 4–5).

Based on the record before the court in this one-patent case, and considering all of its infringement contentions, the court finds that the recommended number of five custodians suggested in the Model Order is appropriate for the needs of this case. Certainly, the Model Order contemplated cases such as this in scope and size when it was formulated. The court will impose this as a presumptive limit and, as the Model Order provides, "[t]he Court shall consider contested requests for additional custodians, upon showing a distinct need based on the size, complexity, and issues of this specific case."

Next, Neonode suggests "a provision in the ESI Agreement to require a party using technology-assisted-review ("TAR") to disclose its TAR protocol . . . a straightforward disclosure obligation if a party chooses to implement TAR to mark documents non-responsive." (Letter Br., Dkt. 159, at 3.) Apple states its belief that neither party will employ TAR to mark documents unresponsive but agrees that if TAR is used, the employing party must disclose it. The breakdown here is whether the disclosure triggers a need to disclose the "protocol," as Neonode suggests, or whether it triggers a meet and confer in which the parties would discuss whether any further disclosure as to the "protocol" would be required and to what level of detail. Apple's point, which is well taken, is that because Neonode's proposal is vague and overbroad as to "protocol"—which is not defined—the parties would end up having to meet and confer anyway to discuss the details of the disclosure. Thus, the court agrees with Apple's proposal for TAR disclosure procedures.

Finally, Neonode wishes to increase the time limit for party depositions, imposed by Federal Rule of Civil Procedure 30, from 70 hours to 85 hours. In support, Neonode points to the court's ability to allow additional hours and briefly asserts that the needs of this case are unique and the additional 15 hours are proportional to these unique needs. (Letter Br., Dkt. 159, at 4.) Simply stated, the court finds Neonode's basis for an increase of the Federal Rule's limitations

4

unavailing. "A party seeking to exceed the presumptive number of depositions must make a particularized showing of the need for the additional discovery." *Authentec, Inc. v. Atrua Techs., Inc.*, No. C 08-1423 PJH, 2008 WL 5120767, at *1 (N.D. Cal. Dec. 4, 2008). "[C]ourts will generally not grant leave to expand the number of depositions until the moving party has exhausted the ten depositions permitted as of right under Rule 30(a)(2)." *Id.* Asserting that there are multiple witnesses with knowledge and that the events surrounding willfulness "touch on different events happening years apart" does not provide a basis for additional discovery. Indeed, most cases contain such factors, which the Federal Rules have already taken into account. Therefore, Neonode's request for additional deposition time is denied.

Accordingly, it is ORDERED that within twelve (12) days of the date of this order, the parties shall file clean copies of the (1) stipulation and proposed protective order and (2) stipulation and proposed ESI order for the undersigned's signatures (with Word copies sent to the proposed order box) which encompass the court's rulings herein.

**IT IS SO ORDERED.**

Dated: February 11, 2026

ROBERT M. ILLMAN
United States Magistrate Judge

United States District Court
Northern District of California

5