UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>APPLE INC,<br><br>    Defendant. | Case No. 21-cv-08872-EMC<br><br>**ORDER RE MOTION TO STRIKE INFRINGEMENT CONTENTIONS**<br><br>Docket No. 157 |

Before the Court is a joint letter from the parties regarding Plaintiff Neonode's infringement contentions. Dkt. No. 157. Apple seeks to strike Neonode's infringement contention charts and to stay discovery until compliant infringement contentions are served. Neonode maintains that its contentions comply with Patent L.R. 3-1(c).

Neonode's infringement contentions accuse 35 Apple iPhone features: App Store; Books; Camera; Clock; Contacts; Control Center; Control Center – Add Control Display; Control Center Functions – Connectivity; Control Center Functions – Focus; Control Center – Customize Return Bar; Email; Files; Fitness; Health; Home Bar in Search; Lock Screen; Maps; Messages; Music; News; Notes; Passwords; Phone; Photos; Podcasts; Reminders; Safari; Settings; Translate; TV; Watch; Weather; Calculator; and Preview.

Patent L.R. 3-1(c) requires a party to provide:

> A chart identifying specifically where and how each limitation of each asserted claim is found within each Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function.

Infringement contentions must do more than "simply recite[] the claim language" and

assert that it is satisfied. *Shared Memory Graphics LLC v. Apple Inc.*, No. C-10-02475 MMC JSC, 2011 WL 3878388, at *6 (N.D. Cal. Sept. 2, 2011); *see also Network Caching Tech. LLC v. Novell Inc.*, No. C-01-2079-VRW, 2002 WL 32126128, at *6 (N.D. Cal. Aug. 13, 2002) (contentions may not "simply mimic" the claim language).

    Apple contends that Neonode has failed to specifically identify how limitations 1[c] and 1[d] are found in the accused features. These limitations state:

> 1[c] "and wherein the function is activated by a multi-step operation comprising (i) an object touching the touch sensitive area at a location where the representation is provided and then (ii) the object gliding along the touch sensitive area away from the touched location,
>
> 1[d] "wherein the representation of the function is not relocated or duplicated during the gliding."

    In two exemplars of Neonode's infringement contentions, Neonode restates the claim language for claims 1[c] and 1[d] without any further explanation or image. Dkt. No. 157-1, Dkt. No. 157-3. In the third exemplar, Neonode provides screenshots indicating where on the Apple device a user touches to activate the function for claim 1[c], but does not show the gliding, and simply restates the limitation for 1[d]. Dkt. No. 157-2.

    Both parties emphasize the apparent simplicity of the limitations at issue: whether functions are activated by a touch-then-glide motion. From this, Neonode argues that "Apple plainly understands that theory" and thus its notice obligations are satisfied. Neonode further argues that it asserts the same theory of infringement for each accused feature and that it should not be forced to "formulaically recite the same description of a finger's gliding movement" or "create dozens or hundreds of unnecessary videos showing the finger's gliding movement." With a similar emphasis but a different take-away, Apple contends that "[w]hether an icon is activated through a touch-then-glide gesture can plainly be tested by a user touching, then gliding away from, the icon" and that Neonode could simply satisfy L.R. 3-1 by providing videos of a user gliding to activate each accused feature.

    While its infringement theory may be relatively straight-forward, Neonode as the accusing party still has the responsibility under L.R. 3-1 to specify how limitations manifest in the accused product. Apple's suggestion that it provide a short video documenting the gliding is reasonable and requires far less burden and expense than is demanded in many other patent cases. *See e.g,*

*Bender v. Maxim Integrated Prods., Inc.*, No. C 09-01152 SI, 2010 WL 2991257, at *5 (N.D. Cal. July 29, 2010) (N.D. Cal. Sept. 2, 2011) (financial hardship of reverse-engineering no excuse for not properly articulating infringement claims). Should the case reach trial, Neonode would have to make this or a similar demonstration in any case.

Apple's request to stay discovery is **DENIED**. Apple's request to strike Neonode's infringement contentions is **DEFERRED**.[1] Neonode shall supplement its infringement contentions with a representative sampling of videos that demonstrate how the limitations in 1[c] and 1[d] apply across the accused features and products. The parties shall meet and confer about what that representative sampling looks like by 2/25/2026. Supplementation shall occur by 3/2/2026. Any further dispute on this matter shall be resolved by Judge Illman.

**IT IS SO ORDERED**.

Dated: 2/18/2026

_____
EDWARD M. CHEN
United States District Judge

---

[1] Apple also objects to Neonode "bringing dozens of new features" into the case, based on infringement contentions served before transfer to this district. Apple does not point to any rule or authority suggesting that Neonode's serving of its operative infringement contentions is untimely or otherwise barred. Apple notes that Neonode has since twice amended its contentions "without the Court's leave" to address deficiencies raised by Apple, but the Court has now granted that leave based on a motion that Apple did not oppose. Dkt. No. 158, 161.