UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>APPLE INC.<br><br>　　　　　Defendant. | Case Number: 3:21-cv-08872-EMC<br><br>**STIPULATION & ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR PATENT LITIGATION** |

Upon the stipulation of the parties, the Court ORDERS as follows:

　　1.　　This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination of this action, as required by Federal Rule of Civil Procedure 1."

　　2.　　This Order may be modified in the Court's discretion or by stipulation.

　　3.　　As in all cases, costs may be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics are cost-shifting considerations.

　　4.　　A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

　　5.　　The parties are expected to comply with the District's E-Discovery Guidelines ("Guidelines") and are encouraged to employ the District's Model Stipulated Order Re: the Discovery of Electronically Stored Information and Checklist for Rule 26(f) Meet and Confer

regarding Electronically Stored Information.

Further, upon the stipulation of the parties, the Court ORDERS that the following procedures shall govern discovery of Electronically-Stored Information ("ESI") in this case:

6. **Custodian names and search terms to be exchanged.** The parties shall meet and confer to reach agreement on a reasonable list of no more than 5 custodians for purposes of collection, review and production of electronically stored information. In connection with the meet and confer process, each party shall provide a proposed list of individual custodians who are knowledgeable about and were involved with the core issues or subjects in this case (e.g., the asserted patent, the development, design and operation of the accused products, and sales, marketing and other damages-related information for the accused products). The parties then shall meet and confer to reach agreement on document custodians and also shall meet and confer to reach agreement on no more than 10 search terms (per custodian, which may vary between custodians) to be used for electronic searches of the files from those custodians. ESI, such as electronic files and email, shall be collected for each individual custodian from the personal computers, network resources, and other electronic devices that those individuals use for work purposes. Upon request by the requesting party, the producing party shall provide a hit report showing information about the search that is available in the ordinary course of business, such as the number of documents that hit on the search term, the number of documents that hit on a search term plus family members, and the number of unique or de-duped documents that hit on the search term. Notwithstanding prior agreement on the search terms to be used for electronic searches, should a search produce an unreasonably large number of non-responsive or irrelevant results, the parties shall (at the producing party's request) meet and confer to discuss application of further negative search restrictions (e.g., if a single search was for "card" and ninety percent of the resulting documents came from the irrelevant term "credit card," a negative limitation to ignore documents only returned as a result of "credit card" may be applied to remove these documents). The party receiving the production shall not unreasonably oppose such further restrictions designed to filter immaterial

search results.  Nothing herein should be interpreted to require that the parties produce non-responsive documents that hit on a search term.

7. **Format for production of documents – documents existing in electronic format.**  Except as otherwise provided for in this Stipulation, all documents existing in electronic format shall be produced in multiple page, searchable PDF format at a resolution of at least 300 dpi in accordance with the following:

    A.    PDF files shall be produced along with Concordance/Opticon image load files that indicate the beginning and ending of each document.

    B.    For documents which already exist in PDF format prior to production (i.e., which the producing party receives from a client in PDF format), the producing party may provide them in that same PDF format, whether searchable or non-searchable, and will provide a corresponding extracted text file where practicable.  For documents converted to PDF format prior to production, the producing party shall make reasonable efforts to convert to searchable PDF.

    C.    **Metadata.**  Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

    D.    **Production media and encryption of productions.**  Unless otherwise agreed, the parties shall provide document productions in the following manner: The producing party shall provide the production data on external hard drives or SFTP, as appropriate. The producing party shall encrypt the production data using WinRAR encryption, and the producing party shall forward the password to decrypt the production data separately from the external drive or SFTP to which the production data is saved.

8. **Format for production of documents – hardcopy or paper documents.**  All

documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

9. **Source code.** This Stipulation does not govern the format for production of source code, which shall be produced pursuant to the relevant provision of the Protective Order.

10. **Parent and child emails.** The parties shall produce email attachments sequentially after the parent email.

11. **Native files.** Excel spreadsheets and audio/video files shall be produced in native format. The parties will meet and confer to discuss requests for the production of any other files in native format, on a case-by-case basis. If the parties are unable to reach agreement with regard to requests for additional documents in native-file format, the parties reserve the right to seek relief from the Court. Documents produced natively shall be represented in the set of imaged documents by a slipsheet indicating the production identification number and confidentiality designation for the native file that is being produced.

