**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

NEONODE SMARTPHONE LLC,

                Plaintiff,

       v.

APPLE INC.

                Defendant.

Case No. 3:21-cv-08872-EMC

[PROPOSED] STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS

1.    <u>PURPOSES AND LIMITATIONS</u>

        Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

United States District Court
Northern District of California

2.      DEFINITIONS

2.1      Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2      "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4      Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5      Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.6      Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7      Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.8      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

2.9     "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items: extremely sensitive "Confidential Information or Items" that contain Source Code as defined below in Section 2.18, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.10     House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.12     Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.13     Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.14     Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15     Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16     Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or as "HIGHLY CONFIDENTIAL – SOURCE CODE."

2.17     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.18     Source Code: extremely sensitive "Confidential Information or Items" representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

of software or hardware designs, disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.  Nothing in this Protective Order shall prevent or restrict a Producing Party's own disclosure or use of its own Protected Material for any purpose, and nothing in this Order shall preclude any Producing Party from showing its Protected Material to an individual who prepared the Protected Material.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  All  disputes concerning Protected Material, however designated, produced under the protection of this Order shall be resolved by the United States District Court for the Northern

United States District Court
Northern District of California

4

District of California. The Court shall retain jurisdiction after final disposition of this matter to hear and resolve any disputes arising out of this Protective Order.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" to each page that contains protected

United States District Court
Northern District of California

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted. Where documents are produced in native electronic format, such electronic documents shall be designated for protection under this Order by appending to the file names or designators information indicating whether the document contains "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL - SOURCE CODE," material, or shall use any other reasonable method for so designating Protected Material produced in electronic format. If electronic documents are printed, the party printing the electronic documents shall affix a legend to the printed document corresponding to the designation of the Designating Party and including the production number and designation associated with the native file. No one shall seek to use in this litigation a .tiff, .pdf or other image format version of a document produced in native electronic format without first (1) providing a copy of the image format version to the Producing Party so that the Producing Party can review the image to ensure that no information has been altered, and (2) obtaining the consent of the Producing Party, which consent shall not be unreasonably withheld.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE]) to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected

portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Designating Party identify on the record or within fourteen (14) days of receipt of the transcript of the testimony, all protected testimony and specify the level of protection being asserted. All information disclosed during a deposition shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" until the time within which it may be appropriately designated as provided for herein has passed.

Parties shall give the other parties notice if they reasonably expect a deposition, hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript shall be treated as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety for the 14 days following its receipt, unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Protective Order, substantially along the lines of "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative Protective Order in this matter or pursuant to written stipulation of the parties."

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

(c) <u>for information produced in some form other than documentary and for any other</u> <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  Notwithstanding the above, a subsequent designation of "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" shall apply on a going forward basis and shall not disqualify anyone who reviewed "CONFIDENTIAL," "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" materials while the materials were not marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" from engaging in the activities set forth in Section 8.

6.    <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution

process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

United States District Court
Northern District of California

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner[1] that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, such counsel's paralegals and staff, and any copying or clerical litigation support services working at the direction of such counsel, paralegals, and staff, and any other employees or vendors of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b) with respect to Discovery Material produced by the Plaintiff, not more than three (3) House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this

---

[1] It may be appropriate under certain circumstances to require the Receiving Party to store any electronic Protected Material in password-protected form.

