

**Joy Backer Kete**
Principal
kete@fr.com
T: 617 368 2172

Fish & Richardson P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
T: 858 678 5070

**BY E-FILING**

March 10, 2026

Honorable Edward M. Chen
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
Courtroom 5 – 17th Floor
San Francisco, CA 94102

RE:     *Neonode Smartphone LLC. v. Apple Inc.*, Case No. 3:21-cv-08872-EMC
        Joint Letter re Early Motion for Summary Judgment for Lack of Written Description

Dear Judge Chen:

Pursuant to paragraph 9 of the Court's General Standing Order for Civil Cases, paragraph 4 of
the Court's Standing Order for Civil Discovery, and the Court's guidance at the ADR Status
Conference on February 10, 2026, Defendant Apple, Inc. ("Apple" or "Defendant") and Plaintiff
Neonode Smartphone LLC ("Neonode" or "Plaintiff") submit the following joint letter regarding
whether the Court should grant Apple leave to file an early motion for summary judgment that
the '879 Patent is invalid for lack of written description.

**FISH.**

Honorable Edward M. Chen
March 10, 2026
Page 2

**Defendant's Position:**  Apple requests leave to file an early 10-page[1] motion for summary judgment demonstrating that the asserted claims are invalid for lack of written description under 35 U.S.C. § 112.  This is a discrete, case-dispositive issue that is ripe for resolution now.

Neonode asserts only independent claim 1 of the '879 Patent and dependent claims.  Claim 1 recites "wherein the representation of the function is not relocated or duplicated during the gliding."  Dkt. 5, Ex. A ("'879 Patent") at Claim 1.  During prosecution, this limitation was added in an examiner's amendment after an interview with the applicant.  Ex. 2 at 2-3.  But nothing in the specification touches on the notion that the representation is "not relocated or duplicated during the gliding."  Neonode's reliance on an embodiment describing a representation printed on an enclosure is unavailing.  '879 Patent at 6:17-27.  Putting aside its silence regarding duplicating or relocating, the representation printed on the enclosure is not the claimed representation, which is in a touch sensitive area presented using code.  Thus, this irrelevant embodiment cannot save the claims.  *Flash-Control, LLC v. Intel Corp*., 2021 WL 2944592, at *4 (Fed. Cir. 2021) (cannot show written description by "picking and choosing claim elements from different embodiments that are never linked together in the specification").

To satisfy the written description requirement, a specification must "reasonably convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date."  *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351 (Fed. Cir. 2010).  The "hallmark of written description is disclosure," and even a description rendering a claimed limitation obvious is insufficient.  *Id.*; *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997).  The claim limitation at issue here is a negative limitation, excluding relocating or duplicating a representation of a function during gliding.  In order to disclose a negative limitation, the specification must "convey[] to a skilled artisan that the inventor ***intended the exclusion,*** such as a discussion of disadvantages or alternatives."  *Novartis Pharm. Corp. v. Accord Healthcare, Inc.*, 38 F.4th 1013, 1017 (Fed. Cir. 2022); *see also In re Butler*, 2025 WL 2658308, at *2 (Fed. Cir. 2025) ("As it relates to negative limitations…generally, there must be something in the specification that '***describes a reason to exclude the relevant element***.'") (emphases added).  The '879 Patent does not convey any reason for excluding relocating or duplicating the claimed representation.  Because the specification is silent regarding this negative claim limitation, the asserted claims are invalid for lack of written description.

Apple's written description challenge is ripe for resolution now, without further discovery or claim construction.  While "[c]ompliance with the written description requirement of 35 U.S.C. § 112, ¶ 1 is a question of fact," the Federal Circuit has made clear that "[a] patent can also be held

---

[1] Though the local rules provide a 25-page limit for summary judgment motions, this Court has allowed more pages for complex patent cases.  Ex. 1 (*Haptic* Tr.) at 8.  Apple asks that this motion not count against the limit, but requests leave to file the motion now even if it does.

**FISH.**

Honorable Edward M. Chen
March 10, 2026
Page 3

invalid for failure to meet the written description requirement based on the face of the patent specification." *Centocor Ortho Biotech, Inc. v. Abbott Labs., et al*, 636 F.3d 1341, 1347 (Fed. Cir. 2011); *see also Univ. of Rochester v. G.D. Searle & Co., Inc.*, 358 F.3d 916, 927 (Fed. Cir. 2004) (finding "a patent can be held invalid for failure to meet the written description requirement[] ***based solely on the language of the specification***") (emphasis added). For this reason, the Federal Circuit has upheld invalidating a patent for lack of written description without requiring expert discovery. *Adang v. Umbeck*, 2007 WL 3120323, at *2 (Fed. Cir. 2007) (affirming invalidity for lack of written description based on the specification and without supporting expert testimony); *see also Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 822 F. Supp. 2d 1020 (N.D. Cal. Oct. 14, 2011) (this Court granting summary judgment of invalidity for lack of written description before the end of fact discovery). Likewise, courts routinely grant leave to file a summary judgment motion on this issue before the close of fact discovery. *See, e.g.*, Ex. 3 (N.D. Cal. *Phigenix* Order) at 1-2; Ex. 4 (D.N.J. *Mondis* Order), at 1-2; *Novozymes A/S, et al v. DANISCO A/S, et* al, 2010 WL 11545983, at *1 (W.D. Wis. Oct. 21, 2010). In short, no claim construction or discovery will change the specification's silence on the disputed limitation.

