# Exhibit 5

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| RICHARD A. WILLIAMSON, ON BEHALF OF AND AS TRUSTEE FOR AT HOME BONDHOLDERS' LIQUIDATING TRUST,<br><br>Plaintiff,<br><br>v.<br><br>GOOGLE LLC,<br><br>Defendant. | Case No. 15-cv-00966-BLF<br><br>**ORDER DENYING GOOGLE LLC'S MOTION FOR LEAVE TO FILE AN EARLY MOTION FOR SUMMARY JUDGMENT**<br><br>[Re: ECF 249] |

Before the Court is Defendant Google LLC's ("Google") motion for leave to file an early motion for summary judgment without prejudice to its ability to bring a second motion for summary judgment. Mot., ECF 249. Google requests that the first motion for summary judgment not count against the page limits for its second motion for summary judgment. *Id.* at 3. Plaintiff Williamson opposes the instant motion. Opp'n, ECF 254.

Google argues that it seeks to file an early motion for summary judgment on whether it has a license to practice the patents-at-issue and therefore cannot be liable for patent infringement. Mot. 2. According to Google, ruling on the discrete licensing issue at an earlier stage "might relieve the Court of resolving contested invalidity and infringement arguments." *Id.* at 3. Williamson counters that Google's proposed motion would simply burden the Court and the parties with multiple motions where one will suffice. Opp'n 1.

The Court's Standing Order states that "[u]nless otherwise ordered by the Court, only 1 motion for summary judgment, partial summary judgment, or summary adjudication may be filed by each party." Section F.1, Standing Order Regarding Civil Cases. Google has not sufficiently

shown why it needs more than one motion for summary judgment. There is no reason why Google cannot present the licensing issue and other patent issues in a single motion. If the Court finds the licensing issue to be dispositive, it may simply not reach other issues presented in Google's motion. Thus, the Court is unpersuaded by Google's argument that ruling on the discrete licensing issue at an earlier stage "might relieve the Court of resolving contested invalidity and infringement arguments." Moreover, the parties' deadline to file their motions for summary judgment is August 30, 2018. Google has not shown why filing an earlier motion for summary judgment about two to three months earlier than the second motion for summary judgment would materially advance the resolution of this matter. And, the Court would be unable to hear and rule on the proposed early motion before the filing deadline for the second motion. Rather, as Williamson argues, it is likely that the Court and the parties would be burdened by multiple motion practices.

For the above reasons, Google's motion for leave to file an early motion for summary judgment is DENIED.

The Court reminds that the parties' briefing on the motions for summary judgment shall comply with the Civil Local Rules and the Court's Standing Order Regarding Civil Cases. The opening brief is limited to 25 pages as set forth in Section E.1.a of the Court's Standing Order Regarding Civil Cases. The text "must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations." Civil L.R. 3-4(c)(2). The text, including footnotes and quotations, must be in 12-point type. *Id.* "Footnotes are to be used sparingly and citations to textual matter shall not be contained in footnotes." Section E.4, Standing Order Regarding Civil Cases. A brief may by stricken—for example, by failing to use footnotes sparingly—as being in non-compliance with the Civil Local Rules and the Court's Standing Order.

**IT IS SO ORDERED.**

Dated: June 11, 2018

_____
BETH LABSON FREEMAN
United States District Judge