Roger A. Denning (SBN 228998)
denning@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Elliot Scher (SBN 343705)
scher@fr.com
Jeffrey H Burton (SBN 328305)
jburton@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Katherine H. Reardon (*pro hac vice*)
reardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Katherine D. Prescott (SBN 215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 893-5070 / Fax: (650) 839-5071

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>APPLE INC.,<br><br>                Defendant. | Case No. 3:21-cv-08872-EMC<br><br>**DEFENDANT APPLE INC.'S NOTICE OF MOTION AND OPPOSED MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**<br><br>Date:     May 21, 2026<br>Time:    1:30 p.m.<br>Dept:    Courtroom 5 – 17th Floor<br>Judge:   Honorable Edward M. Chen |

## **NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that pursuant to Civil L.R. 7, on May 21, 2026 at 1:30 p.m., or as soon thereafter as the matter may be heard in the Courtroom of the Honorable Edward M. Chen, Judge of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Apple Inc. will and hereby does move for leave to amend its invalidity contentions.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Joy B. Kete, and the accompanying exhibits, on such matters as may be judicially noticed, on any oral argument the Court may hear, and on such other and further information as the Court may consider.

Apple provided its proposed amendments to Neonode on April 10, 2026. The parties met and conferred regarding this Motion on April 15, 2026, and counsel for Neonode Smartphone LLC informed Apple that it opposes this Motion. Apple filed this Motion promptly thereafter.

## TABLE OF CONTENTS

**Page(s)**

I.   INTRODUCTION ......................................................................................................... 1

II.  BACKGROUND .......................................................................................................... 1

    A.   Neonode's Changing Infringement Theories.................................................... 1

    B.   The Parties' Claim Construction Proposals ..................................................... 3

    C.   Apple's Third-Party Discovery........................................................................ 3

    D.   Apple's Amended Invalidity Contentions ....................................................... 4

III. LEGAL STANDARD.................................................................................................. 6

IV.  ARGUMENT................................................................................................................ 6

    A.   Apple was Diligent in Amending its Invalidity Contentions............................ 7

        1.   Amendments Based on Neonode's Third Amended Infringement Contentions ............ 7

        2.   Amendments Based on Recently Obtained Third-Party Discovery ............................. 8

        3.   Amendments Based on Claim Construction Proposals ................................................. 9

    B.   Neonode Will Not Be Prejudiced by Apple's Proposed Amendments............................ 10

V.   CONCLUSION............................................................................................................ 11

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Micro Devices, Inc. v. LG Elecs.*,
No. 14-cv-01012-SI, 2017 WL 2774339 (N.D. Cal. June 26, 2017)........................................11

*Fujifilm Corp. v. Motorola Mobility LLC*,
No. 12-CV-03587-WHO, 2014 WL 491745 (N.D. Cal. Feb. 5, 2014) ...................................8

*Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*,
No. C-06-7477-SI, 2008 WL 2622794 (N.D. Cal. July 1, 2008)...............................................10

*Google LLC v. Sonos, Inc.*,
No. 20-cv-03845-EMC (TSH), 2021 WL 4061718 (N.D. Cal. Sept. 7, 2021)....................7, 11

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
No. 14-CV-00876-RS (JSC), 2016 WL 2855260 (N.D. Cal. May 13, 2016)........................6, 9

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
No. C-12-00852-WHA, 2012 WL 183195 (N.D. Cal. May 18, 2012)...................................10

*Netflix, Inc. v. Rovi Corp.*,
No. 11-cv-06591-PJH (DMR), 2015 WL 3504969 (N.D. Cal. June 2, 2015)..........................8

*RichTek Tech. Corp. v. uPI Semiconductor Corp.*,
No. C-09-05659-WHA, 2016 WL 3136896 (N.D. Cal. June 6, 2016)...................................8

*Synchronoss Techs., Inc. v. DropBox Inc., et al.*,
No. 4:16-cv-00119-HSG (KAW), 2018 WL 5619743 (N.D. Cal. Oct. 29,
2018) ................................................................................................................................7, 11

*THX, Ltd. v. Apple, Inc.*,
No. 13-cv-01161-HSG, 2016 WL 1718137 (N.D. Cal. Apr. 29, 2016) ...................................9

*Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*,
No. C 12-05501 SI, 2014 WL 1648175 (N.D. Cal. Apr. 23, 2014)...........................................7

*Yodlee, Inc. v. CashEdge, Inc.*,
No. C-05-01550-SI, 2007 WL 1454259 (N.D. Cal. May 17, 2007)........................................10

**Statutes**

35 U.S. Code § 112 ...................................................................................................................10

**Other Authorities**

Local Rule 3-3.................................................................................................................1, 8, 11

Local Rule 3-6......................................................................................................................6, 9

iii

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.  INTRODUCTION

Apple seeks leave, and has established good cause, to serve amended invalidity contentions.  Apple's amendments primarily fall into two categories based on new information and case developments since Apple served its initial invalidity contentions.

