Roger A. Denning (SBN 228998)
denning@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Elliot Scher (SBN 343705)
scher@fr.com
Jeffrey H Burton (SBN 328305)
jburton@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Katherine H. Reardon (*pro hac vice*)
reardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Katherine D. Prescott (SBN 215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 893-5070 / Fax: (650) 839-5071

*Attorneys for Defendant Apple Inc.*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>                    Plaintiff,<br><br>     v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 3:21-cv-08872-EMC<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF INVALIDITY FOR LACK OF WRITTEN DESCRIPTION**<br><br>Date:      May 7, 2026<br>Time:      1:30 p.m.<br>Dept:      Courtroom 5 – 17th Floor<br>Judge:     Honorable Edward M. Chen |

**TABLE OF CONTENTS**

**Page(s)**

I.    ARGUMENT ................................................................................................................. 1

    A.    Neonode Cannot Identify Any Portion of the Specification that Cures the Written Description Defect ................................................................................................ 1

      1.    Figures 1-4 and 6-8 Do Not Address Relocating or Duplicating the Claimed Representation During the Gliding ........................................................... 1

      2.    Figure 13 Does Not Show the Claimed Representation and Does Not Address Duplicating ............................................................................................. 2

      3.    There Is No Genuine Issue of Fact; Written Description is Missing ..................... 3

    B.    The File History Does Not Change the Outcome of This Motion ......................... 3

II.    CONCLUSION ............................................................................................................. 4

i

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Bd. of Regents of the Univ. of Tex. Sys. v. BENQ Am. Corp.*,
    533 F.3d 1362 (Fed. Cir. 2008)........................................................................................2

*Flash-Control, LLC v. Intel Corp.*,
    2021 WL 2944592 (Fed. Cir. 2021)..................................................................................3

*Flatworld Interactives LLC v. Samsung Elecs. Co., Ltd., et al.*,
    77 F. Supp. 3d 378 (D. Del. Dec. 31, 2014) .................................................................3, 4

*Gen-Probe Inc. v. Becton Dickinson and Co.*,
    899 F. Supp. 2d 971 (S.D. Cal. Sept. 28, 2012)...............................................................3

*Hynix Semiconductor Inc., et al. v. Rambus Inc.*,
    645 F.3d 1336 (Fed. Cir. 2011).........................................................................................3

*Lockwood v. Am. Airlines, Inc.*,
    107 F.3d 1565 (Fed. Cir. 1997)......................................................................................2, 3

*Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*,
    370 F.3d 1354 (Fed. Cir. 2004).........................................................................................4

*Mondis Tech. Ltd., et al. v. LG Elecs., Inc.*,
    149 F.4th 1291 (Fed. Cir. 2025) .......................................................................................3

*Novartis Pharm. Corp. v. Accord Healthcare, Inc.*,
    38 F.4th 1013 (Fed. Cir. 2022) ......................................................................................1, 3

*In re NTP, Inc.*,
    654 F.3d 1268 (Fed. Cir. 2011).........................................................................................4

*Phigenix, Inc. v. Genentech Inc.*,
    238 F. Supp. 3d 1177 (N.D. Cal. Feb. 24, 2017) ..............................................................3

*Purdue Pharma L.P. v. Faulding Inc.*,
    230 F.3d 1320 (Fed. Cir. 2000).........................................................................................4

*Voltage v. Grp., No. PATENT 11,689,153 B2*,
    2024 WL 4350905 (P.T.A.B. Sept. 30, 2024) ..................................................................4

**Statutes**

35 U.S.C. §112…..............................................................................................................4

ii

Despite Neonode's attempts to find disclosure, there is nothing in the '879 patent specification that addresses the limitation "wherein the representation of the function is not relocated or duplicated during the gliding." That is no surprise, because it was the *examiner* (not the applicant) who added the limitation nearly 10 years after the application was filed without any apparent analysis of written description support. Because the specification is silent and does not inherently disclose the limitation, the claims are invalid and summary judgment should be granted.

