# EXHIBIT 2

UNITED STATES PATENT AND TRADEMARK OFFICE

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**
Address: COMMISSIONER FOR PATENTS
P.O. Box 1450
Alexandria, Virginia 22313-1450
www.uspto.gov

| APPLICATION NO. | FILING DATE | FIRST NAMED INVENTOR | ATTORNEY DOCKET NO. | CONFIRMATION NO. |
|---|---|---|---|---|
| 18/124,391 | 03/21/2023 | Gopal Anyarambhatla | 1848-32-CON-TRK1 | 3879 |

| | | |
|---|---|---|
| 109802          7590          02/01/2024 | | |

Sorell, Lenna & Schmidt, LLP
135 ENGINEERS ROAD
SUITE 110
Hauppauge, NY 11788

| EXAMINER |
|---|
| SOROUSH, ALI |

| ART UNIT | PAPER NUMBER |
|---|---|
| 1617 | |

| NOTIFICATION DATE | DELIVERY MODE |
|---|---|
| 02/01/2024 | ELECTRONIC |

**Please find below and/or attached an Office communication concerning this application or proceeding.**

The time period for reply, if any, is set in the attached communication.

Notice of the Office communication was sent electronically on above-indicated "Notification Date" to the following e-mail address(es):

ctrentacoste@slsllp.com
mtorres@slsllp.com
wschmidt@slsllp.com

PTOL-90A (Rev. 04/07)

| *Office Action Summary* | Application No. | Applicant(s) |
| --- | --- | --- |
| | 18/124,391 | Anyarambhatla et al. |
| | Examiner | Art Unit | AIA (FITF) Status |
| | ALI SOROUSH | 1617 | Yes |

*-- The MAILING DATE of this communication appears on the cover sheet with the correspondence address --*

**Period for Reply**

A SHORTENED STATUTORY PERIOD FOR REPLY IS SET TO EXPIRE <u>3</u> MONTHS FROM THE MAILING DATE OF THIS COMMUNICATION.
- Extensions of time may be available under the provisions of 37 CFR 1.136(a). In no event, however, may a reply be timely filed after SIX (6) MONTHS from the mailing date of this communication.
- If NO period for reply is specified above, the maximum statutory period will apply and will expire SIX (6) MONTHS from the mailing date of this communication.
- Failure to reply within the set or extended period for reply will, by statute, cause the application to become ABANDONED (35 U.S.C. § 133).
  Any reply received by the Office later than three months after the mailing date of this communication, even if timely filed, may reduce any earned patent term adjustment. See 37 CFR 1.704(b).

**Status**

1) ☑ Responsive to communication(s) filed on <u>12/13/2023</u>.
  ☐ A declaration(s)/affidavit(s) under **37 CFR 1.130(b)** was/were filed on ____.
2a) ☑ This action is **FINAL.**    2b) ☐ This action is non-final.
3) ☐ An election was made by the applicant in response to a restriction requirement set forth during the interview on ____; the restriction requirement and election have been incorporated into this action.
4) ☐ Since this application is in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under *Ex parte Quayle*, 1935 C.D. 11, 453 O.G. 213.

**Disposition of Claims***

5) ☑ Claim(s) <u>1-6,8-9,11,13-19,56,63,65-70 and 74-79</u> is/are pending in the application.
  5a) Of the above claim(s) <u>See Continuation Sheet</u> is/are withdrawn from consideration.
6) ☐ Claim(s) ____ is/are allowed.
7) ☑ Claim(s) <u>1-6,8-9,11,13-19,63,65-70 and 74-79</u> is/are rejected.
8) ☐ Claim(s) ____ is/are objected to.
9) ☐ Claim(s) ____ are subject to restriction and/or election requirement

* If any claims have been determined <u>allowable</u>, you may be eligible to benefit from the **Patent Prosecution Highway** program at a participating intellectual property office for the corresponding application. For more information, please see http://www.uspto.gov/patents/init_events/pph/index.jsp or send an inquiry to **PPHfeedback@uspto.gov.**

**Application Papers**

10) ☐ The specification is objected to by the Examiner.
11) ☐ The drawing(s) filed on ____ is/are: a) ☐ accepted or  b) ☐ objected to by the Examiner.
  Applicant may not request that any objection to the drawing(s) be held in abeyance. See 37 CFR 1.85(a).
  Replacement drawing sheet(s) including the correction is required if the drawing(s) is objected to. See 37 CFR 1.121(d).

