Roger A. Denning (SBN 228998)
denning@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Elliot Scher (SBN 343705)
scher@fr.com
Jeffrey H Burton (SBN 328305)
jburton@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Katherine H. Reardon (*pro hac vice*)
reardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Katherine D. Prescott (SBN 215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 893-5070 / Fax: (650) 839-5071

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| NEONODE SMARTPHONE LLC,<br><br>                    Plaintiff,<br><br>        v.<br><br>APPLE INC.,<br><br>                    Defendant. | Case No. 3:21-cv-08872-EMC<br><br>**DEFENDANT APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS**<br><br>Date:        May 7, 2026<br>Time:        1:30 p.m.<br>Dept:        Courtroom 5 – 17th Floor<br>Judge:       Honorable Edward M. Chen |

**TABLE OF CONTENTS**

**Page(s)**

I.    INTRODUCTION ........................................................................................................... 1

II.    ARGUMENT ................................................................................................................. 1

A.    Apple's Submission of Excerpted Charts Was Appropriate, and Apple Has Always Offered the Full Charts ............................................................................................... 1

B.    Apple Was Diligent in Amending Its Invalidity Contentions ........................................... 2

1.    The Amendments Based on Neonode's Third-Amended Infringement Contentions Were Timely ............................................................................................. 2

a.    Apple's January Contentions Properly Addressed the Then-Disclosed Infringement Theories ..................................................................................... 3

b.    Apple Could Not Know Neonode's Litigation Theories When Filing the 2020 IPR Petition ............................................................................................. 4

2.    The Public Availability Amendments Were Based on Recently Obtained Third-Party Discovery ............................................................................................. 5

3.    The Remaining Amendments Were Based on Claim Construction Proposals .............. 6

C.    Neonode Will Not be Prejudiced by Apple's Proposed Amendments ............................... 7

III.    CONCLUSION ............................................................................................................. 9

APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Advanced Micro Devices, Inc. v. LG Elecs.*,
    No. 14-cv-01012-SI, 2017 WL 2774339 (N.D. Cal. June 26, 2017)..........................................8

*Fullview, Inc. v. Polycom, Inc.*,
    No. 18-cv-00510-EMC, 2021 WL 5584766 (N.D. Cal. Nov. 30, 2021) ...................................4

*Golden Hour Data Sys. v. Health Servs. Integration*,
    No. C-06-7477-SI, 2008 WL 2622794 (N.D. Cal. July 1, 2008)................................................7

*Google LLC v. Neonode Smartphone LLC*,
    No. 23-1638, 2024 WL 3451831 (Fed. Cir. July 18, 2024)........................................................6

*Google LLC v. Sonos, Inc.*,
    No. 20-cv-03845-EMC (TSH), 2021 WL 4061718 (N.D. Cal. Sep. 7, 2021)..............4, 6, 7, 8

*Icon-IP PTY Ltd. v. Specialized Bicycle Components, Inc.*,
    12-cv-03844-JST, 2014 WL 6879428 (N.D. Cal. Dec. 5, 2014)................................................8

*Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*,
    No. 14-CV-00876-RS (JSC), 2016 WL 2855260 (N.D. Cal. May 13, 2016)............................4

*In re Koninklijke Philips Pat. Litig.*,
    No. 18-cv-01885-HSG, 2019 WL 2359206 (N.D. Cal. June 4, 2019) .......................................4

*Life Techs. Corp. v. Biosearch Techs., Inc.*,
    No. C-12-00852-WHA, 2012 WL 1831595 (N.D. Cal. May 18, 2012)....................................7

*Neonode Smartphone LLC v. Samsung Elecs. Co.*,
    No. 23-2304, 2024 WL 3873566 (Fed. Cir. Aug. 20, 2024) ..................................................6, 7

*RichTek Tech. Corp. v. uPI Semiconductor Corp.*,
    No. C-09-05659-WHA, 2016 WL 3136896 (N.D. Cal. June 6, 2016)......................................4

*Synchronoss Techs., Inc. v. DropBox Inc.*,
    No. 4:16-cv-00119-HSG (KAW), 2018 WL 5619743 (N.D. Cal. Oct. 29,
    2018) .........................................................................................................................................4, 8

*THX, Ltd. v. Apple, Inc.*,
    No. 13-cv-01161-HSG, 2016 WL 1718137 (N.D. Cal. Apr. 29, 2016) ....................................5

*Yodlee, Inc. v. CashEdge, Inc.*,
    No. C-05-01550-SI, 2007 WL 1454259 (N.D. Cal. May 17, 2007)..........................................7

ii

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

**Other Authorities**

L.R. 3-1 ..............................................................................................................3, 9