12. **Databases.** Certain types of databases are dynamic in nature and will often contain information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Thus, a party may opt to produce relevant and responsive information from databases in an alternate form, such as a report or data table. These reports or data tables will be produced in a static format.

The parties agree to identify the specific databases, by name, that contain the relevant and responsive information that parties produce.

13. **Requests for hi-resolution or color documents.** The parties agree to respond to reasonable and specific requests for the production of higher resolution or color images. Nothing in this Stipulation shall preclude a producing party from objecting to such requests as unreasonable in number, timing or scope, provided that a producing party shall not object if the document as originally produced is illegible or difficult to read. The producing party shall have the option of responding by producing a native-file version of the document. If a dispute

arises with regard to requests for higher resolution or color images, the parties will meet and confer in good faith to try to resolve it.

14. **Foreign language documents.** All documents shall be produced in their original language. Where a requested document exists in a foreign language and the producing party also has an English-language version of that document that it prepared for non-litigation purposes prior to filing of the lawsuit, the producing party shall produce both the original document and all English-language versions. In addition, if the producing party has a certified translation of a foreign-language document that is being produced, (whether or not the translation is prepared for purposes of litigation) the producing party shall produce both the original document and the certified translation. Nothing in this agreement shall require a producing party to prepare a translation, certified or otherwise, for foreign language documents that are produced in discovery.

15. **Privilege and privacy**. The parties are to confer on the nature and scope of privilege logs for the case, including whether categories of information may be excluded from any logging requirements. The parties agree that they are not required to include in privilege logs any documents or communications created on or after June 8, 2020. Nothing in this Order shall be interpreted to require disclosure of irrelevant information or relevant information protected by the attorney-client privilege, work-product doctrine, or any other applicable privilege or immunity. The parties do not waive any objections as to the production, discoverability, admissibility, or confidentiality of documents and ESI. Moreover, nothing in this Order shall be interpreted to require disclosure of information subject to privacy protections as set forth in law or regulation, including information that may need to be produced from outside of the United States, and/or may be subject to foreign laws.

16. **Technology assisted review.** Nothing in this Order prevents the parties from agreeing to use technology assisted review and other techniques insofar as their use improves the efficacy of discovery. If either Party intends to use TAR to determine that documents are non-responsive, they shall notify the other Party. The Parties will then meet and confer

regarding whether any further disclosure is required.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  February 23, 2026                    FISH & RICHARDSON P.C.

                                             By: */s/ Joy B. Kete*
                                                 Joy B. Kete

                                             *Attorneys for Defendant*
                                             *Apple Inc.*

Dated:  February 23, 2026                    SUSMAN GODFREY LLP

                                             By: */s/ Kalpana Srinivasan*
                                                 Kalpana Srinivasan

                                             *Attorneys for Plaintiff*
                                             *Neonode Smartphone LLC*

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  _____
                                             Hon. Edward M. Chen
                                             United States District Judge

**EXHIBIT A**

**TABLE OF METADATA FIELDS**

| **Field Name** | **Specifications Field Name** | **Field Type** | **Description (Email)** | **Description (E-Files/Attachments)** |
|---|---|---|---|---|
| BegDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndDoc | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |
| Pages | Pages | Number | The number of pages for an email. | The number of pages for a document. |
| DateSent | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
| Create Date | | Date (MM/DD/YYYY format) | The date the email file was created. | The date the document was created. |

1

| Last Modified Date | | Date (MM/DD/YYYY format) | The date the email file was last modified. | The date the file or attachment was last modified. |
|---|---|---|---|---|
| Filename | Unique ID (file name) | Paragraph | The name of the email file as stored. | The name of the file or attachment as stored. |
| Fileextension | File extension | Paragraph | The extension of the email file as stored. | The extension of the file or attachment. |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| Other Custodian | Other Custodian | Paragraph | When Documents have been globally deduplicated, the names of the other custodians who | Individual(s) whose documents deduplicated out. |

|  |  |  |  |  |
|---|---|---|---|---|
|  |  |  | also possessed the documents. |  |
| NativeFile |  | Paragraph |  | Link to the native file (native files only). The link must be named per the production Bates number. |
| Text link |  | Paragraph | Link to the extracted text or generated text of the email. | Link to the extracted text or generated text of the document. |

3