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

United States District Court
Northern District of California

1  litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

2  and (3) as to whom the procedures set forth in Section 7.5(a)(1), below, have been followed;

3          (c) Experts (as defined in this Order), as well as their immediate support staff, of the

4  Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who have

5  signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (3) as to whom the

6  procedures set forth in Section 7.5(a)(2), below, have been followed, (4) such expert is not a

7  current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the

8  time of retention to become an officer, director or employee of a Party or of a competitor of a

9  Party, and (5) such expert accesses Apple protected materials in the United States only, and does

10 not transport them to or access them from any foreign jurisdiction;

11         (d) the court and its personnel, as well as the jury;

12         (e) court reporters, stenographers, and videographers retained to record testimony taken in

13 this action, as well as their staff;

14         (f) professional jury or trial consultants and graphics, translation, or design personnel to

15 whom disclosure is reasonably necessary for this litigation who have signed the

16 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

17         (g) during their depositions, the author or recipient of a document containing the

18 information or a custodian or other person who otherwise possessed, knew, or had access to the

19 information;[2]

20         (h) mock jurors who have signed an undertaking or agreement consistent with this

21 Stipulated Protective Order agreeing not to publicly disclose Protected Material and to keep any

22 information concerning Protected Material confidential;

23         (i) any mediator who is selected to hear this matter, and his or her staff, subject to their

24 agreement to maintain confidentiality to the same degree as required by this Protective Order; and

25         (j) any other person with the prior written consent of the Producing Party, which consent

26

27 [2] For third-party depositions of former party employees, the parties will meet and confer in good faith beforehand to reach agreement on the categories of confidential documents that may be shown to the witness.

28

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

1    shall not be unreasonably withheld.

2        7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

3    Information or Items. Unless otherwise ordered by the court or permitted in writing by the

4    Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

5    CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

6        (a) the Receiving Party's Outside Counsel of Record in this action, provided that such

7    Outside Counsel exercises no competitive decision-making authority on behalf of the client, as

8    well as such counsel's paralegals and staff, and any copying or clerical litigation support services

9    working at the direction of such counsel, paralegals, and staff, and any other employees or vendors

10   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

11   for this litigation;

12       (b) with respect to Discovery Material produced by the Plaintiff, not more than three (3)

13   House Counsel of the Receiving Party (1) to whom disclosure is reasonably necessary for this

14   litigation, (2) who have signed the "Acknowledgement to Be Bound" (Exhibit A) and (3) as to

15   whom the procedures set forth in Section 7.5(a)(1), below, have been followed;

16       (c) Experts of the Receiving Party, as well as their immediate support staff, (1) to whom

17   disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment

18   and Agreement to Be Bound" (Exhibit A), (3) as to whom the procedures set forth in Section

19   7.5(a)(2), below, have been followed, (4) such expert is not a current officer, director, or employee

20   of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an

21   officer, director, or employee of a Party or of a competitor of a Party, (5) such expert or consultant

22   exercises no competitive decision-making authority on behalf of the retaining Party, and (6) such

23   expert or consultant accesses Apple protected materials in the United States only, and does not

24   transport them to or access them from any foreign jurisdiction;

25       (d) the court and its personnel, as well as the jury;

26       (e) court reporters, stenographers, and videographers retained to record testimony taken in

27   this action, as well as and their staff;

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

(f) professional jury or trial consultants and graphics, translation, or design personnel to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) during their depositions, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed, knew, or had access to the information;[3]

(h) any mediator who is selected to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

(i) any other person with the prior written consent of the Producing Party, which consent shall not be unreasonably withheld.

In addition, a Party may disclose arguments and materials derived from Discovery Material designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to mock jurors who have signed an undertaking or agreement consistent with this Stipulated Protective Order agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential.  A Party may not disclose to mock jurors any original, as-produced materials or information (including, for example, documents, deposition testimony, or interrogatory responses) produced by another Party designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

7.4    Disclosure of "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, provided that such Outside Counsel exercises no competitive decision-making authority on behalf of the client, as well as such counsel's paralegals and staff, and any copying or clerical litigation support services

---

[3] For third-party depositions of former party employees, the parties will meet and confer in good faith beforehand to reach agreement on the categories of confidential documents that may be shown to the witness.