Apple respectfully submits Neonode's case should be disposed of now. Because this written description issue is case-dispositive and would moot further discovery or later motions for summary judgment, Apple requests leave to file an early motion for summary judgment.

**Plaintiff's Position:** The Court should deny Apple's request for leave to file an "early" summary judgment motion, for at least three reasons.

First, each side is limited to one summary judgment motion. *See* Civil Standing Order – General, ¶ 9. As the Court has observed, "early summary judgment proceedings usually do not advance litigation unless there are pure legal issues in need of resolution." *Gjovik v. Apple Inc.*, No. 23-cv-04597-EMC, 2025 WL 2379767, at *3 (N.D. Cal. July 3, 2025). Here, "[w]hether a claim satisfies the written description requirement is a question of fact," not law. *Novartis*, 38 F.4th at 1016. It would be premature to consider written description prior to the close of discovery because expert testimony is pertinent to a POSITA's understanding of the specification. *Allergan USA, Inc. v. MSN Lab'ys Priv. Ltd.*, 111 F.4th 1358, 1376 (Fed. Cir. 2024). Moreover, Apple has not shown why it cannot present written description and other issues in a single motion. As one court in this District reasoned in denying a similar request, if "the Court finds the … issue to be dispositive, it may simply not reach other issues presented in [defendant's] motion." Ex. 5 at 2 (*Williamson v. Google LLC*, 15-cv-00966-BLF, Dkt. #255 (N.D. Cal. June 11, 2018)). Granting Apple's request will most likely burden the Court and the parties with multiple summary judgment motions. *id.*

Second, Apple's request founders on the merits. Apple suggests that the patent must include a "discussion of disadvantages or alternatives" or must "describe[] a reason to exclude the relevant element." But it is clear from *Novartis* and *Butler* that these are merely ***exemplary*** ways to satisfy the written description requirement. *See Novartis*, 38 F.4th at 1016; *Butler*, 2025 WL 2658308, at

FISH.

Honorable Edward M. Chen
March 10, 2026
Page 4

\*3. All that is required is that the patent include "disclosure of the element." *Novartis*, 38 F.4th at 1017; *accord Butler*, 2025 WL 2658308, at \*3. The Federal Circuit has repeatedly declined to create a "heightened standard for negative claim limitations." *Novartis*, 38 F.4th at 1020; *see also Inphi Corp. v. Netlist, Inc.*, 805 F.3d 1350, 1356 (Fed. Cir. 2015).

Contrary to Apple's assertion, the patent discloses the feature Apple contends to be missing: a "representation of the function" that "is not relocated or duplicated during the gliding." The patent describes an embodiment with a user interface that presents "a representation of a first 21, a second 22 and a third 23 predefined function." '879 Patent at 4:1–3. Figure 1 depicts these representations as, respectively, a "cross" sign, a 3x4 plot or array, and a "folder."



Fig. 1.     Fig. 2.     Fig. 13.

As depicted in Figures 1 and 13, these representations are located in "menu area 2" and, in one embodiment, are "***printed on top of***" the device enclosure 5. '879 Patent at 6:17–21. Because the representations are printed on the enclosure, a POSITA would understand that they are not relocated or duplicated during the gliding operation depicted in Figure 2. This disclosure would defeat Apple's proposed motion. *E.g.*, *Flatworld Interactives LLC v. Samsung Elecs. Co., Ltd.*, 77 F. Supp. 3d 378, 385-86 (2014); *Gen-Probe Inc. v. Becton Dickinson & Co.*, 899 F. Supp. 2d 971, 980 (2012). Apple contends that this disclosure is "irrelevant" because the "claimed representation … is in a touch sensitive area presented using code." But Apple does not contend that the *representation* must be presented using code, and, even if it did, the patent discloses representations presented using code. '879 Patent at 5:2–28. This disclosure conveys to POSITAs that the inventor possessed the subject matter of the claim even if the embodiment with printed representations is a different species from embodiments with representations presented using code. *E.g.*, *Hynix Semiconductor Inc. v. Rambus Inc*., 645 F.3d 1336, 1351-53 (Fed. Cir. 2011).

Finally, Apple's request for an "early" motion risks imposing additional burden on both the Court and Neonode, arising from multiple motions. Apple should bear a cost for imposing that risk. Accordingly, Neonode respectfully requests that, if the Court allows Apple to file an "early" motion as to written description, it should foreclose Apple from later seeking summary judgment as to any other defenses under 35 U.S.C. § 112 and it should deduct any pages allowed for Apple's early motion from the 25-page total limit for summary judgment motions under Civil L.R. 7-4(b).

# FISH.

Honorable Edward M. Chen
March 10, 2026
Page 5


Respectfully submitted,

Dated:  March 10, 2026                    FISH & RICHARDSON P.C.


                                          By: */s/ Joy B. Kete*
                                              Joy B. Kete

                                          Attorneys for Defendant
                                          Apple Inc.

Dated:  March 10, 2026                    GRAVES & SHAW LLP


                                          By: */s/ Philip J. Graves*
                                              Philip J. Graves

                                          Attorneys for Plaintiff
                                          Neonode Smartphone LLC


## ATTESTATION

Pursuant to Civ. Local Rule 5.1(i)(3) regarding signatures, I attest under penalty of perjury that concurrence in the filing of this document has been obtained from counsel for Neonode Smartphone LLC.


                                          */s/ Joy B. Kete*
                                          Joy B. Kete