First, many of Apple's amendments are made in response to Neonode's third amended infringement contentions, which were served on March 2, 2026 in response to this Court's order requiring Neonode to provide videos showing the allegedly infringing gestures performed on the accused products.  With the benefit of these videos, Apple for the first time has a clearer understanding as to what Neonode alleges to be within the scope of the asserted claims.  Apple thus seeks to amend its invalidity contentions—within 45 days of Neonode's third amended infringement contentions, as set out in Patent Local Rule 3.3—to show how that same scope was present in prior art devices.

Second, Apple's amended invalidity contentions include updates related to (i) new evidence obtained via third-party discovery, and (ii) the completion of claim construction discovery.  Apple diligently sought this information and now promptly moves to add it to the case more than three months before the close of fact discovery.  Because this is Apple's first request to amend its invalidity contentions, and because Apple has demonstrated good cause, Apple's motion for leave should be granted.

## II.  BACKGROUND

### A.  Neonode's Changing Infringement Theories

On October 16, 2020, before the case was transferred to this District, Neonode served preliminary infringement contentions—consistent with its Complaint—focused on three features: Control Bar, QuickPath, and third-party keyboard applications.  Dkt. 1, ¶¶ 37-67; Ex. 1 (Neonode's Initial Infringement Contentions).  About a month later, Neonode served supplemental infringement contentions changing the list of asserted claims.  Ex. 2 (Service Email for Neonode's

APPLE INC.'S MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

Supplemental Infringement Contentions).  The case was then transferred to this District and stayed for several years.  Dkt. 114.

When the stay was lifted last fall, Neonode initially represented that its focus remained on the same features it originally accused.  Dkt. 139 at 3.  However, on November 11, 2025, Neonode served a new set of preliminary infringement contentions removing QuickPath and third-party keyboard applications as accused features and identifying at least 34 new accused features: App Store; Books; Camera; Clock; Contacts; Control Center; Control Center – Add Control Display; Control Center Functions – Connectivity; Control Center Functions – Focus; Control Center – Customize Return Bar; Email; Files; Fitness; Health; Home Bar in Search; Lock Screen; Maps; Messages; Music; News; Notes; Passwords; Phone; Photos; Podcasts; Reminders; Safari; Settings; Translate; TV; Watch; Weather; Calculator; and Preview.[1]  Ex. 3 (Preliminary Infringement Contentions) at 2 (attaching 35 claim charts).

On December 31, 2025 and January 24, 2026, Neonode served two rounds of amended infringement contentions.  Ex. 4 (First Amended Infringement Contentions); Ex. 5 (Second Amended Infringement Contentions).  In each set of amended infringement contentions, Neonode included explanatory sentences in its claim charts tying screenshots of certain accused products to certain claim elements.

On February 6, 2026, Apple moved to strike Neonode's infringement contentions because, for limitations 1[c] and 1[d], they merely "restate[d] the claim language and refer[red] back to screenshots Neonode pasted into the chart for limitation 1[a]—without further explanation."  Dkt. 157 at 1-2.  As a result, Apple was "left guessing as to … the proper scope of prior art and Apple's invalidity theories," among other issues.  Dkt. 157 at 3.  The Court deferred ruling on Apple's motion to strike but ordered Neonode to "supplement its infringement contentions with a representative sampling of videos that demonstrate how the limitations in 1[c] and 1[d] apply across the accused features and products."  Dkt. 166 at 3.

---

[1] Neonode accuses even more features for the dependent claims.

2    APPLE INC.'S MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

On March 2, 2026, Neonode served its third amended infringement contentions per the Court's order, which included videos for certain accused iOS versions and iPhone models.  These videos *revealed Neonode's infringement theories for limitations 1[c] and 1[d] for the first time*.[2] Notably, it is now apparent that Neonode is accusing gestures that: (1) activate a function based on additional steps beyond the claimed touch-and-glide steps, like a finger lifting off the touchscreen; (2) activate a function based on the ending location of the user's finger; and (3) activate a function when the user's finger slides off the screen and/or does not leave the touched location.  None of these theories were apparent before Neonode's third amended infringement contentions.