## I.    ARGUMENT

### A.    Neonode Cannot Identify Any Portion of the Specification that Cures the Written Description Defect

#### 1.    Figures 1-4 and 6-8 Do Not Address Relocating or Duplicating the Claimed Representation During the Gliding

Neonode (at 2-9) points to Figures 1-4 and 6-8 and argues the negative limitation ("wherein the representation of the function is not relocated or duplicated during the gliding") is necessarily present. But nothing in those figures or accompanying description addresses whether or not representations are to be relocated or duplicated during gliding.[1] The specification's silence on whether representations are relocated or duplicated during gliding cannot inherently disclose the negative limitation. *Novartis Pharm. Corp. v. Accord Healthcare, Inc.*, 38 F.4th 1013, 1017 (Fed. Cir. 2022) ("Silence is generally not disclosure."). Indeed, during IPR, the PTAB adopted Neonode's argument that this same limitation was not met where the prior art did not discuss an icon's movement. Dkt. 181-1, Ex. 9 at 23. The same applies here.

Figures 1 and 2 show the initial position of representations in the menu area and the activation process, but they do not address what happens to those representations during the gliding. Figure 1 shows the initial position of representations in the menu area, but it is silent about whether those representations are or are not relocated (or duplicated) during gliding. And Figure 2 shows the movement of the user's finger during the glide step, but it does not show the representations at all. They do not save the claims.

---

[1] Not surprisingly, Neonode did not identify these disclosures in opposing Apple's request for leave to file this motion. Dkt. 175.

APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF INVALIDITY
3:21-cv-08872-EMC

Similarly, Figures 3 and 6 show icons presented after a function is activated and thus do not disclose what happens to the representations in the menu area "during the gliding."

Figures 4 and 7 show icons selected with a tap (rather than a touch-then-glide), which Neonode admits are not the claimed representations. Opp. at 5.

Finally, although Figure 8 describes a marking 232 (*e.g.*, a frame indicating which application is selected), that marking 232 (which is tap-activated) is not the claimed representation (which is activated by a touch-then-glide), so whether it is relocated is irrelevant to the limitation.

Attempting to overcome the specification's silence regarding relocating and duplicating, Neonode imagines (at 2-5) various reasons why it would have been obvious not to duplicate or relocate the representations. But even if that functionality was obvious—and Apple does not concede it is—that is not enough. Written description requires "describing *the invention*, with all its claimed limitations, *not that which makes it obvious*." *Lockwood v. Am. Airlines, Inc.*, 107 F.3d 1565, 1572 (Fed. Cir. 1997); Opp. at 2 (conceding silence only suffices if a negative limitation is "necessarily" present). Neonode has failed to point to description of the negative limitation.

### 2.    Figure 13 Does Not Show the Claimed Representation and Does Not Address Duplicating

As explained in Apple's motion (at 5-6), the intrinsic evidence confirms that the representation printed on Figure 13's enclosure is not the claimed representation. Claim 1 is directed to a representation of a function in a touch sensitive area—not on a printed enclosure. Neonode's assertion (at 8) that the "enclosure" is the "touch sensitive area" is inconsistent with the intrinsic evidence. These terms are separately recited in the original claims and thus refer to different things. Op. Br. at 6 (citing '879 File History at NEONODE0000017, 20); *Bd. of Regents of the Univ. of Tex. Sys. v. BENQ Am. Corp.*, 533 F.3d 1362, 1371 (Fed. Cir. 2008) ("Different claim terms are presumed to have different meanings.").

Moreover, the specification does not exclude relocating or duplicating the representation. Although Neonode argues (at 7) that the specification inherently discloses not *relocating* the printed representation during a glide, neither Neonode nor its expert disputes that "the computer unit could create a copy of the representation on the display, thereby *duplicating* it." Op. Br. at 5-

2    APPLE INC.'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OF INVALIDITY
3:21-cv-08872-EMC

6. And Neonode's arguments (at 7) that this functionality would have been obvious and/or that a skilled artisan could have cobbled together disparate disclosures of Figures 1-4, 6-8, and 13, are insufficient as a matter of law. *Lockwood*, 107 F.3d at 1572; *Flash-Control, LLC v. Intel Corp.*, 2021 WL 2944592, at *4 (Fed. Cir. 2021) ("A patent owner cannot show written description support by picking and choosing claim elements from different embodiments that are never linked together in the specification."). This is fatal to Neonode's reliance on Figure 13.

### 3. There Is No Genuine Issue of Fact; Written Description is Missing

"[W]hen written description support is deficient on the face of the patent specification, a conclusory expert opinion cannot remedy that deficiency." *Phigenix, Inc. v. Genentech Inc.*, 238 F. Supp. 3d 1177, 1188 (N.D. Cal. Feb. 24, 2017); *see Novartis*, 38 F.4th at 1019-20 (finding negative limitation unsupported where, as here, the expert did not testify that a person of skill in the art would understand that the specification necessarily excludes the subject of a negative limitation).