**Priority under 35 U.S.C. § 119**

12) ☐ Acknowledgment is made of a claim for foreign priority under 35 U.S.C. § 119(a)-(d) or (f).
  **Certified copies:**
    a) ☐ All    b) ☐ Some**    c) ☐ None of the:
      1. ☐ Certified copies of the priority documents have been received.
      2. ☐ Certified copies of the priority documents have been received in Application No. ____.
      3. ☐ Copies of the certified copies of the priority documents have been received in this National Stage application from the International Bureau (PCT Rule 17.2(a)).

** See the attached detailed Office action for a list of the certified copies not received.

**Attachment(s)**

1) ☐ Notice of References Cited (PTO-892)

2) ☑ Information Disclosure Statement(s) (PTO/SB/08a and/or PTO/SB/08b)
  Paper No(s)/Mail Date <u>12132023</u>.

3) ☐ Interview Summary (PTO-413)
  Paper No(s)/Mail Date _____.
4) ☐ Other: _____.

U.S. Patent and Trademark Office

PTOL-326 (Rev. 11-13)          Office Action Summary          Part of Paper No./Mail Date 20240125

**Continuation Sheet (PTOL-326)**                                                    **Application No.** 18/124,391

Continuation of Disposition of Claims* 5a) Of the above claim(s) is/are withdrawn from consideration: 56

Application/Control Number: 18/124,391                                                Page 2
Art Unit: 1617

## DETAILED ACTION

### *Notice of Pre-AIA or AIA Status*

The present application, filed on or after March 16, 2013, is being examined under the

first inventor to file provisions of the AIA.

### *Acknowledgement of Receipt*

Applicant's response filed on 12/13/2023 to the Office Action mailed on 09/13/2023 is

acknowledged.

### *Claim Status*

Claims 1-6, 8, 9, 11, 13-19, 56, 63, 65-70, and 74-79 are pending.

Claims 7, 10, 12, 20-55, 57-62, and 71-73 were previously cancelled and claim 64 is

cancelled.

Claim 56 is withdrawn as being directed to a non-elected invention.

Claims 1-6, 8, 13, 18, 19, 67, 68, 70, 76, and 77 are currently amended.

Claims 78 and 79 are newly added.

Claims 1-6, 8, 9, 11, 13-19, 63, 65-70, and 74-79 have been examined.

Claims 1-6, 8, 9, 11, 13-19, 63, 65-70, and 74-79 are rejected.

### *Priority*

Priority to CON 17/365,695 filed on 07/01/2012, which claims priority to application

63/047,708 filed on 07/02/2020.

Application/Control Number: 18/124,391                                                                      Page 3
Art Unit: 1617

### Information Disclosure Statement

The information disclosure statement (IDS) submitted on 12/13/2023  is in compliance

with the provisions of 37 CFR 1.97.  Accordingly, the information disclosure statement has been

considered by the examiner.

### Maintained Claim Rejections - 35 USC § 112

The following is a quotation of 35 U.S.C. 112(b):
(b)  CONCLUSION.—The specification shall conclude with one or more claims particularly pointing out
and distinctly claiming the subject matter which the inventor or a joint inventor  regards as the
invention.

The following is a quotation of 35 U.S.C. 112 (pre-AIA), second paragraph:
The specification shall conclude with one or more claims particularly pointing out and distinctly
claiming the subject matter which the applicant regards as his invention.

This rejection was reiterated from the previous Office Action and modified in view of the

amendments to the claims

Claims 1-6, 8, 9, 11, 13-19, 63, 65-70, and 74-79 are rejected under 35 U.S.C. 112(b) or

35 U.S.C. 112 (pre-AIA), second paragraph, as being indefinite for failing to particularly  point

out and distinctly claim  the subject matter which the inventor or a joint inventor (or for

applications  subject to pre-AIA 35 U.S.C. 112,  the applicant), regards as the invention.

The term "about" in claims 1-6, 8, 9, 11, 16-18, and 74-77 is a relative term which

renders the claim  indefinite. The term "about" is not defined by the claim,  the specification

does not provide a standard for ascertaining the requisite degree, and one of ordinary skill in

the art would not be reasonably apprised of the scope of the invention.