L.R. 3-3 ..............................................................................................................4, 9

L.R. 3-6 ..............................................................................................................5, 8

L.R. 4-1 ................................................................................................................8

APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

## I.    INTRODUCTION

Neonode's opposition rests on a single, incorrect premise: that its third-amended infringement contentions, served on March 2, 2026, disclosed nothing new. Neonode's original infringement contentions did not satisfy the local rules and did not put Apple on notice of Neonode's theories. The Court ordered Neonode to "supplement its infringement contentions with a representative sampling of videos that demonstrate how the limitations in 1[c] and 1[d] apply across the accused features and products." Dkt. 166 at 3. Neonode's March 2, 2026 contentions were the first time Apple learned Neonode's theories for "how" the accused gestures meet those limitations. Apple's proposed amendments directly address those newly disclosed theories as well as recently obtained third party discovery and claim construction proposals.

Neonode also argues that Apple should be charged with knowing Neonode's theories years ago because an Apple IPR petition filed in 2020 discussed "lift-off" gestures. But at that time, Neonode was not accusing the 35 features, and even more gestures, that it identified for the first time in 2026. Neonode's remaining arguments—that Apple should have filed its 2,256-page amended invalidity charts as exhibits to the motion for leave, that third-party discovery does not justify every amendment, and that the claim construction proposals do not justify every amendment—are makeweights that ignore what Apple's motion actually says and what its amended contentions actually do.

Neonode cannot show prejudice. Fact discovery does not close until the end of July. No fact depositions have been taken or scheduled (other than third-party IBM). ESI custodians and search terms are still being negotiated. And the Markman hearing has not yet occurred. Granting leave will not disturb a single deadline.

## II.    ARGUMENT

### A.    Apple's Submission of Excerpted Charts Was Appropriate, and Apple Has Always Offered the Full Charts

Neonode's threshold argument is that Apple's motion should fail because Apple did not file the entire 2,256 pages of its charts. That argument is meritless. Apple expressly stated in its

APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

motion that it filed "relevant excerpts of its cited charts to minimize the burden on the Court" and was "ready to submit them upon the Court's request." Mot. at 5 n.3. The full charts were served on Neonode on April 10, 2026, five days before Apple filed its motion for leave. *Id*. at 4.

Notably, when Neonode sought leave to amend its infringement contentions earlier in this case, it did not include any of its proposed contentions with its filing. Apple did not raise that as an independent ground for denial, because the merits of a motion to amend turn on diligence and prejudice, not on the page-count of attached exhibits. If the Court wishes to review the full charts, Apple stands ready to file them immediately.

**B.    Apple Was Diligent in Amending Its Invalidity Contentions**

**1.    The Amendments Based on Neonode's Third-Amended Infringement Contentions Were Timely**

Much of the new material in Apple's amended invalidity contentions responds to the new infringement theories introduced by Neonode's Court-ordered third-amended infringement contentions. Those contentions were served on March 2, 2026, and included videos that identified—for the first time—specific gestures in the accused products that allegedly infringe.

Neonode does not dispute that Apple diligently responded to Neonode's third amended infringement contentions. Instead, Neonode's opposition (at 10) asserts that those amended infringement contentions did not disclose any new theories. That assertion cannot be reconciled with this Court's order (Dkt. 166) requiring Neonode to "supplement its infringement contentions with a representative sampling of videos that demonstrate how the limitations in 1[c] and 1[d] apply across the accused features and products." Dkt. 166 at 3. Neonode cannot now claim the very contentions this Court ordered it to supplement somehow had already disclosed the theories Apple now seeks to address.

Neonode's pre-March charts said only that the accused devices include "program code for causing the device to activate the functions … by an operation that includes an object … (i) touching the display … and (ii) gliding along the display away from the touched location." Opp. at 10 (quoting Ex. D at 54); *see also* Dkt. 157-1 (Prior Passwords Infringement Chart) at 4. That

2

sentence is essentially the claim language. It told Apple nothing about which gestures, on which screens, in which applications, Neonode contended satisfied the multi-step operation limitation. The videos Neonode served on March 2, 2026 disclosed, among other theories: (i) gestures that activate a function only when the finger lifts off; (ii) gestures whose claimed activation depends on the finger's ending location; and (iii) gestures in which the finger allegedly "glides away from the touched location" yet, on the videos themselves, remains within the touched location throughout the glide. Mot. at 3. These theories were not apparent—or even possible to discern— from Neonode's earlier charts that merely restated the claim language.