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

working at the direction of such counsel, paralegals, and staff;

(b) Experts of the Receiving Party, as well as their immediate support staff, (1) to whom disclosure is reasonably necessary for this litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), (3) as to whom the procedures set forth in Section 7.5(a)(2), below, have been followed, (4) such expert is not a current officer, director, or employee of a Party or of a competitor of a Party, nor anticipated at the time of retention to become an officer, director or employee of a Party or of a competitor of a Party, (5) such expert or consultant exercises no competitive decision-making authority on behalf of the retaining Party, and (6) such expert accesses Apple protected materials in the United States only, and does not transport them to or access them from any foreign jurisdiction;

(c) the court and its personnel, as well as the jury;

(d) court reporters, stenographers, and videographers retained to record testimony taken in this action, as well as their staff;

(e) any mediator who is selected to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order;

(f) during their depositions, the author or recipient of a document containing the information or a custodian or other person who otherwise possessed, knew, or had access to the information;[4]

(g) any other person with the prior written consent of the Producing Party, which consent shall not be unreasonably withheld.

7.5    <u>Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" Information or Items.</u>

(a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to officers, directors, and employees (including House

---

[4] For third-party depositions of former party employees, the parties will meet and confer in good faith beforehand to reach agreement on the categories of confidential documents that may be shown to the witness.

United States District Court
Northern District of California

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

1   Counsel) of the Receiving Party any information or item that has been designated

2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant

3   to Sections 7.2(b) or 7.3(b) first must make a written request to the Designating Party that (1) sets

4   forth their full name and the city and state of his or her residence, and (2) describes their current

5   and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to

6   determine if they exercise any competitive decision-making authority on behalf of the client.

7        (a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating

8   Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item

9   that has been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

10  EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" pursuant to Sections 7.2(c),

11  7.3(c), or 7.4(b) first must make a written request to the Designating Party that (1) identifies the

12  general categories of Designated Material that the Receiving Party seeks permission to disclose to

13  the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary

14  residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current

15  employer(s), (5) identifies each person or entity from whom the Expert has received compensation

16  or funding for work in his or her areas of expertise or to whom the expert has provided

17  professional services, including in connection with a litigation, at any time during the preceding

18  five years,[5] and (6) identifies (by name and number of the case, filing date, and location of court)

19  any litigation in connection with which the Expert has offered expert testimony, including through

20  a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (7)

21  identifies all pending patent applications on which the Person is named as an inventor, in which

22  the Person has any ownership interest, or as to which the Person reasonably anticipates within two

23  (2) years after final termination of this action participating in activities which would come within

24  the scope of the Prosecution Bar in Section 8 below.

25  _____

26  [5] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the
    Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality

27  agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating
    Party regarding any such engagement.

28

STIPULATED PROTECTIVE ORDER
    Case No. 3:21-cv-08872-EMC

1    (b) A Party that makes a request and provides the information specified in the preceding

2  respective paragraphs may disclose the subject Protected Material to the identified person unless,

3  within 14 days of delivering the request, the Party receives a written objection from the

4  Designating Party. Any such objection must set forth in detail the grounds on which it is based.

5    (c) A Party that receives a timely written objection must meet and confer with the

6  Designating Party (through direct voice to voice dialogue) to try to resolve the matter by

7  agreement within seven days of the written objection. If no agreement is reached, the Party

8  seeking to make the disclosure may file a motion as provided in Civil Local Rule 7 (and in

9  compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.

10  Any such motion must describe the circumstances with specificity, set forth in detail the reasons

11  why the disclosure is reasonably necessary, assess the risk of harm that the disclosure would

12  entail, and suggest any additional means that could be used to reduce that risk. In addition, any

13  such motion must be accompanied by a competent declaration describing the parties' efforts to

14  resolve the matter by agreement (i.e., the extent and the content of the meet and confer

15  discussions) and setting forth the reasons advanced by the Designating Party for its refusal to

16  approve the disclosure.