**B.      The Parties' Claim Construction Proposals**

On February 2, 2026, the parties exchanged proposed claim constructions for various claim terms.  Three weeks later, Neonode revised its constructions of the following terms: "gliding"; "a location where the representation is provided" / "the touched location"; and "object gliding along the touch sensitive area away from the area at which the representation is provided."

After Neonode served its third amended infringement contentions, the Court granted Apple leave to serve supplemental proposed constructions based on Neonode's third amended infringement contentions.  Dkt. 177.  The parties provided revised constructions on March 10, 2026, and March 12, 2026, respectively.  Neonode filed its opening claim construction brief on March 27, 2026.  Dkt. 181.  And Apple filed its responsive claim construction brief on April 10, 2026.  Dkt. 186.

**C.      Apple's Third-Party Discovery**

Apple served its initial invalidity contentions on January 9, 2026, identifying prior art systems including the IBM Simon, Sony PalmTop, and AT&T EO.  Ex. 6 (Initial Invalidity Contentions) at 11-12.  Prior to serving these contentions, Apple issued third-party subpoenas to

---

[2] The parties recently conferred regarding deficiencies that remain in Neonode's third amended infringement contentions.  Specifically, while Neonode charted only a few of the many accused iOS versions and iPhone models, it has not set forth any theories of representativeness.  Neonode has committed to amending its contentions yet again to address this issue by April 24th.

IBM, Sony, and AT&T.  IBM, Sony, and AT&T have now produced documents, and Apple recently deposed an IBM corporate representative knowledgeable about the development of the IBM Simon.  Apple has also collected several prior art devices, including two IBM Simon devices and an AT&T EO device.  Apple promptly made these devices available for inspection to Neonode once collected.  Kete Decl., ¶16.

### D.    Apple's Amended Invalidity Contentions

On February 23, 2026, Apple informed Neonode that it planned to seek leave to amend its invalidity contentions after substantial completion of the ongoing third-party prior art discovery, instead of seeking leave from the Court serially every time it received new third-party information. Ex. 7 (February 23, 2026 Email).  Apple explained that it would add documents obtained from third-party discovery, as well as address the physical device samples Apple had obtained. Neonode did not object to the plan Apple laid out; indeed Neonode did not respond at all.  Kete Decl., ¶17.

Four days after receiving Neonode's third amended infringement contentions, Apple also informed Neonode that it would seek leave to amend its invalidity contentions to address Neonode's new infringement theories.  Ex. 8 (March 6, 2026 Email).  Apple previewed this for the Court when Apple moved to amend the claim construction schedule in view of Neonode's newly disclosed infringement theories.  Dkt. 176 at 1, 4.

On April 10, 2026, Apple provided Neonode with a copy of its proposed amended invalidity contentions.  Ex. 9 (Service Email); Ex. 10 (Amended Invalidity Contentions).  Apple's amended invalidity contentions address Neonode's new infringement theories.  For example, Apple identifies features of the IBM Simon, Apple Newton, and GigaBar systems that activate a function in response to a touch-and-glide and additional steps, which Apple now understands to be included within Neonode's theory of infringement.  *See, e.g.*, Ex. 11 (Amended IBM Simon

APPLE INC.'S MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

Chart)[3] at 49 ("For example, under Neonode's infringement theories, IBM Simon teaches this limitation because when an object (*e.g.*, a pen or finger) touches an icon, the object glides away, the object glides back to the icon, and the object lifts off of the icon, the function represented by the icon is activated."). These prior art systems were all identified in Apple's preliminary invalidity contentions, but additional information about them is now relevant in light of Neonode's third amended infringement contentions. Ex. 6 (Initial Invalidity Contentions) at 11-12.

Apple's amended invalidity contentions also include new documents and testimony obtained through third-party discovery regarding the prior art systems identified in Apple's preliminary invalidity contentions. For example, Apple includes citations to the March 25, 2026 deposition of IBM's corporate representative, Dr. James Lewis. *See, e.g.*, Ex. 11 (Amended IBM Simon Chart) at 50 (citing deposition transcript of Dr. James Lewis). Apple also cites to documents, collected in response to subpoenas to IBM, Sony, and AT&T, as supporting the public availability of the prior art systems. Ex. 10 (Amended Invalidity Contentions) at 12-14.