Neonode's cited cases (*Hynix*, *Flatworld*, and *Gen-Probe*) support Apple's position because in each case, the patent owner identified supporting disclosures and was not relying entirely on unsupported inferences by an expert. In *Hynix* and *Gen-Probe*, the plaintiff identified an express description of a claimed embodiment in the specification. *Hynix Semiconductor Inc., et al. v. Rambus Inc.*, 645 F.3d 1336, 1352 (Fed. Cir. 2011) (specification disclosed "multiplexed bus"); *Gen-Probe Inc. v. Becton Dickinson and Co.*, 899 F. Supp. 2d 971, 980 (S.D. Cal. Sept. 28, 2012) (specification disclosed "a cap without a filter."). Similarly, in *Flatworld*, the plaintiff identified functionality that ***required*** the negative limitation. *Flatworld Interactives LLC v. Samsung Elecs. Co., Ltd., et al.*, 77 F. Supp. 3d 378, 386 (D. Del. Dec. 31, 2014) (for the limitation "without leaving a representative thereof," at least certain embodiments "necessitate that not only the image itself ***but also any representative thereof*** be completely removed from the screen") (emphasis in original). Neonode has identified no such disclosure here.

### B. The File History Does Not Change the Outcome of This Motion

As explained in *Mondis Tech. Ltd., et al. v. LG Elecs., Inc., et al.*, "the examiner's allowance of claims by itself" does not "provide[] substantial evidence that the claims comply with the requirements of § 112." 149 F.4th 1291, 1301 (Fed. Cir. 2025). "If it did, there would

rarely be a situation where an issued patent could later be invalidated for lack of written description." *Id*.; *see Purdue Pharma L.P. v. Faulding Inc*., 230 F.3d 1320, 1329 (Fed. Cir. 2000) (courts are "not bound by the examiner's finding in the *ex parte* application proceeding").

Furthermore, there is no presumption that the examiner considered whether the written description supports the claims "simply because the MPEP requires it." *In re NTP, Inc*., 654 F.3d 1268, 1278 (Fed. Cir. 2011) ("As Congress acknowledged, examiners have limited time to review each application and cannot be expected to fully address every possible issue before them."). In cases where the Federal Circuit has "determined the examiner to have considered an issue during the original prosecution, the issue was squarely before the examiner." *Id*. That is not the case here.

As in *NTP*, there is no evidence here that the examiner actually considered the written description requirement. The amendment that Neonode relies upon merely shows that the examiner proposed the negative limitation to overcome the prior art. The examiner made no affirmative statement that the claims of the '879 patent satisfied the written description requirement. And the applicant authorized the amendment without identifying any support for it.

If anything, the file history suggests the applicant was not in possession of the negative limitation because it was introduced by the examiner, not the applicant, nearly 10 years after the filing date. *See Voltage v. Grp., No. PATENT 11,689,153 B2*, 2024 WL 4350905, at *23 (P.T.A.B. Sept. 30, 2024) ("The Petition includes some language suggesting that the original 2015 disclosure of the '254 patent does not demonstrate possession of the subject matter of the present claims because the 'extending partially' limitations were introduced by the Examiner."). Neonode's cited cases (*Metabolite Labs*. and *In re Selenious*) do not suggest otherwise. Opp. at 9-10. In each case, the examiner rejected the disputed claims under §112. *Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings*, 370 F.3d 1354, 1362 (Fed. Cir. 2004) ("The examiner rejected claim 13 under 35 U.S.C. §112…"); Ex. 2 at 3 (examiner considered §112 in rejecting claims asserted in *In re Selenious*). Thus, unlike here, evidence showed the examiner considered the written description requirement.

## II.    CONCLUSION

Apple respectfully requests that the Court grant its motion for summary judgment.

APPLE INC.'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OF INVALIDITY
3:21-cv-08872-EMC

Dated:  April 23, 2026

FISH & RICHARDSON P.C.


By: /s/ Joy B. Kete
Roger A. Denning (SBN 228998)
denning@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Elliot Scher (SBN 343705)
scher@fr.com
Jeffrey H Burton (SBN 328305)
jburton@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Katherine H. Reardon (*pro hac vice*)
reardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Katherine D. Prescott (SBN 215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 893-5070 / Fax: (650) 839-5071

Attorneys for Defendant APPLE INC.

5    APPLE INC.'S REPLY IN SUPPORT OF MOTION
FOR SUMMARY JUDGMENT OF INVALIDITY
3:21-cv-08872-EMC