Application/Control Number: 18/124,391                                                                Page 4
Art Unit: 1617

Claims 2, 3, 13, 14, 15, 19, 63, 65-70, 78 and 79 are rejected for being dependent

directly or indirectly claim 1 which is indefinite and includes all the limitations thereof.

### Response to Applicant's Arguments

Applicant argues that the claims have been amended to recite about 6μg or 60μg of

selenium and that the term "about" is well known in the pharmaceutical arts is not an exact

amount but will be within 90% to 110% of the amount indicated. Applicant's argument has

been fully considered but found not to be persuasive. Applicant has not provided any evidence

beyond arguments that one of ordinary skill in the art would understand that about is within

90% to 110% of the amount indicated. Furthermore, the fact that this amount is not necessarily

in the range Applicant argued is proven by Applicant's own argument. Applicant's argument

explicitly states "For example, **and not to be limiting**, it is known in the pharmaceutical arts".

The fact that the term "about" does not have any metes and bounds that can be clearly

ascertained renders it indefinite. For the same reasons new claims 78 and 79 are rejected.

### Withdrawn, Maintained, and New Claim Rejections - 35 USC § 102

In the event the determination of the status of the application as subject to AIA 35

U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction

of the statutory basis (i.e., changing from AIA to pre-AIA) for the rejection will not be

considered a new ground of rejection if the prior art relied upon, and the rationale supporting

the rejection, would be the same under either status.

The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form

the basis for the rejections under this section made in this Office action:

Application/Control Number: 18/124,391                                              Page 5

Art Unit: 1617

> A person shall be entitled to a patent unless –
>
> (a)(1) the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention.

This rejection is reiterated from the previous Office Action and modified in view of the amendments to the claims.

Claim(s) 1, 2, 5, 6, 9, 13, 14, 16, 17, 18, 63, 66, 67, 69, and 74-79 is/are rejected under 35 U.S.C. 102(a)(1) as being anticipated by American Regent (Selenious Acid Injection, Published 04/2019) as evidenced by Pluhator-Murton et al. (Trace Element Contamination of Total Parenteral Nutrition. 1. Contribution of Component Solutions, Published 1999) and Menendez et al. (Iron contamination in parenteral nutrition mixtures, Published 11/14/2017).

American Regent with regard to claim 1 teach a sterile injectable solution consisting of 60 µg selenium (as 98µg selenious acid), water, and nitric acid having a pH of 1.8-2.4 in a 10ml vial and has an aluminum content of not more than 2.5µg/ml (page 7, Description). Pluhator-Murton et al. teach that total parenteral nutrition solutions comprise chromium and aluminum as contaminants (abstract). Menendez et al. teach iron is a known contaminant of total parenteral nutrition solution (abstract). With regard to the amounts of aluminum, chromium, and iron, the Examiner notes that the composition of American Regent is identical to the instantly claimed composition and that aluminum, chromium, and iron are known as contaminants in the compositions such as the American Regent composition. Therefore, it would be expected that the composition of American Regent inherently comprises the same amounts of aluminum, chromium, and iron as contaminants. For the foregoing reasons the instant claims are anticipated by the prior art.

Application/Control Number: 18/124,391                                                        Page 6
Art Unit: 1617

### *Response to Applicant's Arguments and Affidavits on Filed on 12/13/2023*

The rejection of claims 1, 6, 8, 13, 16, 18, 19, 66, 69, 70, 74, and 75 under 35 U.S.C. 102(a)(1) as being anticipated by Selepen (Selenium IV Additive for use with TPN, Published 01/15/2008) as evidenced by Poole et al. (Aluminum Exposure in Neonatal Patients Using the Least Contaminated Parenteral Nutrition Solution Products, Published 11/02/2012) is withdrawn in view of the amendments to the claims.

With regard to the rejection of claims 1, 2, 5, 6, 9, 13, 14, 16, 17, 18, 63, 66, 67, 69, and 74-79 under 35 U.S.C. 102(a)(1) as being anticipated by American Regent (Selenious Acid Injection, Published 04/2019) as evidenced by Pluhator-Murton et al. (Trace Element Contamination of Total Parenteral Nutrition. 1. Contribution of Component Solutions, Published 1999) and Menendez et al. (Iron contamination in parenteral nutrition mixtures, Published 11/14/2017):