Neonode repeatedly emphasizes (at 1-2, 6-11) that its earlier claim charts used the word "includes"—as opposed to "comprises" or "consists of"—but that only highlights the inadequacy of its prior disclosures. A single conjunction in a sentence that otherwise parrots the claim language cannot do the work Patent L.R. 3-1(c) demands. And it certainly did not put Apple on notice of Neonode's various infringement theories for those limitations.

Neonode's arguments (at 4-10) that (1) Apple should have anticipated and charted its current invalidity theories on January 9, 2026, when Apple served its initial contentions, and (2) Apple somehow demonstrated that it "understood" Neonode would eventually accuse all the gestures it accuses today, are incorrect for similar reasons.

> **a.    Apple's January Contentions Properly Addressed the Then-Disclosed Infringement Theories**

When Apple served its original invalidity contentions on January 9, 2026, Neonode's operating infringement contentions were the November 11, 2025 contentions and a December 31, 2025 amendment. Those contentions merely restated the claim language for limitations 1[c] and 1[d] without articulating any theory. Thus, in its initial invalidity contentions, Apple was forced to address claim limitations before Neonode had shown how those limitations applied to any accused product. Apple did so by identifying the prior-art systems most likely to be relevant under a person of ordinary skill's understanding—the IBM Simon, Apple Newton, AT&T EO, Sony PalmTop, and GigaBar. *See* Mot. at 3–4.

APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

Now that Apple has Neonode's third-amended infringement contentions that for the first time apply limitations 1[c] and 1[d] to the accused products, Apple has applied Neonode's newly disclosed infringement theories to the previously-identified prior art references to show how the claims are anticipated or rendered obvious. Apple also added videos of the prior-art systems performing the gestures. Mot. at 5.

Courts in this District have repeatedly allowed amended invalidity contentions when the defendant moved promptly after receiving the basis for amendment. *Karl Storz Endoscopy-Am., Inc. v. Stryker Corp.*, No. 14-CV-00876-RS (JSC), 2016 WL 2855260, at *3 (N.D. Cal. May 13, 2016); *Google LLC v. Sonos, Inc.,* No. 20-cv-03845-EMC (TSH), 2021 WL 4061718, at *5 (N.D. Cal. Sep. 7, 2021); *Synchronoss Techs., Inc. v. DropBox Inc.*, No. 4:16-cv-00119-HSG (KAW), 2018 WL 5619743, at *5 (N.D. Cal. Oct. 29, 2018); *RichTek Tech. Corp. v. uPI Semiconductor Corp.*, No. C-09-05659-WHA, 2016 WL 3136896, at *1 (N.D. Cal. June 6, 2016) (finding diligence where defendant did not appreciate prior art's significance until patentee disclosed its claim interpretations). Apple filed its motion for leave to amend its invalidity contentions 44 days after receiving Neonode's third-amended infringement contentions, which is within the timing set forth in Patent L.R. 3-3.

Neonode's reliance on *Fullview, Inc. v. Polycom, Inc.*, No. 18-cv-00510-EMC, 2021 WL 5584766 (N.D. Cal. Nov. 30, 2021), and *In re Koninklijke Philips Pat. Litig.,* No. 18-cv-01885-HSG, 2019 WL 2359206 (N.D. Cal. June 4, 2019), is misplaced. In each case, the defendant sought to add new prior-art references it had known about earlier, and the courts denied amendment because the defendant could have charted the references in the first instance. Apple is not adding new references. Apple's amendments use the same prior-art systems disclosed on January 9, 2026 to address the gestures Neonode disclosed for the first time on March 2, 2026.

### b.      Apple Could Not Know Neonode's Litigation Theories When Filing the 2020 IPR Petition

Apple filed an IPR petition in 2020 in response to Neonode's then-pending infringement allegations in the Western District of Texas. Neonode's infringement contentions at that time

4      APPLE INC.'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS INVALIDITY CONTENTIONS 3:21-cv-08872-EMC

centered on Apple's QuickPath feature, which Neonode subsequently dropped, not any of the 35 new features, and even more gestures, Neonode identified after this case was transferred. Mot. at 1–2. Apple could not have anticipated the different gestures, features, and products Neonode might accuse five years later. The IPR did not address all the gestures, features, and products Neonode now accuses. And Neonode does not even try to explain how Apple was supposed to have addressed them—particularly the gestures in which the user's finger remains within the touched location throughout the alleged "glide away from the touched location"—before Neonode disclosed those gestures via video in its March 2026 infringement contentions supplementation.