17    In any such proceeding, the Party opposing disclosure shall bear the burden of proving that

18  the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the

19  Receiving Party's need to disclose the Protected Material.

20    An initial failure to object to a Person under Section 7.5 shall not preclude the non-

21  objecting Party from later objecting to continued access by that Person for good cause. For

22  purposes of this section, "good cause" shall include an objectively reasonable concern that the

23  Person will, advertently or inadvertently, use or disclose Discovery Materials in a way or ways

24  that are inconsistent with the provisions contained in this Order. If an objection is made, the

25  Parties shall meet and confer via telephone or in person within seven (7) days following the

26  objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved,

27  the Party objecting to the disclosure will have seven (7) days from the date of the meet and confer

28

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

1    to seek relief from the Court. The designated Person may continue to have access to information

2    that was provided to such Person prior to the date of the objection. If a later objection is made, no

3    further Protected Material shall be disclosed to the Person until the Court resolves the matter or

4    the Producing Party withdraws its objection. Notwithstanding the foregoing, if the Producing

5    Party fails to move for a protective order within seven (7) business days after the meet and confer,

6    further Protected Material may thereafter be provided to the Person.

7        7.6    Third-Party Litigation Funding. Funders of litigation shall be prohibited from

8    accessing, and denied copies of, any Apple Protected Material. The term "funders of litigation"

9    shall be applied broadly and include any entity or individual engaged in the business of litigation

10   funding, their employees, counsel, consultants, and other agents, whether foreign or domestic.

11       7.7    Generative Artificial Intelligence. Receiving Parties shall also implement

12   restrictions regarding the disclosure or use of Producing Parties' Protected Material in any

13   generative artificial intelligence ("GenAI"), large language model ("LLM"), or other similar

14   technology. The Receiving Party shall not load, import, submit, or otherwise transfer Protected

15   Material produced by the Producing Party to an open LLM or other open GenAI platform, nor

16   may the Receiving Party utilize any closed LLM or GenAI platforms where the Producing Party's

17   Protected Material may be used to train open models or otherwise made accessible to other users

18   of the LLM or AI platform not authorized to receive Protected Material under this Order. Before

19   the Receiving Party transfers any of the Producing Party's Protected Material to a closed LLM or

20   GenAI platform, the Receiving Party shall make reasonably sure that it can delete all such

21   Protected Material from the platform at the final disposition of this action, as defined in Section

22   15. The Receiving Party will be responsible for destroying  such produced information from such

23   tools at the end of the Matter. This provision shall not be interpreted to preclude Receiving Parties

24   from using standard Technology-Assisted Review (TAR) tools to analyze and review produced

25   documents.

26   8.    PROSECUTION BAR

27       Absent written consent from the Producing Party, any individual who receives access to a

28

United States District Court
Northern District of California

1    Producing Party's "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY

2    CONFIDENTIAL – SOURCE CODE" information shall not prepare, prosecute, supervise, or assist

3    in the preparation or prosecution of any patents or patent applications relating to gesture-based user

4    interfaces for touch-screen devices, including without limitation the patent asserted in this action

5    and any patent or application claiming priority to or otherwise related to the patent asserted in this

6    action, before any foreign or domestic agency, including the United States Patent and Trademark

7    Office ("the Patent Office").[6]  For purposes of this paragraph, "prosecution" includes directly or

8    indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent

9    claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a

10   party defending or challenging a patent, including the patent asserted in this action, before a

11   domestic or foreign agency (including, but not limited to, a reissue protest, *inter partes* review, *ex*

12   *parte* reexamination, or *inter partes* reexamination). This Prosecution Bar shall begin when access

13   to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL

14   – SOURCE CODE" information is first received by the affected individual and shall end two (2)

15   years after final termination of this action, including any appeals.

16   9.      SOURCE CODE

17          (a)      To the extent production of Source Code becomes necessary in this case, a

18   Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL - SOURCE CODE"

19   if it comprises or includes confidential, proprietary or trade secret Source Code.