Apple's amended invalidity contentions also include videos and screenshots taken from physical device samples Apple has obtained. The new videos and screenshots directly respond to the videos Neonode provided with its third amended infringement contentions showing which specific gestures are accused of infringement. Apple now has videos showing the same gestures and functionality in the prior art. *See, e.g.*, Ex. 11 (Amended IBM Simon Chart) at 50-59; Ex. 12 (Amended Newton Chart) at 147-202; Ex. 13 (GigaBar Chart) at 41, 60.

Finally, Apple amended its invalidity contentions to address the parties' revised claim construction proposals. For example, Apple's amended invalidity contentions include anticipation and obviousness theories under each party's proposed constructions, and update Apple's written description defenses in view of the parties' claim construction positions. *See, e.g.*, Ex. 11 (Amended IBM Simon Chart) at 49-50 (describing Apple's invalidity theories under either parties'

---

[3] Apple has filed relevant excerpts of its cited charts to minimize the burden on the Court. The entire charts are voluminous, but Apple is ready to submit them upon the Court's request.

APPLE INC.'S MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

proposed constructions relating to limitation 1[c]); Ex. 10 (Amended Invalidity Contentions) at 36-37 (omitting indefiniteness challenge to "location" terms), 39-40 (including a written description challenge directed to the negative limitation "not including a flick, drag, or a drag-and-drop operation," which is included in each party's proposed construction for the term "gliding").

## III.     LEGAL STANDARD

Patent Local Rule 3-6 allows parties to amend their invalidity contentions "by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  "[T]he good cause inquiry is two-fold, asking: (1) whether the moving party was diligent in amending its contentions; and (2) whether the non-moving party would suffer prejudice if the motion to amend were granted." *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016).  "[T]he diligence required for a showing of good cause has two subparts: (1) diligence in discovering the basis for amendment; and (2) diligence in seeking amendment once the basis for amendment has been discovered." *Id.* (citing *Positive Techs., Inc. v. Sony Elecs., Inc.*, No. 11-cv-02226 SI, 2013 WL 322556, at *2 (N.D. Cal. Jan. 28, 2013)).  Further, "the Court retains discretion to grant leave to amend even in the absence of diligence so long as there is no prejudice to the opposing party." *Karl-Storz*, 2016 WL 2855260, at *3.  "Prejudice is typically found when amending contentions stand to disrupt the case schedule or other court orders." *Id.* at *3 (citing *WhatsApp Inc. v. Intercarrier Commc'ns, LLC*, No. 13-cv-04272-JST, Dkt. 81, at 7 (N.D. Cal. Sept. 3, 2014)).

## IV.     ARGUMENT

Good cause exists to allow Apple to amend its invalidity contentions.  First, Apple was diligent in discovering the information necessitating these amendments, and in preparing and seeking leave to serve its amendments.  Indeed, Apple's amendments are directly in response to new information and case developments since Apple served its initial invalidity contentions. Second, Neonode will not be prejudiced by Apple's amendments (many of which are the result of Neonode's own failure to provide adequate infringement contentions).

APPLE INC.'S MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

**A.       Apple was Diligent in Amending its Invalidity Contentions**

Apple's amended invalidity contentions provide updates based on (i) Neonode's third amended infringement contentions served 44 days ago, (ii) recently obtained third-party discovery regarding system prior art, and (iii) the parties' claim construction positions.  With respect to each category of amendments, Apple acted with diligence.

**1.       Amendments Based on Neonode's Third Amended Infringement Contentions**

Much of the new material in Apple's amended invalidity contentions responds to the new infringement theories contained in Neonode's Court-ordered third amended infringement contentions, which were served on March 2, 2026.  As detailed above, these contentions included videos that identify—for the first time—specific gestures in the accused products that allegedly infringe.  For example, based on those contentions, Apple learned that Neonode is relying on gestures that activate a function based on additional steps beyond the claimed touch-and-glide steps, like a finger lifting off the touchscreen.  Apple's amended invalidity contentions address these gestures in the prior art.

As an initial matter, "[i]t is generally permissible for a party to amend its invalidity contentions in response to a patentee amending its infringement contentions."  *See, e.g., Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. C 12-05501 SI, 2014 WL 1648175, at *2 (N.D. Cal. Apr. 23, 2014) (finding that amended infringement contentions expanded the scope of what was allegedly claimed in the asserted patent).  Apple also acted diligently in seeking leave to serve amended invalidity contentions for at least two reasons.