Applicant argues that the instantly claimed amount of impurities and their amounts would not be inherent to the composition of American Regent since the composition of American Regent composition is not the finished product and the contaminants can be introduced when making the finished product. Applicant's argument has been fully considered but found not to be persuasive. Applicant's argument rests on the fact that the impurities instantly claimed are not explicitly disclosed by American Regent. First, Applicant has not shown with evidence that the product of American Regent is not a finished product. The assertion is merely attorney's argument. The arguments of counsel cannot take the place of evidence in the record. In re Schulze, 346 F.2d 600, 602, 145 USPQ 716, 718 (CCPA 1965); In re Geisler, 116 F.3d 1465, 43 USPQ2d 1362 (Fed. Cir. 1997) ("An assertion of what seems to follow from

Application/Control Number: 18/124,391                                                            Page 7
Art Unit: 1617

common experience is just attorney argument and not the kind of factual evidence that is

required to rebut a prima facie case of obviousness."). Furthermore, the argument is based on

what may or is likely to occur but not on what the actual properties of the composition of

American Regent actually consists of. Applicant has not shown through evidence that the

product of American Regent includes even one of the claimed impurities in an amount that is

outside of the instantly claimed range. Impurities in formulations are the inherent result of the

manufacturing process and ingredients used. Applicant has not provided any evidence that

there is any distinction between the claimed method of making and the method of making in

American Regent. There is no requirement that a person of ordinary skill in the art would have

recognized the inherent disclosure at the relevant time, but only that the subject matter is in

fact inherent in the prior art reference. Schering Corp. v. Geneva Pharm. Inc., 339 F.3d 1373,

1377, 67 USPQ2d 1664, 1668 (Fed. Cir. 2003). Therefore, the fact that instantly claimed

contaminants and the amounts of such contaminants are not explicitly disclosed is insufficient

not evidence that the amounts are not inherent to the composition of American Regent.

With regard to the Applicant's arguments that Pluhator-Murton et al. and Menendez et

al. do not anticipate the instant claims, it should be noted that these references are only relied

on for evidentiary purposes of showing it was already well known in the art that alumnium,

iron, and chromium are known contaminants in trace element compositions. Therefore,

Applicant's arguments with regard to these references are moot as they are not the basis for

any rejections in the office action.

Finally, with regard to Applicant's argument of secondary consideration, in the Affidavit

filed on 12/13/2023 by Joann Gioia, the arguments are not persuasive. Evidence of secondary

Application/Control Number: 18/124,391                                                          Page 8
Art Unit: 1617

considerations, such as unexpected results or commercial success, is irrelevant to 35 U.S.C. 102

rejections and thus cannot overcome a rejection so based. In re Wiggins, 488 F.2d 538, 543, 179

USPQ 421, 425 (CCPA 1973).

For the foregoing reasons the rejection is maintained and new claims 78 and 79 are

rejected.

### *Maintained Claim Rejections - 35 USC § 103*

In the event the determination of the status of the application as subject to AIA 35

U.S.C. 102 and 103 (or as subject to pre-AIA 35 U.S.C. 102 and 103) is incorrect, any correction

of the statutory basis (i.e., changing from AIA to pre-AIA) for the rejection will not be

considered a new ground of rejection if the prior art relied upon, and the rationale supporting

the rejection, would be the same under either status.

The following is a quotation of 35 U.S.C. 103 which forms the basis for all obviousness

rejections set forth in this Office action:

> A patent for a claimed invention may not be obtained, notwithstanding that the claimed invention is
> not identically disclosed as set forth in section 102, if the differences between the claimed invention
> and the prior art are such that the claimed invention as a whole would have been obvious before the
> effective filing date of the claimed invention to a person having ordinary skill in the art to which the
> claimed invention pertains. Patentability shall not be negated by the manner in which the invention
> was made.

The factual inquiries for establishing a background for determining obviousness under

35 U.S.C. 103 are summarized as follows:

1. Determining the scope and contents of the prior art.

2. Ascertaining the differences between the prior art and the claims at issue.

3. Resolving the level of ordinary skill in the pertinent art.

Application/Control Number: 18/124,391                                                          Page 9
Art Unit: 1617

4. Considering objective evidence present in the application indicating obviousness or nonobviousness.

This application currently names joint inventors. In considering patentability of the claims the examiner presumes that the subject matter of the various claims was commonly owned as of the effective filing date of the claimed invention(s) absent any evidence to the contrary. Applicant is advised of the obligation under 37 CFR 1.56 to point out the inventor and effective filing dates of each claim that was not commonly owned as of the effective filing date of the later invention in order for the examiner to consider the applicability of 35 U.S.C. 102(b)(2)(C) for any potential 35 U.S.C. 102(a)(2) prior art against the later invention.