### 2. The Public Availability Amendments Were Based on Recently Obtained Third-Party Discovery

Apple proposed other amendments addressing public availability of the prior art to include information Apple received during third-party discovery. Apple was diligent both in seeking this information and amending its contentions to include this information. Apple (1) issued its subpoenas in December 2025, within three weeks of receiving Neonode's post-stay infringement contentions; (2) received third-party documents up through March 20, 2026; and (3) deposed IBM on March 25, 2026. Mot. at 8–9, Dkt. 189-1 (Kete Decl.) ¶¶ 15–16. Apple then promptly amended its contentions to include this information three weeks after the deposition. That is precisely the diligence Patent L.R. 3-6(b) describes as supporting good cause to amend. *THX, Ltd. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2016 WL 1718137, at *3 (N.D. Cal. Apr. 29, 2016).

Neonode argues (at 16-18) that Apple has not shown that documents obtained from IBM, Sony, and AT&T could not have been gathered from public sources. It is unreasonable to expect that Apple must prove a negative (*i.e.*, that no subset of the documents could conceivably have been retrieved earlier from public archives). Apple subpoenaed the manufacturers themselves, who are uniquely positioned to authenticate, date, and explain the operation of their own legacy products. IBM's testimony does not replace the IBM Simon User's Manual, for example. It is corroborating, contextualizing testimony that establishes public availability and operation in ways a manual alone cannot.

APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

To avoid any misunderstanding and open a conversation, Apple e-mailed Neonode on February 23, 2026, and said that Apple planned to amend its invalidity contentions after third-party discovery was substantially complete to avoid serial supplementation. Mot. at 4. Neonode did not respond. Dkt. 189-1 (Kete Decl.) ¶ 17. Having ignored Apple's offer to discuss timing, Neonode cannot now complain that Apple grouped its third-party discovery amendments into a single motion.

Finally, Neonode argues (at 17) that Apple's third-party discovery does not provide good cause for Apple's amended invalidity contention *charts*. But Apple does not contend that the IBM, Sony, or AT&T documents justify the chart amendments. Apple only relies upon the third-party documents as good cause for its supplementation of public-availability evidence in the invalidity contention cover pleading. Mot. at 8–9.

### 3.    The Remaining Amendments Were Based on Claim Construction Proposals

Finally, a portion of Apple's proposed amendments are based on the parties' claim construction positions. Specifically, Apple proposed amendments to (1) remove an indefiniteness challenge to the "location" terms, (2) include invalidity theories under each side's proposed constructions, and (3) add a written description challenge to the negative limitation "not including a flick, drag, or a drag-and-drop operation" included in both parties' proposed constructions of "gliding." Mot. at 9–10. Neonode's argument (at 18-19) that claim construction does not justify all of Apple's amendments, attacks an argument Apple did not make.

As to the written-description challenge, Neonode incorrectly argues (at 19-21) that Judge Albright's Samsung claim construction order, affirmed by the Federal Circuit, eliminates any basis for that challenge. The Federal Circuit's *Google* decision held only that "gliding" does not simply mean "moving." *Google LLC v. Neonode Smartphone LLC*, No. 23-1638, 2024 WL 3451831, at *2–3 (Fed. Cir. July 18, 2024). The Federal Circuit's *Samsung* decision held only that "gliding" is not indefinite. *Neonode Smartphone LLC v. Samsung Elecs. Co.*, No. 23-2304, 2024 WL 3873566 (Fed. Cir. Aug. 20, 2024). Neither decision found written-description support for the negative

6

APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

limitation ("not including a flick, drag, or a drag-and-drop operation") that both sides have now proposed as part of "gliding" in this case. The *Google* panel did reject one written-description challenge, but it was Google's challenge to a different aspect of the claim, addressed to a different specification record. Apple's challenge is new: that the '879 patent's specification provides no written-description support for excluding a flick, a drag, and a drag-and-drop. That challenge depends on a construction, which the parties both offered only weeks ago, that imports the negative limitation into the claim. It could not have been raised before the parties' March 10–12, 2026 supplemental constructions.

Neonode's suggestion that the *Samsung* claim construction order forecloses Apple's argument also overlooks that, at Neonode's own request, Judge Albright vacated that order. There is no operative district court ruling on this construction outside of this case. The cases Neonode cites—*Contour*, *Horus Vision*, *Takeda*, and *Barco*—all involve defendants who failed to assert § 112 defenses despite having pre-existing notice of the operative claim interpretation. That description does not fit Apple, which is requesting leave to amend its contentions to address a construction the parties only recently exchanged.

## C.    Neonode Will Not be Prejudiced by Apple's Proposed Amendments

Neonode's prejudice arguments are flawed.