20          (b)      Protected Material designated as "HIGHLY CONFIDENTIAL – SOURCE CODE"

21   shall be subject to all of the protections afforded to "HIGHLY CONFIDENTIAL – SOURCE

22   CODE" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information,

23   including the Prosecution Bar set forth in Paragraph 8.

---

[6] The subject matter contemplated by this Prosecution Bar does not in any way reflect or limit the scope or subject matter of the Asserted Patent in this case. Nor does this Prosecution Bar in any way limit either party's right to assert any position as to infringement, validity, claim construction, or related issues. Neither party may rely on this Prosecution Bar as evidence of the other party taking a position inconsistent with any other position as to infringement validity, claim construction, or related issues.

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

(c)     Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours (*i.e.*, 9:00 a.m. through 6:00 p.m., local time) or at other mutually agreeable times, at a location of the Producing Party's reasonable discretion or another mutually agreed upon location. Upon reasonable notice from the Receiving Party, the Producing Party shall make reasonable efforts to accommodate the Receiving Party's request for access to Source Code outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the Producing Party's Source Code shall not unreasonably hinder the Receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this action.

(d)     The Source Code shall be made available for inspection on a secured computer in a secured room ("the Source Code Review Room") without Internet access or network access to other computers,[7] and on which all access ports have been disabled (except for one printer port), as necessary and appropriate to prevent and protect against any unauthorized copying, removal, or other transfer of any portion of the Source Code outside or away from the computer on which the Source Code is provided for inspection. Except as provided in this paragraph, no recordable media or recordable devices, including without limitation sound recorders, computers, cellular telephones, peripheral equipment, cameras, CDs, DVDs, or drives of any kind, shall be permitted into the Source Code Review Room.  The Producing Party shall provide a room near the Source Code Room in which the Receiving Party's outside counsel and/or experts may confer privately by phone. If cellphone reception in that room is poor, the Producing Party shall provide a landline telephone in that room to allow the Receiving Party's outside counsel and/or experts to confer privately. The Receiving Party's Outside Counsel and/or Experts shall be entitled to take notes relating to the Source Code and may bring notepads, paper, pencils, and pens into the Source Code Review Room for this purpose. To facilitate notetaking during the review of Source Code, the

---

[7] The Producing Party reserves the right to determine whether to provide a remote review from the Producing Party's Source Code Review Room via internet access.  Such access will be provided at the Producing Party's reasonable direction and control.

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

1   Producing Party shall provide, separate from the Source Code Computer, a secured computer

2   without Internet access or network access to other computers and on which all access ports have

3   been disabled (except for one printer port). The Receiving Party may print out the notes before

4   deleting the notes off the notetaking computer at the end of each review day. No Source Code may

5   be copied into any notes taken during the Source Code review in an effort to circumvent any

6   printing limitations set forth herein. The Producing Party may not review any such notes taken by

7   the Receiving Party or its representatives. The Producing Party may visually monitor, but may not

8   record, the activities of the Receiving Party's representatives during any Source Code review only

9   to ensure that there is no unauthorized recording, copying, or transmission of the Source Code.

10  The Producing Party may not view the contents of the display screen on the Source Code

11  Computer or notetaking computer during the Receiving Party's review. The Producing Party may

12  require all persons viewing Source Code to sign in and sign out each day they view Source Code.

13      (e)    Prior to the first inspection of any requested Source Code, the Receiving Party shall

14  provide thirty (30) days' notice of the Source Code that it wishes to inspect. The Receiving Party

15  shall provide fourteen (14) days' notice prior to any additional inspections if those inspections will

16  be at a location that is different from a site at which an inspection has already occurred and seven

17  (7) days' notice prior to any additional inspections if those inspections will be at the same location

18  as any previous inspection.[8] The Producing Party shall install tools that are sufficient for viewing

19  and searching the code produced, on the platform produced. The Receiving Party's outside counsel

20  and/or experts may request that commercially available software tools for viewing and searching

21  Source Code be installed on the secured computer, provided, however, that (i) the Receiving Party

22  possesses an appropriate license to such software tools; (ii) the Producing Party approves such

23  software tools; and (iii) such other software tools allow the Receiving Party to perform its review

24  of the Source Code consistent with all of the protections herein. The Receiving Party must provide

25

26  _____

27  [8] In the event that an inspection of source code is requested within seven (7) or fourteen (14) days—whichever is the applicable notice period—of a deposition relating to source code, the parties will work together in good faith to accommodate that request.