*First*, courts in this District routinely find diligence where amended invalidity contentions are provided within two months of receiving amended infringement contentions.  *See, e.g., Google LLC v. Sonos, Inc.*, No. 20-cv-03845-EMC (TSH), 2021 WL 4061718, at *5 (N.D. Cal. Sept. 7, 2021) (finding alleged infringer was diligent in providing amended invalidity contentions within two months after receiving patentee's amended infringement contentions); *Synchronoss Techs.,*

*Inc. v. DropBox Inc., et al.*, No. 4:16-cv-00119-HSG (KAW), 2018 WL 5619743, at *5 (N.D. Cal. Oct. 29, 2018) (same).  Here, Apple is seeking leave to amend its invalidity contentions within just 44 days of Neonode's amended infringement contentions.  This is consistent with the timing set forth in Patent Local Rule 3.3, which provides for 45-days between plaintiff's initial infringement contentions and defendant's initial invalidity contentions.

*Second*, courts in this District also find diligence where, as here, a defendant does not appreciate the significance of known prior art until the patentee "disclose[s] its interpretations of various claim limitations."  *See, e.g.*, *RichTek Tech. Corp. v. uPI Semiconductor Corp.*, No. C-09-05659-WHA, 2016 WL 3136896 (N.D. Cal. June 6, 2016) (finding diligence).  Apple came to fully appreciate the importance of prior art devices last month when Neonode first disclosed videos showing various gestures that are allegedly within the scope of the asserted claims.  Based on that new and important information, Apple diligently obtained prior art devices and prepared videos showing how these prior art devices perform the same gestures as the accused products. *See, e.g.*, Ex. 11 (Amended IBM Simon Chart) at 50-59; Ex. 12 (Amended Newton Chart) at 147-202; Ex. 13 (GigaBar Chart) at 41, 60.  Moreover, each of these devices is a roughly 30-year-old, rare collectible, and in determining good cause, the Court should consider "the difficulty of locating the prior art."  *Fujifilm Corp. v. Motorola Mobility LLC*, No. 12-CV-03587-WHO, 2014 WL 491745 at *4 (N.D. Cal. Feb. 5, 2014); *see also Netflix, Inc. v. Rovi Corp.*, No. 11-cv-06591-PJH (DMR), 2015 WL 3504969, at *4 (N.D. Cal. June 2, 2015) (finding diligence where prior art was difficult to find, even where prior art may have been discovered sooner).

Thus, Apple acted diligently in seeking leave to serve amended invalidity contentions based on Neonode's third amended infringement contentions.

### 2. Amendments Based on Recently Obtained Third-Party Discovery

Apple's amended invalidity contentions also address recently obtained discovery from Sony, IBM, and AT&T.  This discovery relates to prior art systems that were identified in Apple's preliminary invalidity contentions.

APPLE INC.'S MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

Apple acted diligently with respect to requesting and obtaining this third-party discovery. Apple served subpoenas on Sony, IBM, and AT&T in early December 2025, within three weeks of receiving Neonode's preliminary infringement contentions and approximately one month before service of its preliminary invalidity contentions. However, Apple did not obtain all the relevant documents from these subpoenas until March 20, 2026. Kete Decl., ¶15. And Apple did not depose IBM's corporate representative, Dr. Lewis, until March 25, 2026, less than three weeks ago. *Id*. This is exactly the type of information that the Patent Local Rules describe adding to amended contentions. Patent L.R. 3-6(b) ("Recent discovery of material, prior art despite earlier diligent search"); *see also, e.g., THX, Ltd. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2016 WL 1718137, at *3 (N.D. Cal. Apr. 29, 2016) (granting leave to amend invalidity contentions to incorporate prior art collected from third-party subpoenas).

Apple notified Neonode on February 23, 2026, that it intended to amend its invalidity contentions to address this third-party discovery. Ex. 7. Neonode did not respond to Apple's email nor engage in discussions regarding the best way to avoid serial supplementation[4] of Apple's invalidity contentions as new third-party discovery was received. Apple thus seeks to include this information now, rather than wait for additional third-party discovery, out of an abundance of caution with respect to the diligence inquiry.