This rejection is reiterated from the previous Office Action and modified in view of the amendments to the claims.

Claim(s) 3, 11, 15, 68, and 77 is/are rejected under 35 U.S.C. 103 as being unpatentable over American Regent (Selenious Acid Injection, Published 04/2019) as evidenced by Pluhator-Murton et al. (Trace Element Contamination of Total Parenteral Nutrition. 1. Contribution of Component Solutions, Published 1999) and Menendez et al. (Iron contamination in parenteral nutrition mixtures, Published 11/14/2017), as applied to claims 1, 2, 5, 6, 9, 13, 14, 16, 17, 18, 63, 66, 67, 69, and 74-79 above.

The teachings of American Regent, Pluhator-Murton et al., and Menendez et al. are discussed above.

Application/Control Number: 18/124,391                                                      Page 10
Art Unit: 1617

American Regent does not expressly teach a composition comprising 6µg/ml selenium and/or 9.8µg/ml of selenious acid. However, American Regent renders such a composition obvious.

It would have been prima facie obvious to one of ordinary skill in the art at the time of effective filing date of the instant invention to dilute the composition of American Regent to arrive at the instant amount and have a reasonable expectation of success. One would have been motivated to do so through routine optimization of the composition for a particular patient in view of their age, gender, and/or weight. For the foregoing reasons the instant claims are rendered obvious by the teachings of the prior art.

### Response to Applicant's Arguments and Affidavits on Filed on 12/13/2023

Applicant argues that the instant claims are not rendered obvious by the teachings of the prior art as they have proven a long-felt need and commercial success. Applicant's argument has been fully considered but found not to be persuasive. The difference between the instant claims and the prior art claims is the amount of selenium in the composition. Therefore, the secondary evidence must show that reason for commercial success or the long-felt need is the result of the amount of selenium. Applicant makes no such connection. For the foregoing reasons the rejection is maintained.

### Conclusion

Applicant's amendment necessitated the new ground(s) of rejection presented in this Office action. Accordingly, **THIS ACTION IS MADE FINAL**. See MPEP § 706.07(a). Applicant is reminded of the extension of time policy as set forth in 37 CFR 1.136(a).

Application/Control Number: 18/124,391                                                    Page 11
Art Unit: 1617

A shortened statutory period for reply to this final action is set to expire THREE MONTHS

from the mailing date of this action.  In the event a first reply is filed within TWO MONTHS of

the mailing date of this final action and the advisory action is not mailed until after the end of

the THREE-MONTH shortened statutory period, then the shortened statutory period will expire

on the date the advisory action is mailed, and any extension fee pursuant to 37 CFR 1.136(a)

will be calculated from the mailing date of the advisory action.  In no event, however, will the

statutory period for reply expire later than SIX MONTHS from the date of this final action.


Any inquiry concerning this communication or earlier communications from the

examiner should be directed to ALI SOROUSH whose telephone number is (571)272-9925.  The

examiner can normally be reached M-F 9:30am-6pm.

Examiner interviews are available via telephone, in-person, and video conferencing

using a USPTO supplied web-based collaboration tool. To schedule an interview, applicant is

encouraged to use the USPTO Automated Interview Request (AIR) at

http://www.uspto.gov/interviewpractice.

If attempts to reach the examiner by telephone are unsuccessful, the examiner's

supervisor, Johann R Richter can be reached on (571) 272-0646.  The fax phone number for the

organization where this application or proceeding is assigned is 571-273-8300.

Information regarding the status of published or unpublished applications may be

obtained from Patent Center. Unpublished application information in Patent Center is available

to registered users. To file and manage patent submissions in Patent Center, visit:

https://patentcenter.uspto.gov. Visit https://www.uspto.gov/patents/apply/patent-center for

Application/Control Number: 18/124,391                                    Page 12
Art Unit: 1617

more information about Patent Center and https://www.uspto.gov/patents/docx for

information about filing in DOCX format. For additional questions, contact the Electronic

Business Center (EBC) at 866-217-9197 (toll-free). If you would like assistance from a USPTO

Customer Service Representative, call 800-786-9199 (IN USA OR CANADA) or 571-272-1000.


/ALI SOROUSH/
Primary Examiner, Art Unit 1617