First, courts in this District routinely find no prejudice where, as here, amendments are sought months before the close of fact discovery. *Yodlee, Inc. v. CashEdge, Inc.*, No. C-05-01550-SI, 2007 WL 1454259, at *3 (N.D. Cal. May 17, 2007); *Life Techs. Corp. v. Biosearch Techs., Inc.*, No. C-12-00852-WHA, 2012 WL 1831595, at *2 (N.D. Cal. May 18, 2012); *Golden Hour Data Sys. v. Health Servs. Integration,* No. C-06-7477-SI, 2008 WL 2622794, at *4 (N.D. Cal. July 1, 2008). Fact discovery does not close until July 2026—more than three months after Apple's proposed amendments. No fact depositions have occurred or been scheduled, except for the IBM deposition that Neonode's counsel attended. Mot. at 10. ESI custodians are still being negotiated. The Markman hearing is set for May 18, 2026.

7    APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

Second, Neonode's only authority denying leave for prejudice, *Icon-IP PTY Ltd. v. Specialized Bicycle Components, Inc.*, 12-cv-03844-JST, 2014 WL 6879428 (N.D. Cal. Dec. 5, 2014), addressed an amendment sought after the close of fact discovery. *Id*. at *2. The procedural posture here is the opposite. Neonode cites no case finding undue prejudice from invalidity-contention amendments served three months before the close of fact discovery, before fact depositions begin, and before Markman.

Third, Neonode's argument that completion of claim-construction briefing makes amendments prejudicial misses the mark. Under Patent L.R. 4-1, claim-construction disclosures begin only 14 days after invalidity contentions are served. If the mere overlap of an amendment with claim-construction proceedings constituted undue prejudice, every Patent L.R. 3-6 motion to amend would fail. The relevant inquiry is whether claim construction itself would be disrupted. Here, it would not be because the Markman hearing has not occurred. If Neonode believes any of Apple's amendments warrant supplemental claim-construction briefing (a contention Apple disputes, given that the operative constructions have been on the table since March) that is a remedy short of denial.

Fourth, Apple added no "new" prior-art. Neonode has been on notice of every reference in Apple's contentions since at least Samsung's February 2023 contentions and unambiguously since Apple's January 9, 2026 contentions. Mot. at 11. The amendments add evidence and analysis directed to existing references; they do not require Neonode to evaluate prior art it has never seen. *Synchronoss*, 2018 WL 5619743, at *6; *Google*, 2021 WL 4061718, at *6.

Fifth, "[a]ny prejudice that may be caused by" a defendant's amended invalidity contentions "is not undue because [the defendant] seeks to amend as a direct result of [patentee's] amended infringement contentions." *Google*, 2021 WL 4061718, at *6; *Advanced Micro Devices, Inc. v. LG Elecs.*, No. 14-cv-01012-SI, 2017 WL 2774339, at *6 (N.D. Cal. June 26, 2017). Here,

8

APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

Neonode failed to comply with Patent L.R. 3-1 in its initial contentions.[1] The Court ordered it to supplement. And Apple now seeks to address the theories that supplementation finally disclosed. Thus, any alleged prejudice is of Neonode's own making.

## III.    CONCLUSION

For the reasons above, Apple asks the Court to grant it leave to amend its Patent Local Rule 3-3 Invalidity Contentions.

---

[1] Neonode's contention of prejudice rings hollow considering its continuing failure to provide compliant infringement contentions. Just last Friday, Neonode served fourth amended infringement contentions (without the Court's leave), but they are still deficient. And by May 15th, Neonode intends to serve fifth amended infringement contentions, which will supposedly chart the accused iPad products for the very first time.

9    APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC

Dated:  May 6, 2026

FISH & RICHARDSON P.C.

By: */s/ Elliot Scher*

Roger A. Denning (SBN 228998)
denning@fr.com
Joy B. Kete (SBN 355859)
kete@fr.com
Ryan P. O'Connor (SBN 253596)
oconnor@fr.com
Elliot Scher (SBN 343705)
scher@fr.com
Jeffrey H Burton (SBN 328305)
jburton@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

Aamir A. Kazi (*pro hac vice*)
kazi@fr.com
Katherine H. Reardon (*pro hac vice*)
reardon@fr.com
FISH & RICHARDSON P.C.
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Katherine D. Prescott (SBN 215496)
prescott@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 400
Redwood City, CA 94063
Tel: (650) 893-5070 / Fax: (650) 839-5071

Attorneys for Defendant APPLE INC.

APPLE INC.'S REPLY IN SUPPORT OF ITS
MOTION FOR LEAVE TO AMEND
ITS INVALIDITY CONTENTIONS
3:21-cv-08872-EMC