28

20

United States District Court
Northern District of California

the Producing Party with such licensed software tool(s) by either digital delivery (i.e., downloadable) or electronic media (i.e., disk, USB thumb drive) at least twenty-one (21) days in advance of the date upon which the Receiving Party wishes to have the additional software tools available for use on the secured computer. Timely and reasonable requests for the installation of such software will not be unreasonably denied.

(f)     All persons who will review a Producing Party's Source Code on behalf of a Receiving Party, including members of a Receiving Party's outside law firm, shall be identified in writing to the Producing Party at least five (5) days in advance of the first time that such person reviews such Source Code. Such identification shall be in addition to any other disclosure required under this Order. Proper identification of all authorized persons shall be provided prior to any access to the Source Code Review Room. Proper identification requires showing, at a minimum, a photo identification card sanctioned by the government of any State of the United States, by the government of the United States, or by the nation state of the authorized person's current citizenship. Access to the Source Code Review Room or the secured computer may be denied, at the discretion of the supplier, to any individual who fails to provide proper identification.

(g)     The Receiving Party's Outside Counsel and/or Experts shall be entitled to take notes relating to the Source Code but may not copy the Source Code into the notes in an effort to circumvent any printing limitations set forth herein and may not take such notes electronically on the secured computer itself. Unless otherwise agreed in advance by the Parties in writing, following each day of inspection under this Order, the Receiving Party's Outside Counsel and/or Experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The Producing Party shall not be responsible for any items left in the room following each inspection session, and the Receiving Party shall have no expectation of confidentiality for any items left in the room following each inspection session without a prior agreement to that effect.

(h)     The Receiving Party may request paper copies of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the source code

other than electronically as set forth in paragraphs (c)-(d) in the first instance. The Producing Party shall provide all such requested paper copies of Source Code in paper form including bates numbers and the label "HIGHLY CONFIDENTIAL – SOURCE CODE." The printed pages shall constitute part of the Source Code produced by the Producing Party in this action.

(i)     The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" and the Receiving Party is the "Designating Party" for purposes of dispute resolution. Any printed portion that consists of more than 15 pages of a continuous block of Source Code shall be presumed to be excessive, and the burden shall be on the Receiving Party to demonstrate the need for such a printed copy.  Likewise, the Receiving Party's possession of more than 275 pages of Source Code in total at one time shall be presumed to be excessive.

(j)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in paper form. The log shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored. Upon reasonable notice to the Receiving Party by the Producing Party, the Receiving Party shall provide a copy of this log to the Producing Party. The Receiving Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format absent express written permission from the Producing Party or as otherwise provided herein. The Receiving Party shall only make up to three (3) additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report) or (2) otherwise necessary for the preparation of its case.

(k)     For depositions, the Receiving Party shall not bring copies of any printed Source Code. Rather, at least ten (10) days before the date of the deposition, the Receiving Party shall notify the Producing Party about the specific portions of Source Code it wishes to use at the deposition, and the

United States District Court
Northern District of California

Producing Party shall bring up to three printed copies of those portions to the deposition for use by the Receiving Party. If the deposition is not readily accessible from where the Receiving Party is keeping the paper copy of the Source Code or where the Producing Party has made the Source Code available to the Receiving Party, the Receiving Party may advise the Producing Party in advance of a location near the deposition location where the Source Code can be kept locked and secured for review in advance of the deposition. Upon 10-days advance request, the Producing Party must deliver the Source Code to that location at least 48 hours before the deposition. The Producing Party is responsible for retrieving the paper Source Code from that locked and secured location. The same process shall apply to court proceedings. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. All paper copies of Source Code brought to the deposition shall remain with the Producing Party's outside counsel for secure destruction in a timely manner following the deposition.