### 3. Amendments Based on Claim Construction Proposals

Apple diligently amended its contentions in advance of the *Markman* hearing because courts in this District measure diligence "from the day the moving party received the proposed constructions, not the date of issuance of the Court's claim construction opinion." *Karl Storz*, 2016 WL 7386136, at *4. The parties completed claim construction discovery last month, and the Court's *Markman* hearing is scheduled for May 15, 2026. In view of this discovery, Apple

---

[4] Courts in this District have recognized that serial motions to amend contentions to add information obtained via third-party discovery is an inefficient use of resources. *See, e.g., THX.*, 2016 WL 1718137, at *2 ("filing serial motions to amend under these circumstances would have elevated form over substance and inefficiently used the resources of the Court and the parties").

amended its contentions to include invalidity theories under each party's proposed construction for each claim term.  *See, e.g.*, Ex. 11 (Amended IBM Simon Chart) at 49-50 (describing Apple's invalidity theories under either party's proposed constructions relating to limitation 1[c]).  Apple also updated its §112 defenses in view of the parties' claim construction positions.  Ex. 10 (Amended Invalidity Contentions) at 36-37 (omitting indefiniteness challenge to "location" terms), 39-40 (including a written description challenge directed to the negative limitation "not including a flick, drag, or a drag-and-drop operation," which is included in each party's proposed construction for the term "gliding").

### B. Neonode Will Not Be Prejudiced by Apple's Proposed Amendments

Neonode will not be prejudiced by Apple's amended invalidity contentions for at least three reasons.

*First*, courts in this District routinely find no prejudice where, as here, amendments are sought at least two-to-three months before the close of fact discovery.  *See, e.g.*, *Yodlee, Inc. v. CashEdge, Inc.*, No. C-05-01550-SI, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007) (finding no prejudice where new prior art was disclosed more than two months before fact discovery cutoff); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C-12-00852-WHA, 2012 WL 183195, at *2 (N.D. Cal. May 18, 2012) (same); *Golden Hour Data Sys., Inc. v. Health Servs. Integration, Inc.*, No. C-06-7477-SI, 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008) (finding no prejudice where amended invalidity contentions were served with three months remaining in fact discovery).  The deadline for the close of fact discovery is July 2026, more than three months away.  No fact depositions have occurred or even been scheduled (other than the deposition of IBM).[5]  And the parties are currently beginning the process of negotiating ESI custodians.  In short, Neonode will not be prejudiced by amendment of Apple's invalidity contentions because "there is still ample time left in the discovery period."  *Yodlee*, 2007 WL 1454259, at *7.

---

[5] Neonode's counsel attended the IBM deposition.

10   APPLE INC.'S MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

***Second***, none of the prior art addressed in Apple's amended invalidity contentions is new. Neonode has been on notice of this prior art since February 24, 2023, when Samsung served its invalidity contentions for the asserted patent, and no later than January 9, 2026, when Apple served its preliminary invalidity contentions identifying the same prior art.  Ex. 6 (Apple's Initial Invalidity Contentions) at 11-12; *see, e.g., Synchronoss*, 2018 WL 5619743, at *6 (finding no prejudice where the patent owner was on notice of prior art since original invalidity contentions); *Google*, 2021 WL 4061718, at *6 (same).  In other words, Apple is not adding any new prior art but instead is providing further evidence of how the existing prior art invalidates the claims.

***Third***, there is no prejudice here to Neonode.  Even if there is, such prejudice is of Neonode's own making by revealing its infringement theories only last month in its third amended infringement contentions.  As courts in this District have found, "any prejudice that may be caused by" a defendant's amended invalidity contentions "is not undue because [the defendant] seeks to amend as a direct result of [patentee's] amended infringement contentions."  *Google*, 2021 WL 4061718, at *6 (finding that Sonos's amended invalidity contentions would not prejudice Google); *see also Advanced Micro Devices, Inc. v. LG Elecs.*, No. 14-cv-01012-SI, 2017 WL 2774339, at *6 (N.D. Cal. June 26, 2017) (granting leave to amend invalidity contentions "to meet [the patentee's] new contentions").

## V.    CONCLUSION

For the foregoing reasons, Apple respectfully requests that the Court grant it leave to amend its Patent Local Rule 3-3 Invalidity Contentions.

11    APPLE INC.'S MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

Dated:  April 15, 2026

FISH & RICHARDSON P.C.


By: */s/ Joy B. Kete*

Roger A. Denning (SBN 228998)
denning@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Elliot Scher (SBN 343705)
scher@fr.com
Jeffrey H Burton (SBN 328305)
jburton@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Katherine H. Reardon (*pro hac vice*)
reardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Katherine D. Prescott (SBN 215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 893-5070 / Fax: (650) 839-5071

Attorneys for Defendant APPLE INC.