(l)     Except as provided in this sub-paragraph, absent express written permission from the Producing Party, which shall not be unreasonably withheld, the Receiving Party may not create electronic images, or any other images, or make electronic copies, of the Source Code from any paper copy of Source Code for use in any manner (including by way of example only, the Receiving Party may not scan the Source Code to a PDF or photograph the code). Expert reports shall not include images or copies of Source Code and shall instead reference Source Code using production numbers and line numbers.[9] Images or copies of Source Code shall not be included in correspondence between the Parties (references to production numbers shall be used instead), and shall be omitted from pleadings and other papers whenever possible. If a Party reasonably believes that it needs to submit a portion of Source Code as part of a filing with the Court, the Parties shall meet and confer as to how to make such a filing while protecting the confidentiality of the Source

---

[9] The Parties agree that no Party shall file a motion to strike and/or Daubert motion based on an expert's failure to quote lines of Source Code in an expert report. Instead, consistent with this Protective Order, Source Code should be cited using production numbers and line numbers.

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

United States District Court
Northern District of California

Code and such Source Code will not be filed absent agreement from the Producing Party that the confidentiality protections will be adequate. If a Producing Party agrees to produce an electronic copy of all or any portion of its Source Code or provide written permission to the Receiving Party that an electronic or any other copy needs to be made for a Court filing, access to the Receiving Party's submission, communication, and/or disclosure of electronic files or other materials containing any portion of Source Code (paper or electronic) shall at all times be limited solely to individuals who are expressly authorized to view Source Code under the provisions of this Order. Where the Producing Party has provided the express written permission required under this provision for a Receiving Party to create electronic copies of Source Code, the Receiving Party shall maintain a log of all such electronic copies of any portion of Source Code in its possession or in the possession of its retained consultants, including the names of the reviewers and/or recipients of any such electronic copies, and the locations and manner in which the electronic copies are stored. Additionally, any such electronic copies must be labeled "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SOURCE CODE" as provided for in this Order.

10.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the

Designating Party whose Protected Material may be affected.[10]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

11.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a)    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of

---

[10] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

United States District Court
Northern District of California

the information requested; and

               3.     make the information requested available for inspection by the Non-Party.

       (c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[11] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

12.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

13.    <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

       Pursuant to Fed. R. Evid. 502(d), the production of any Discovery Material, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the Producing Party of any privilege or protection applicable to that Discovery Material, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.  This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply.

---

[11] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

Upon a request from any Producing Party who has produced Discovery Material that it believes is privileged and/or protected, each Receiving Party shall immediately return such Protected Material or Discovery Material and all copies to the Producing Party, except for any pages containing privileged markings by the Receiving Party which shall instead be destroyed and certified as such by the Receiving Party to the Producing Party.

14.    MISCELLANEOUS

14.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

14.2    Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

14.3    Export Control. Disclosure of Protected Material shall be subject to all applicable laws and regulations relating to the export of technical data contained in such Protected Material, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. Apple Protected Material must be stored and maintained by a Receiving Party at a location in the United States and in a secure manner that ensures that access is limited to the persons authorized under this Order.[12]  To ensure compliance with applicable United States Export Administration Regulations, Apple Protected Material may not be exported outside the United States.

14.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed

---

[12] If the Receiving Party identifies a reasonable need for one or more of its experts to access Apple Protected Material outside of the United States, the Parties agree to meet and confer in good faith regarding a potential accommodation.

United States District Court
Northern District of California

under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court. Nothing in this section shall in any way limit or detract from this Order's requirements as to Source Code.

14.5    <u>Data Security</u>.

(a)    Receiving Party shall implement an information security management system ("ISMS") to safeguard Protected Material, including reasonable and appropriate administrative, physical, and technical safeguards, and network security and encryption technologies governed by written policies and procedures, designed to protect against any reasonably anticipated threats or hazards to the security of Protected Material and to protect against unauthorize access to Protected Material.

(b)    If Receiving Party becomes aware of any unauthorized access, use, or disclosure of Protected Material or devices containing Protected Material ("Data Breach"), Receiving Party shall promptly, and in the most expedient time possible and without unreasonable delay, consistent with the legitimate needs of law enforcement and any measures necessary to determine the scope of the Data Breach and restore the reasonable integrity of affected data system(s), notify Producing Party in writing and fully cooperate with Producing Party as may be reasonably necessary to (a) determine the source, extent, or methodology of such Data Breach, (b) to recover or to protect Protected Material, and/or (c) to satisfy Producing Party's legal, contractual, or other obligations. For the avoidance of doubt, notification obligations under this Section 14.5 arise when the Receiving Party both (a) learns of a Data Breach, and (b) learns that any of the Producing Party's Protected Material is potentially subject to the Data Breach.  The notification obligations set forth in this Section 14.5 do not run from the time of the Data Breach itself.

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

United States District Court
Northern District of California

(c)     Receiving Party shall promptly comply with Producing Party's reasonable request(s) that Receiving Party investigate, remediate, and mitigate the effects of a Data Breach and any potential recurrence and take all reasonable steps to terminate and prevent unauthorized access.  Receiving Party shall provide any information that is reasonably requested by Producing Party and that is reasonably necessary to contain, mitigate, or remediate such Data Breach. For the avoidance of doubt, nothing in this Section 14.5 is intended to create a waiver of any applicable privileges, including privileges applicable to a Party's investigation and remediation of a Data Breach.

(d)     If Receiving Party is aware of a Data Breach, the Parties shall meet and confer in good faith regarding any adjustments that should be made to the discovery process and discovery schedule in this action.

(e)     Receiving Party shall comply with this Section 14.5 and any applicable security, privacy, data protection, or breach notification laws, rules, regulations, or directives ("Applicable Data Law").  If Receiving Party is uncertain whether a particular practice would conform with the requirements of this Section 14.5, it may meet and confer with the other Parties; if any Party believes that the proposed practice would violate this Protective Order, it may, within 10 business days, bring the dispute to the Court. The Party challenging the proposed practice would bear the burden of demonstrating a violation.

## 15.     FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained

United States District Court
Northern District of California

any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: February 23, 2026            FISH & RICHARDSON P.C.

By: */s/ Joy B. Kete*
 Joy B. Kete

*Attorneys for Defendant*
*Apple Inc.*

Dated: February 23, 2026            SUSMAN GODFREY LLP

By: */s/ Kalpana Srinivasan*
 Kalpana Srinivasan

*Attorneys for Plaintiff*
*Neonode Smartphone LLC*

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____  _____
                                     Edward M. Chen
                                     United States District Judge

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC

1

United States District Court
Northern District of California

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or

type full address], declare under penalty of perjury that I have read in its entirety and understand

the Stipulated Protective Order that was issued by the United States District Court for the Northern

District of California on _____ [date] in the case of NEONODE SMARTPHONE

LLC v. APPLE INC., Case No. 3:21-cv-08872-EMC.  I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to

so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

promise that I will not disclose in any manner any information or item that is subject to this

Stipulated Protective Order to any person or entity except in strict compliance with the provisions

of this Order.

I further agree to submit to the jurisdiction of the United States District Court for

the Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
                          [printed name]

Signature: _____
                       [signature]

31

STIPULATED PROTECTIVE ORDER
Case No. 3:21-cv-08872-EMC